BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice pending)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice pending)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>*Defendant*. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act, 5 U.S.C. section 552 *et seq*. |

**INTRODUCTION**

1. This action, through which Plaintiff WILD HORSE EDUCATION seeks access to government records held by Defendant UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT ("BLM"), is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and UNITED STATES DEPARTMENT OF INTERIOR FOIA regulations promulgated thereunder, 43 C.F.R. Subtitle A, Part 2.

2. Defendant is unlawfully withholding records from public disclosure sought by Plaintiff -- records to which Plaintiff is entitled and for which no valid disclosure exemption applies or has been asserted.

3. Plaintiff seeks declaratory relief establishing that BLM has violated the FOIA and that such actions entitle Plaintiff to relief thereunder. Plaintiff also seeks injunctive relief directing BLM to conduct a reasonably adequate search for records and to promptly provide responsive material unless an exemption is properly claimed and properly applies. Finally, Plaintiff requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" WILD HORSE EDUCATION's principal place of business is 216 Lemmon Drive, #316, Reno, NV 89506.

5. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331.

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. section 1391(e)(1).

7. Declaratory relief is appropriate pursuant to 28 U.S.C. section 2201.

8. Injunctive relief is appropriate under 28 U.S.C. section 2202 and 5 U.S.C. section

552(a)(4)(B).

**PARTIES**

9. Defendant BLM is an agency of the United States executive branch charged by federal statute with managing, administering, and protecting the wild horses and burros in the United States.

10. Plaintiff WILD HORSE EDUCATION is a national non-profit corporation dedicated to research, journalism, and public education concerning the activities and operations of federal and state management of free roaming horse and wild burro populations. WILD HORSE EDUCATION has more than 150,000 members and educates and informs the public about wild horses and burros through articles, photographs, videos, and sharing data and other information.

**LEGAL FRAMEWORK**

11. The FOIA establishes the public's right of access to all federal agency records upon request unless the agency can demonstrate that one of nine narrowly enumerated disclosure exemptions applies. *See* 5 U.S.C. § 552(a), (b)(1)-(9).

12. The scope of federal agency records considered to be public and subject to release under the FOIA is broad. *See* 5 U.S.C. § 552(a)(2).

13. The FOIA imposes strict deadlines on agencies to respond to requests. *See* 5 U.S.C. § 552(a)(6)(A).

14. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. *See* 5 U.S.C. § 552(a)(3)(A).

15. The FOIA obligates an agency responding to a FOIA request to issue a final determination on FOIA requests within 20 working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. 2.16.

16. In issuing a final determination, an agency is required to inform the requester of

three things: (1) the agency's determination of whether it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. *See* 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 43 C.F.R. 2.19. A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. Even when an unusual circumstances extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. 2.19.

20. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C); *see also* 43 C.F.R. 2.12. The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request. *See* 5 U.S.C. § 552(a)(3)(D); 43 C.F.R. 2.70.

21. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 43 C.F.R. 2.38-2.39.

22. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's unusual circumstances provisions. *See* 5 U.S.C. § 552(a)(4)(A)(viii).

23. The FOIA provides that any person who has not been provided records requested pursuant to the FOIA, after exhausting their administrative remedies, may seek legal redress in District Court to enjoin the agency from withholding agency records and to order the production of responsive agency records; it also provides this Court jurisdiction to review whether an agency has lawfully acted upon a fee waiver request. *See* 5 U.S.C. § 552(a)(4)(B).

24. Under the FOIA, federal agencies have the burden to sustain agency action. *See* 5 U.S.C. § 552(a)(4)(B).

25. Pursuant to the FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. *See* 5 U.S.C. § 552(a)(4)(E).

**STATEMENT OF OPERATIVE FACTS**

26. On September 28, 2019, Laura Leigh, the founder and president of WILD HORSE EDUCATION, submitted a FOIA request ("WHE FOIA Request") to BLM on behalf of Plaintiff WILD HORSE EDUCATION. A copy of this request is attached hereto as **Exhibit A**.

27. The WHE FOIA Request contained a fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 43 C.F.R. Part 2, Appendix D.

28. The WHE FOIA Request sought records associated with the evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy (CAWP) from "November 2015 to the present." BLM developed CAWP as "a proactive program for protecting the welfare of wild horses and burros under the agency's management and protection." In 2015, BLM prepared CAWP Standards for Wild Horse and Burro Gathers; in 2016, BLM prepared CAWP Standards for Off-Range Corral Facilities, Transportation, and Adoption/Sale Events.

29. The records requested by Plaintiff are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to evaluation of CAWP's effectiveness in protecting the welfare of wild horses and burros.

