SIGAL CHATTAH
United States Attorney
District of Nevada
Nevada Bar No. 8264

KARISSA D. NEFF
Assistant United States Attorney
Nevada Bar No. 12504
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6533
Karissa.Neff@usdoj.gov

*Attorneys for the Federal Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Wild Horse Education, a non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>United States Department of Interior, Bureau of Land Management,<br><br>    Defendant. | Case No. 3:25-cv-00152-MMD-CSD<br><br>**Federal Defendant's Motion to Dismiss** |

Defendant United States Department of the Interior, Bureau of Land Management ("BLM" or "Federal Defendant"), by and through undersigned counsel, respectfully moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, is now moot because BLM has released all non-exempt, responsive records sought by Plaintiff's request. As federal courts have consistently held, "[o]nce the records are released there is no longer a case or controversy with respect to the FOIA claim," and the Court therefore lacks jurisdiction to proceed. *See De Bold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984); *see also Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088, 1092 (9th Cir. 2019) ("A 'specific request' claim is mooted by the agency's production of all non-exempt requested records."). Because Plaintiff has obtained the very relief it seeks—namely, disclosure of agency records—no live controversy remains, and this

case must be dismissed for lack of subject matter jurisdiction.

## I. Background

On September 28, 2019, Plaintiff presented a FOIA request to the BLM seeking records associated with the "evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy ("CAWP") from November 2015 to the present." Complaint, ¶¶ 26, 28 and Exhibit A thereto.

On October 7, 2019, BLM categorized the request as "Exceptional/Voluminous," explaining that this track was for requests requiring more than sixty working days for processing. Complaint, ¶ 32. In 2020 and 2021, Plaintiff submitted additional inquiries to BLM regarding the status of the request. Complaint, ¶¶ 34–36. In response, BLM noted that it had a backlog of FOIA requests and indicated that it would process Plaintiff's request as records became available. Complaint, ¶ 35. While working through its backlog, BLM contacted Plaintiff in both December 2023 and February 2025 to confirm continued interest in the request; Plaintiff responded affirmatively on both occasions. Complaint, ¶¶ 37–38.

Plaintiff filed this action on March 18, 2025. ECF No. 1. On April 9, 2025, BLM issued a full and final response to Plaintiff, producing 307 pages. Exhibit "A" / Declaration of Ryan Witt.[1] To date, Plaintiff has not made any claims that the produced records were improperly withheld from the Plaintiff or that the BLM's production was otherwise inadequate. Exhibit "A" / Declaration of Ryan Witt.

## II. Legal Standard

FOIA is a statutory scheme under which individuals may request access to federal agency documents. *See* 5 U.S.C. § 552. The statute sets forth the procedures for requesting documents and carves out nine categories of documents that are exempt from disclosure. *See* 5 U.S.C. § 552(b). A FOIA requestor who exhausts administrative appeals and is unsatisfied with the agency's response may file litigation in federal court. *Id.* at §

---

[1] In resolving subject matter jurisdiction, a district court may review evidence beyond the complaint without converting a motion to dismiss to a motion for summary judgment. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

552(a)(4)(B).

In a FOIA case, as in others, a motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Under Rule 12(b)(1), a motion which asserts that a case is moot is proper because mootness is an issue pertaining to a federal court's subject matter jurisdiction under Article III of the United States Constitution. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

A case becomes "moot" when the issues presented are no longer live or the parties lack a cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "Mootness has been described as the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). A plaintiff in federal court must show that a live controversy exists at all stages of review, not merely on the day the complaint is filed. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797 (9th Cir. 1999) (en banc). A case becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." *Daniels v. Swarthout*, No. 2:10-cv-3347 KJM DAD P, 2012 U.S. Dist. LEXIS 162267, at *22 (E.D. Cal. Nov. 13, 2012) (quoting *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

### III.  Argument

#### A.  The Court Lacks Jurisdiction Because the Case is Moot

Here, the instant dispute is now moot. Under 5 U.S.C. § 552(a)(4)(B), a federal

court is authorized only to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld…. "Thus," once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (cleaned up). "However fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory duty to perform." *Hohner v. United States DOJ*, No. CV 16-7967-GW(PLAx), 2017 U.S. Dist. LEXIS 224199, at *6-7 (C.D. Cal. Nov. 30, 2017) (internal citations and quotations omitted). *See also Allnutt v. United States DOJ*, No. Y98-1722, 2000 U.S. Dist. LEXIS 4060, at *17 n.8, 85 A.F.T.R.2d (RIA) 2000-2101 (D. Md. Mar. 6, 2000), aff'd sub nom. *Allnut v. Handler*, 8 F. App'x 225 (4th Cir. 2001) ("It is well settled that federal courts have no jurisdiction over a FOIA claim once all non-exempt, responsive documents are surrendered…").

As explained in the BLM's final response letter dated April 9, 2025, BLM has now completed its response to Plaintiff's FOIA request by producing all non-exempt, responsive documents. This production fulfills the relief sought by Plaintiff—namely, the release of records concerning the development, evaluation, and effectiveness of the CAWP from November 2015 to the present. *See* Complaint, ¶28.

Although Plaintiff submitted the FOIA request in September 2019 and followed up on several occasions to inquire about processing delays (Complaint, ¶¶26, 33–36), the ultimate disclosure of the requested records resolves the dispute as a matter of law. As courts have consistently held, "[o]nce the records are released there is no longer a case or controversy with respect to the FOIA claim." *De Bold*, at 1040. This is true even if the response was delayed or incomplete at earlier stages of the request process. *See Perry*, at 125 (noting that the adequacy or timing of the production does not alter the mootness analysis once all responsive, non-exempt records are released).

Because the Plaintiff has received the precise relief it sought—access to the requested records—the matter is moot, and no further relief is available under FOIA.

Accordingly, the Court lacks jurisdiction to proceed, and the complaint should be dismissed for lack of subject matter jurisdiction under the mootness doctrine.

### IV. Conclusion

Because the BLM has now produced all non-exempt, responsive records sought by Plaintiff's FOIA request, no live case or controversy remains for adjudication. The claim is therefore moot, and this Court lacks subject matter jurisdiction. For the foregoing reasons, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the United States respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this 12th day of June 2025.

SIGAL CHATTAH
United States Attorney

*/s/ Karissa D. Neff*
KARISSA D. NEFF
Assistant United States Attorney

*Attorneys for the Federal Defendant*