BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act, 5 U.S.C. section 552 *et seq*. |

# INTRODUCTION

1. This action, through which Plaintiff WILD HORSE EDUCATION seeks access to government records held by Defendant UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT ("BLM"), is premised upon, and consequent to, violations of the federal Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.*, and UNITED STATES DEPARTMENT OF INTERIOR FOIA regulations promulgated thereunder, 43 C.F.R. Subtitle A, Part 2.

2. Defendant has unlawfully withheld records from public disclosure sought by Plaintiff—records to which Plaintiff is entitled and for which no valid disclosure exemption applies.

3. Plaintiff seeks declaratory relief establishing that BLM has violated the FOIA and that such actions entitle Plaintiff to relief thereunder. Plaintiff also seeks injunctive relief directing BLM to conduct a reasonably adequate search for records and to promptly provide responsive material unless an exemption is properly claimed and properly applies. If, after conducting such a search, BLM finds no responsive records exist, Plaintiff asks that BLM be ordered to admit this fact. Finally, Plaintiff requests that the Court award Plaintiff its reasonable attorneys' fees and costs incurred in bringing this action.

# JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. section 552(a)(4)(B). That provision of the FOIA grants jurisdiction to "the district court of the United States in the district in which the complainant resides, or has his principal place of business[.]" WILD HORSE EDUCATION's principal place of business is 216 Lemmon Drive, #316, Reno, NV 89506.

5. The Court also has federal question jurisdiction pursuant to 28 U.S.C. section 1331.

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. section 1391(e)(1).

7. Declaratory relief is appropriate pursuant to 28 U.S.C. section 2201.

8. Injunctive relief is appropriate under 28 U.S.C. section 2202 and 5 U.S.C. section 552(a)(4)(B).

## PARTIES

9. Defendant BLM is an agency of the United States executive branch charged by federal statute with managing, administering, and protecting the wild horses and burros in the United States.

10. Plaintiff WILD HORSE EDUCATION is a national non-profit corporation dedicated to research, journalism, and public education concerning the activities and operations of federal and state management of free roaming horse and wild burro populations. WILD HORSE EDUCATION has more than 150,000 members and educates and informs the public about wild horses and burros through articles, photographs, videos, and sharing data and other information.

## LEGAL FRAMEWORK

11. The FOIA establishes the public's right of access to all federal agency records upon request unless the agency can demonstrate that one of nine narrowly enumerated disclosure exemptions applies. *See* 5 U.S.C. § 552(a), (b)(1)-(9).

12. The scope of federal agency records considered to be public and subject to release under the FOIA is broad. *See* 5 U.S.C. § 552(a)(2).

13. The FOIA imposes strict deadlines on agencies to respond to requests. *See* 5 U.S.C. § 552(a)(6)(A).

14. The FOIA requires U.S. government agencies to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. *See* 5 U.S.C. § 552(a)(3)(A).

15. The FOIA obligates an agency responding to a FOIA request to issue a final determination on FOIA requests within 20 working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. 2.16.

16. In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. *See* 5 U.S.C. § 552(a)(6)(A)(i).

17. The FOIA allows an agency to extend the twenty-day determination deadline by ten working days when "unusual circumstances" exist and when the agency so notifies a requester in writing. 5 U.S.C. § 552(a)(6)(B)(i)-(iii); 43 C.F.R. 2.19. A notice informing a requester of the invocation of the "unusual circumstances" provision must specify the applicable "unusual circumstances." *Id*.

18. Permissible "unusual circumstances" are limited to: "(I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

19. Even when an unusual circumstances extension is made, the agency must still notify the requester of its expected date on which a final determination will be dispatched. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. 2.19.

20. Agencies shall make reasonable efforts to maintain their records so they are reproducible for FOIA purposes, and "shall make reasonable efforts to search" for responsive records. 5 U.S.C. § 552(a)(3)(B), (C); *see also* 43 C.F.R. 2.12. The term "search" "means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request. *See* 5 U.S.C. § 552(a)(3)(D); 43 C.F.R. 2.70.

21. Requesters under the FOIA may ask that an agency waive fees associated with any request for records "if disclosure of the information is in the public interest because it is likely to contribute significantly to the public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 43 C.F.R. 2.38-2.39.

22. Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's unusual circumstances provisions. *See* 5 U.S.C. § 552(a)(4)(A)(viii).

23. The FOIA provides that any person who has not been provided records requested pursuant to the FOIA, after exhausting their administrative remedies, may seek legal redress in District Court to enjoin the agency from withholding agency records and to order the production of responsive agency records; it also provides this Court jurisdiction to review whether an agency has lawfully acted upon a fee waiver request. *See* 5 U.S.C. § 552(a)(4)(B).

24. Under the FOIA, federal agencies have the burden to sustain agency action. *See* 5 U.S.C. § 552(a)(4)(B).

25. FOIA's central purpose is "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," *Department of Air Force v. Rose*, 425 U.S. 352, 361 (1976). Exemptions to disclosure are "narrowly construed" to ensure this central purpose is not circumvented. *N.Y. Pub. Interest Research Grp. v. United States EPA*, 249 F. Supp. 2d 327, 333 (S.D.N.Y. 2003) (quoting *FBI v. Abramson*, 456 U.S. 615, 630 (1982)); *Ctr. for Investigative Reporting v. United States DOL*, No. 3:22-cv-07182-WHA, 2023 U.S. Dist. LEXIS 228637, *8 (N.D. Cal. 2023).

26. Federal agencies have the burden of "justify[ing] the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173. "All doubts are resolved in favor of disclosure." *Bloomberg, L.P. v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010).

27. FOIA Exemption 5 covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested." 5 USCS § 552(b)(5).

28. The general inquiry under Exemption 5 whether a document is "predecisional"

and whether the withheld information is "deliberative" in nature. *See National Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1117 (9th Cir. 1988); *Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002); *Maricopa Audubon Society v. U.S. Forest Service*, 108 F.3d 1089, 1093 (9th Cir. 1997).

29. A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision," and it may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Formaldehyde Inst. v. Dept. of Health & Human Services*, 889 F.2d 1118, 1122 (D.C. Cir. 1989). In comparison, "postdecisional" documents may include an agency's final opinions, statements of policy and interpretation definitively adopted by the agency, and any other materials having the "force and effect of law." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 153 (1975).

30. Documents deemed "post-decisional" cannot be protected by Exemption 5 as an agency's interpretation of its decisions often becomes the "working law" of the agency; to allow "post-decisional" documents to be exempted would thwart FOIA's purpose of ensuring agencies do not operate on the basis of "secret law." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *see also Maricopa Audubon Society v. U.S. Forest Service*, 108 F.3d 1089, 1093 (9th Cir. 1997); *Assembly of the State of California v. U.S. Dept. of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).

31. The burden is on the agency claiming Exemption 5 to establish what deliberative process is involved and the role played by at-issue documents in the course of that process. *See Coastal States*, 617 F.2d at 868; *Maricopa Audubon Society*, 108 F.3d at 1094. In a case in which withheld documents are not part of a clear process leading to a final decision on the issue, there is an additional burden on the agency to substantiate its claim as the document is less likely to be deemed predecisional. *See Coastal States*, 617 F.2d at 868. The Ninth Circuit has rejected an expansive interpretation of what constitutes a predecisional document by declining to extend the deliberative process privilege to documents simply because they contribute to an ongoing agency audit process. *See Assembly of the State of California*, 968 F.2d at 921.

32. A predecisional document is part of the "deliberative process" only if "the disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Formaldehyde Inst.*, 889 F.2d at 1122; *see also Maricopa Audubon Society*, 108 F.3d at 1093; *Assembly of the State of California*, 968 F.2d at 920.

33. Pursuant to the FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. *See* 5 U.S.C. § 552(a)(4)(E).

### STATEMENT OF OPERATIVE FACTS

34. On September 28, 2019, Laura Leigh, the founder and president of WILD HORSE EDUCATION, submitted a FOIA request ("WHE FOIA Request") to BLM on behalf of Plaintiff WILD HORSE EDUCATION. A copy of this request is attached hereto as **Exhibit A**.

35. The WHE FOIA Request contained a fee waiver request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 43 C.F.R. Part 2, Appendix D.

