**EXHIBIT F6**

**Cascadia Wildlands,
188 IBLA 007 (2016)**





CASCADIA WILDLANDS AND OREGON WILD

188 IBLA 007                                Decided June 7, 2016



**United States Department of the Interior**
**Office of Hearings and Appeals**
Interior Board of Land Appeals
801 N. Quincy St., Suite 300
Arlington, VA 22203

703-235-3750                              703-235-8349 (fax)

CASCADIA WILDLANDS AND OREGON WILD

IBLA 2016-149                                      Decided June 7, 2016

    Appeal and petition to stay the effect of a decision of the Field Manager, Marys Peak Resource Area, Salem District Office, Bureau of Land Management, denying a protest of a decision to approve the Rowell Creek Timber Sale. DOI-BLM-OR-S050-2012-0001.

    Appeal dismissed and petition for stay denied as moot.

1.    Administrative Procedure: Standing;
    Rules of Practice: Appeals: Standing to Appeal

    To appeal a BLM decision, an appellant must have standing under the Board's regulations at 43 C.F.R. § 4.410. Specifically, an appellant must demonstrate that it is both a "party to a case" and "adversely affected" by the decision it seeks to appeal. It is the responsibility of the appellant to demonstrate both elements of standing. If either element is lacking, the appeal must be dismissed.

2.    Administrative Procedure: Standing;
    Rules of Practice: Appeals: Standing to Appeal

    A party to a case is adversely affected by a decision when that party has a legally cognizable interest, and the decision on appeal has caused or is substantially likely to cause injury to that interest. A legally cognizable interest can include cultural, recreational, and aesthetic use and enjoyment of the affected public lands. In order to demonstrate adverse effect, an appellant must make colorable allegations, supported by specific facts set forth in an affidavit, declaration, or other statement, that establish a causal relationship between the approved action and alleged injury to a legally cognizable interest.

188 IBLA 7

IBLA 2016-149

3.      Administrative Procedure: Standing;
        Rules of Practice: Appeals: Standing to Appeal

        When an organization seeks to establish standing through
        its members, one or more of its members must have a
        legally cognizable interest in their own right, coinciding
        with the organization's purposes, that is or is substantially
        likely to be injured by the approved action.   Accordingly,
        an organization may demonstrate an adverse effect by
        submitting an affidavit, declaration, or other statement by
        a member or members attesting to the fact that they use
        the lands or resources at issue and that this use is or is
        substantially likely to be injured by the decision.

APPEARANCES:   Nick Cady, Esq., Eugene, Oregon, for Cascadia Wildlands and
Oregon Wild; Paul Tigan, Mary's Peak Field Manager, Salem, Oregon, for the Bureau
of Land Management.

OPINION BY ADMINISTRATIVE JUDGE RIECHEL

        Cascadia Wildlands and Oregon Wild (Appellants) appeal and petition to stay
the effect of a March 25, 2016, decision of the Field Manager, Marys Peak Resource
Area, Salem District Office, Bureau of Land Management (BLM).   In the decision,
BLM denied Appellants' protest of BLM's January 25, 2016, decision approving the
Rowell Creek Timber Sale.   Because Appellants have not provided evidence that they
have a legally cognizable interest in the land subject to the timber sale, they cannot
show an adverse effect sufficient to demonstrate standing to appeal.   We therefore
dismiss their appeal for lack of standing and deny their petition for stay as moot.

*Background*

        BLM approved the Rowell Creek Timber Sale after conducting the South
Yamhill River Watershed Enhancement Environmental Assessment (EA) and reaching
a Finding of No Significant Impact (FONSI).[1]   The Rowell Creek Timber Sale will
occur on approximately 344 acres of forest in Polk County, Oregon.[2]

---

[1]  Environmental Assessment Number DOI-BLM-OR-S050-2012-0001 (May 2014);
BLM's protest decision at 1.
[2]  BLM's protest decision at 2.