30. WILD HORSE EDUCATION has a demonstrated track record of obtaining and disseminating information obtained under the FOIA concerning the welfare of wild horses and burros. Since 2011, WILD HORSE EDUCATION has submitted dozens of FOIA requests to BLM, and it regularly reports on BLM's management and handling of wild horses and burros. This information is disseminated to WILD HORSE EDUCATION's members and followers, as well as to the public, through the organization's website and outreach efforts.

31. Plaintiff has no commercial interest or value in records responsive to the WHE FOIA Request.

32. On October 7, 2019, BLM informed WILD HORSE EDUCATION that the WHE FOIA Request fell into the "Exceptional/Voluminous" track, explaining that this track is for requests requiring more than sixty workdays for processing. BLM also stated that it was "processing" the fee waiver request, but in the interim, the agency was classifying WILD HORSE EDUCATION as an "other" requester.

33. On various occasions in 2020 and 2021, Laura Leigh spoke to BLM staff, explaining that BLM had previously stated (beginning in 2015) that the agency would conduct annual reviews of CAWP; however, no such reviews had been made available to the public. Through the WHE FOIA Request, the organization was seeking records that, in part, address whether such reviews (or similar evaluations) have been conducted.

34. On March 9, 2020, WILD HORSE EDUCATION wrote BLM to ask for an update on the WHE FOIA Request and an expected date for response.

35. On March 9, 2020, BLM replied that the agency was experiencing a backlog of FOIA requests; "[e]ven though we normally process requests on a first-in, first-out basis, because of the nature of your request and the circumstances surrounding this request, we will

process your request as the records become available and send them in interim releases." No date was provided regarding when interim releases would begin. BLM provided no information on its consideration of WILD HORSE EDUCATION's fee waiver request.

36. On March 27, 2021, WILD HORSE EDUCATION e-mailed BLM, asking that the agency respond to the WHE FOIA Request. BLM did not reply to this e-mail.

37. On December 4, 2023, BLM wrote WILD HORSE EDUCATION to again state that the agency was experiencing a backlog of FOIA requests. "Given the passage of time," BLM sought confirmation that WILD HORSE EDUCATION was "still interested" in having the WHE FOIA Request processed. WILD HORSE EDUCATION responded that it still wanted BLM to respond to its request.

38. On February 10, 2025, BLM wrote WILD HORSE EDUCATION to yet again state that the agency was experiencing a backlog of FOIA requests. "Given the passage of time," BLM sought confirmation that WILD HORSE EDUCATION was "still interested" in having the WHE FOIA Request processed. WILD HORSE EDUCATION responded that it still wanted BLM to respond to its request.

39. To date, WILD HORSE EDUCATION has not received any further communication from BLM about the WHE FOIA Request.

40. To date, BLM has not provided any records to WILD HORSE EDUCATION in response to the WHE FOIA Request.

41. To date, BLM has not identified any date by which it intends to respond to the WHE FOIA Request.

42. To date, BLM has not provided WILD HORSE EDUCATION with a timely and lawful "determination" that informs WILD HORSE EDUCATION of (1) BLM's determination as to whether it will comply with the WHE FOIA Request; (2) the reasons for its decision; and (3) notice of WILD HORSE EDUCATION's right to appeal to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

43. BLM has failed to issue a decision on WILD HORSE EDUCATION's request for

a waiver of fees associated with the processing of the WHE FOIA Request.

44.     BLM has not shown due diligence in responding to the WHE FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

45.     WILD HORSE EDUCATION has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## EXHAUSTION OF REMEDIES

46.     WILD HORSE EDUCATION is deemed to have exhausted its administrative remedies pursuant to the FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF
### Violation of the FOIA and Department of Interior FOIA Regulations

47.     Plaintiffs hereby incorporate all previous allegations contained in this Petition as though fully set forth herein.

48.     WILD HORSE EDUCATION has a statutory right to have BLM process the WHE FOIA Request in a manner that complies with the FOIA. This right is further addressed by the Department of Interior's FOIA regulations.

49.     WILD HORSE EDUCATION's rights in this regard were violated when BLM failed to promptly provide public, non-exempt records to WILD HORSE EDUCATION in response to the WHE FOIA Request and failed to promptly provide WILD HORSE EDUCATION with a determination on its fee waiver request.

50.     WILD HORSE EDUCATION's rights also were violated by BLM failing to provide a final determination for the WHE FOIA Request.

51.     Based on the nature of WILD HORSE EDUCATION's s organizational activities, WILD HORSE EDUCATION will continue to employ the FOIA's provisions to request information from BLM in the foreseeable future. These activities will be adversely affected if BLM is allowed to continue violating the FOIA's requirements and deadlines.