36. The WHE FOIA Request sought records associated with the evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy (CAWP) from "November 2015 to the present." BLM developed CAWP as "a proactive program for protecting the welfare of wild horses and burros under the agency's management and protection."

37. In 2015, BLM prepared CAWP Standards for Wild Horse and Burro Gathers; in 2016, BLM prepared CAWP Standards for Off-Range Corral Facilities, Transportation, and Adoption/Sale Events.

38. In 2015, BLM prepared a CAWP assessment tool that would be used to assess the CAWP Standards for Wild Horse and Burro Gathers beginning in fiscal year 2017. At that time, BLM stated the CAWP Standards and associated components would be reviewed regularly and modified as necessary to enhance transparency and effectiveness in assuring the humane care and treatment of wild horses and burros.

39. BLM formed a working group to implement and evaluate the effectiveness of the CAWP Standards.

40. The records requested by Plaintiff are likely to contribute significantly to the public understanding of the operations and activities of the government, especially as they pertain to evaluation of CAWP's effectiveness in protecting the welfare of wild horses and burros.

41. WILD HORSE EDUCATION has a demonstrated track record of obtaining and disseminating information obtained under the FOIA concerning the welfare of wild horses and burros. Since 2011, WILD HORSE EDUCATION has submitted dozens of FOIA requests to BLM, and it regularly reports on BLM's management and handling of wild horses and burros. This information is disseminated to WILD HORSE EDUCATION's members and followers, as well as to the public, through the organization's website and outreach efforts.

42. Plaintiff has no commercial interest or value in records responsive to the WHE FOIA Request.

43. On October 7, 2019, BLM informed WILD HORSE EDUCATION that the WHE FOIA Request fell into the "Exceptional/Voluminous" track, explaining that this track is for requests requiring more than sixty workdays for processing. BLM also stated that it was "processing" the fee waiver request, but in the interim, the agency was classifying WILD HORSE EDUCATION as an "other" requester.

44. On various occasions in 2020 and 2021, Laura Leigh spoke to BLM staff, explaining that BLM had previously stated (beginning in 2015) that the agency would conduct annual reviews of CAWP; however, no such reviews had been made available to the public. Through the WHE FOIA Request, the organization was seeking records that, in part, address whether such reviews (or similar evaluations) have been conducted.

45. On March 9, 2020, WILD HORSE EDUCATION wrote BLM to ask for an update on the WHE FOIA Request and an expected date for response.

46. On March 9, 2020, BLM replied that the agency was experiencing a backlog of FOIA requests; "[e]ven though we normally process requests on a first-in, first-out basis, because of the nature of your request and the circumstances surrounding this request, we will process your request as the records become available and send them in interim releases." No date

was provided regarding when interim releases would begin. BLM provided no information on its consideration of WILD HORSE EDUCATION's fee waiver request.

47. On March 27, 2021, WILD HORSE EDUCATION e-mailed BLM, asking that the agency respond to the WHE FOIA Request. BLM did not reply to this e-mail.

48. On December 4, 2023, BLM wrote WILD HORSE EDUCATION to again state that the agency was experiencing a backlog of FOIA requests. "Given the passage of time," BLM sought confirmation that WILD HORSE EDUCATION was "still interested" in having the WHE FOIA Request processed. WILD HORSE EDUCATION responded that it still wanted BLM to respond to its request.

49. On February 10, 2025, BLM wrote WILD HORSE EDUCATION to yet again state that the agency was experiencing a backlog of FOIA requests. "Given the passage of time," BLM sought confirmation that WILD HORSE EDUCATION was "still interested" in having the WHE FOIA Request processed. WILD HORSE EDUCATION responded that it still wanted BLM to respond to its request.

50. Plaintiff filed the original complaint in this action on March 18, 2025. In response, on April 9, 2025, BLM finally provided some records to WHE in response to the WHE FOIA Request, including 307 pages of various documents. Of those pages produced, 204 pages were released in full; 103 pages were withheld in part or fully under FOIA Exemption 5.