188 IBLA 8

IBLA 2016-149

Appellants protested BLM's decision to conduct the timber sale on several bases, including the sufficiency of the EA under the National Environmental Policy Act (NEPA).[3]    BLM denied Appellants' protest, and Appellants timely appealed to the Board, filing a combined Notice of Appeal, Statement of Reasons, and Request for Stay.    In their appeal, Appellants again challenge the sufficiency of the EA that informed BLM's decision to approve the timber sale.

BLM filed a Motion to Dismiss, arguing that Appellants lack standing to pursue their appeal because they have not demonstrated that they are adversely affected by the protest decision.    We agree.

*Standing Requires a Showing of Adverse Effect*

[1]    To appeal a BLM decision, an appellant must have standing under the Board's regulations at 43 C.F.R. § 4.410.    Specifically, an appellant must demonstrate that it is both a "party to a case" and "adversely affected" by the decision it seeks to appeal.[4]    It is the responsibility of the appellant to demonstrate both elements of standing.[5]    If either element is lacking, the appeal must be dismissed.[6]

In this case, the first element of standing is met.    An appellant is a "party to a case" if it has taken action that is the subject of the decision on appeal, is the object of that decision, or has otherwise participated in the process leading to the decision under appeal.[7]    Appellants are parties to the case because they submitted comments on the EA and filed a protest to the timber sale.[8]    But being a party to the case is not sufficient to establish standing before the Board; an appellant must still demonstrate the second element of standing.

[2]    The second element of standing is "adverse effect."    A party to a case is adversely affected by a decision when that party has a legally cognizable interest, and the decision on appeal has caused or is substantially likely to cause injury to that interest.[9]    A legally cognizable interest can include cultural, recreational, and

---

[3]    42 U.S.C. §§ 4231-4270h (2012).

[4]    43 C.F.R. § 4.410(a).

[5]    *Western Watersheds Project,* 185 IBLA 293, 298 (2015).

[6]    *Id.*; *WildEarth Guardians*, 183 IBLA 165, 170 (2013).

[7]    43 C.F.R. § 4.410(b).

[8]    *Id.*

[9]    *Id.* § 4.410(d).

188 IBLA 9

aesthetic use and enjoyment of the affected public lands.[10]   In order to demonstrate adverse effect, an appellant must make colorable allegations, supported by specific facts set forth in an affidavit, declaration, or other statement, that establish a causal relationship between the approved action and alleged injury to a legally cognizable interest.[11]

[3]   When an organization seeks to establish standing through its members, one or more of its members must have a legally cognizable interest in their own right, coinciding with the organization's purposes, that is or is substantially likely to be injured by the approved action.[12]   Accordingly, an organization may demonstrate adverse effect by submitting an affidavit, declaration, or other statement by a member or members attesting to the fact that they use the lands or resources at issue and that this use is or is substantially likely to be injured by the decision.[13]

The information provided by a member of an organization must "'provide as much specific evidence as possible about what interests are allegedly injured and what the connections are between those interests and the decision [the organization] seeks to appeal.'"[14]   For example, we have held that "'[r]epeated recreational use itself, accompanied by a credible allegation of desired future use, can be sufficient, even if relatively infrequent, to demonstrate that environmental degradation of the area is injurious to that person.'"[15]   On the other hand, we have held that "[a] single visit in the past with only a vague intention to return does not establish use sufficient to provide a basis for finding injury."[16]   An appellant must show a connection

---

[10]   *Western Watersheds Project,* 187 IBLA 316, 321 (2016) (quoting *Western Watersheds Project v. BLM*, 182 IBLA 1, 7 (2012)); *Center for Biological Diversity,* 181 IBLA  325, 338 (2012).

[11]   *Native Ecosystems Council*, 185 IBLA 268, 273 (2015); *The Fund for Animals, Inc.*, 163 IBLA 172, 176 (2004); *Fred E. Payne*, 159 IBLA 69, 73 (2003).