52.     BLM's violation of WILD HORSE EDUCATION's legal rights has prejudiced WILD HORSE EDUCATION's ability to timely obtain public records.

53. Unless enjoined and made subject to a declaration of WILD HORSE EDUCATION's legal rights by this Court, BLM will continue to violate the rights of WILD HORSE EDUCATION to receive public records under the FOIA.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to immediately disclose the requested records in response to the WHE FOIA Request unless an exemption is properly claimed and properly applies.

B. Declare Defendant's failure to provide WILD HORSE EDUCATION with a final determination for the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations.

C. Declare Defendant's failure to promptly provide WILD HORSE EDUCATION with all non-exempt records responsive to the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations.

D. Declare Defendant's failure to timely approve WILD HORSE EDUCATION's request for a waiver of all fees associated with the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations and order Defendant to approve WILD HORSE EDUCATION's fee waiver request.

E. Declare Defendant's failure to provide WILD HORSE EDUCATION with an estimated date of completion unlawful under the FOIA and Department of Interior FOIA regulations.

F. Award WILD HORSE EDUCATION its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

G. Grant such other and further relief to WILD HORSE EDUCATION as the Court may deem just and proper.

DATED: March 18, 2025                                  Respectfully Submitted,

                                            /s/ *Brent M. Resh*
                                            BRENT M. RESH

(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

*/s/ J. Rae Lovko*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice pending)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice pending)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

# EXHIBIT A

Laura Leigh 216 Lemmon Dr #316 Reno, NV 89506

FOIA/PA Specialist
Bureau of Land Management
Nevada State Office
1340 Financial Blvd. Reno, NV 89502

Sept 28, 2019

FOIA Coordinator:

Pursuant to the Freedom of Information Act, 5 U.S.C. Sec. 552-et seq., I, as representative of Wild Horse Education (WHE) request that a copy of the following documents, or documents containing the following information, be provided to me:

- Any and all correspondence, meeting notes, telephone records, operation evaluation sheets, pertaining to the the evaluation, training, proposed changes, effectiveness of the Comprehensive Animal Welfare Policy (CAWP) from November 2015 to the present.

- In 2015 the BLM stated they would be evaluating the effectiveness of CAWP and implementing appropriate changes.

- To date no performance evaluation has been made public. No proposed changes have been made public.

- Individuals with this information would include, but not limited to: Alan Shepherd, Ruth Thompson, Gus Warr, Dean Bolstad.

All of the above requested information includes any reports, memos, e- mails/electronic text messages communication on any kind, letters, phone logs and records, meeting minutes, photos, maps, work orders, or any other information related to "CAWP" evaluation from 2015- present day.

I (WHE) request a fee waiver as a nonprofit involved in disseminating critical information to the public on agency decision making protocols, in addition:

WHE meets the factors entitling WHE to a fee waiver under the Freedom of Information Act. See 5 U.S.C. § 552(a)(4)(A)(iii). See also 43 C.F.R. Part 2, Appendix D. Under the fee waiver provisions as enacted by Congress, a requester qualifies for a fee waiver if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii). Through its own FOIA regulations, the Department of Interior has articulated the following four-part test to determine if a requestor meets the statutory requirements for a fee waiver: (1) Do the records concern the operations or activities of the government?; (2) If so, will disclosure likely contribute to public understanding of these operations and activities?; (3) If so, will release of the requested information contribute significantly to public understanding?; and (4) Is disclosure primarily in the requestor's commercial interest? See 43 C.F.R. Part 2, Appendix D.

WHE meets the four-part test articulated in the Department of the Interior regulations implementing FOIA, and, therefore, BLM must waive the fees associated this FOIA request.

WHE is actively engaged in informing the public of how the process of management (wild horses and their environment), reflected in this request, have been previously determined and determined agency wide. The disclosure of information is vital to public understanding of agency decision making (criteria 1, 2 and 3). WHE is a registered nonprofit .A commercial interest is one that furthers a commercial, trade, or profit interest. WHE has no commercial interest in obtaining this information and requested fee waiver. Rather, WHE is a not-for-profit group that strives to protect the natural resources and wild horses, and to inform the public on BLM management. Nowhere in WHE's mission statement, by-laws, or charter, does the organization state a profit- motive goal.

It is clearly in the public interest that this requested information be released and disseminated.

Electronic Format Request: I request that the information I seek be provided in electronic format and sent to: Laura@WildHorseEducation.org

I look forward to your prompt attention to this matter.

Sincerely,

Laura Leigh

216 Lemmon Dr Reno, NV 89506