51. After receiving and reviewing the documents produced, Plaintiff informed BLM that the released records do not include any documents related to a status review or assessment of the CAWP Standards, a review of the CAWP self-assessment tool, or any of the other reviews or plan finalization documents that Plaintiff had expected to receive. Therefore, Plaintiff asked BLM to clarify by stating that the agency has no responsive documents to the WHE FOIA Request.

52. As of the filing date for this First Amended Complaint, BLM has not confirmed whether any responsive documents exist. Because so many documents are redacted pursuant to Exemption 5, without further information, Plaintiff cannot determine whether the exemptions were properly applied or whether those redacted documents constitute the missing responsive

records.

53. BLM has failed to issue a decision on WILD HORSE EDUCATION's request for a waiver of fees associated with the processing of the WHE FOIA Request.

54. BLM has not shown due diligence in responding to the WHE FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

55. WILD HORSE EDUCATION has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

## EXHAUSTION OF REMEDIES

56. WILD HORSE EDUCATION is deemed to have exhausted its administrative remedies pursuant to the FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

*Violation of the FOIA and Department of Interior FOIA Regulations*

57. Plaintiffs hereby incorporate all previous allegations contained in this Petition as though fully set forth herein.

58. WILD HORSE EDUCATION has a statutory right to have BLM process the WHE FOIA Request in a manner that complies with the FOIA. This right is further addressed by the Department of Interior's FOIA regulations.

59. WILD HORSE EDUCATION's rights in this regard were violated when BLM failed to promptly provide public, non-exempt records to WILD HORSE EDUCATION in response to the WHE FOIA Request and failed to promptly provide WILD HORSE EDUCATION with a determination on its fee waiver request.

60. WILD HORSE EDUCATION's rights also were violated by BLM failing to provide a final determination for the WHE FOIA Request.

61. BLM's April 9, 2025 response to the WHE FOIA Request produced no responsive documents to the WHE FOIA Request.

62. BLM must either admit it has no responsive documents, or in the alternative, if responsive documents exist, BLM must produce them.

63. To the extent that BLM's withholding of records and information is based on

FOIA Exemption 5, the exemption is improperly being asserted. The court must order BLM to reveal enough information about the redacted documents and redacted information for Plaintiff to assess whether the material underneath the redactions qualifies as the missing responsive records.

64. Based on the nature of WILD HORSE EDUCATION's s organizational activities, WILD HORSE EDUCATION will continue to employ the FOIA's provisions to request information from BLM in the foreseeable future. These activities will be adversely affected if BLM is allowed to continue violating the FOIA's requirements and deadlines.

65. BLM's violation of WILD HORSE EDUCATION's legal rights has prejudiced WILD HORSE EDUCATION's ability to timely obtain public records.

66. Unless enjoined and made subject to a declaration of WILD HORSE EDUCATION's legal rights by this Court, BLM will continue to violate the rights of WILD HORSE EDUCATION to receive public records under the FOIA.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to immediately disclose the requested records in response to the WHE FOIA Request unless an exemption is properly claimed and properly applies. If no responsive records exist, order Defendant to immediately admit this.

B. Order Defendant to disclose enough information about the redacted information and documents to allow Plaintiff to determine whether BLM is redacting responsive documents pursuant to a valid invocation of Exemption 5. If Defendant inappropriately invoked Exemption 5, order Defendant to release unredacted, responsive documents.

C. Declare Defendant's failure to provide WILD HORSE EDUCATION with a final determination for the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations.

D. Declare Defendant's failure to promptly provide WILD HORSE EDUCATION with all non-exempt records responsive to the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations.

   E. Declare Defendant's failure to timely approve WILD HORSE EDUCATION's request for a waiver of all fees associated with the WHE FOIA Request as unlawful under the FOIA and Department of Interior FOIA regulations and order Defendant to approve WILD HORSE EDUCATION's fee waiver request.

   F. Award WILD HORSE EDUCATION its reasonable attorneys' fees and costs pursuant to 5 U.S.C. section 552(a)(4)(E) or 28 U.S.C. section 2412.

   G. Grant such other and further relief to WILD HORSE EDUCATION as the Court may deem just and proper.

DATED: July 3, 2025,     Respectfully Submitted,

/s/ *Brent M. Resh*
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

/s/ *J. Rae Lovko*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice pending)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice pending)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com