[12]   *Western Watersheds Project*, 187 IBLA at 320 (quoting *Wildlands Defense*, 187 IBLA  233, 236 (2016)); *The Coalition of Concerned National Park [Service] Retirees,* 165  IBLA 79, 86 (2005).

[13]   *WildEarth Guardians*, 183  IBLA at 170.

[14]   *Western Watersheds Project v. BLM*, 182 IBLA at 6 (quoting *The Coalition of Concerned National Park [Service] Retirees*, 165 IBLA at 88).

[15]   *Id.* at 8 (quoting *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1149 (9th Cir. 2000)).

[16]   *Id.* at 8 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563-64 (1992)).

188 IBLA 10

between its interests and the decision on appeal, and we have held that an appellant organization lacked standing because it did "not establish that it or any of its members . . . has used or in the future will use any of the protested [lease] parcels."[17]

In establishing an adverse effect, an appellant need not "prove an adverse effect will occur but must show that the threat of injury and its effect on the appellant are more than hypothetical."[18]   A "mere interest in a problem or concern with the issues involved" is not sufficient to establish standing.[19]

### Appellants Have Not Demonstrated Standing

Appellants broadly assert that they are adversely affected by BLM's protest decision because "[m]embers of our organizations have visited [the] project area many times for hikes, mushroom picking, and marbled murrelet surveys,"[20] and "[m]embers and staff of [Cascadia Wildlands] regularly use and enjoy the public lands in the Salem District BLM for a variety of recreational pursuits."[21]   Appellants claim that their interest in continuing these recreational pursuits "would be directly harmed by proposed activities."[22]   Appellants refer to the relevant lands as either the "project area," the "project area where timber sale activities are proposed," or the "Salem District."[23]

Although recreational and other uses of lands have been recognized as a legally cognizable interest that may serve to support standing to appeal, more is required than what Appellants have provided in this case.   Appellants have not identified which of their members actually use the timber sale area; they refer only generically to "members and staff" of their organizations.   Appellants have not identified any specific instances in the past when a member or members have used the area, nor have they documented their members' use in a supporting statement of any kind.

---

[17]   *Theodore Roosevelt Conservation Partnership*, 178 IBLA 201, 208 (2009).
[18]   *Native Ecosystems Council,* 185 IBLA at 273; *see also The Fund for Animals, Inc.,* 163 IBLA at 176.
[19]   *Board of Commissioners of Pitkin County,* 173 IBLA 173, 178 (2007) (citing *Kendall's Concerned Area Residents*, 129 IBLA 130, 136-37 (1994)).
[20]   Appellants' Notice of Appeal at unp. 3.
[21]   *Id.* at unp. 3.
[22]   *Id.*
[23]   *Id.*

IBLA 2016-149

Furthermore, Appellants' assertion that their members will engage in future recreational use is vague and unconnected to the land subject to the timber sale, which Appellants have not identified with any particularity.   Instead, Appellants refer to an area larger than the acres encompassed by the timber sale.   BLM notes in its motion to dismiss that the "project area" refers to 1,168 acres analyzed for timber harvest in the EA, while the timber sale covers 344 acres, which BLM states are located behind a locked gate and "not considered a destination point for recreational users."[24]   Without providing specific facts showing that they have a legally cognizable interest in the land subject to the timber sale, Appellants cannot show injury to any legally cognizable interest.   Appellants have therefore failed to demonstrate an adverse effect necessary to prove standing.

*Conclusion*

Accordingly, pursuant to the authority delegated to the Board of Land Appeals by the Secretary of the Interior,[25]  the Board dismisses Appellants' appeal for lack of standing and denies the petition for stay as moot.

_____/s/_____
Silvia M. Riechel
Administrative Judge

I concur:

_____/s/_____
Christina S. Kalavritinos
Administrative Judge

_____

[24]   Motion to Dismiss at 6; EA at 1.
[25]   43 C.F.R. § 4.1.

188 IBLA 12