TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
CYBILL L. DOTSON
Assistant United States Attorney
Nevada Bar No. 8428
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6533
Cybill.Dotson@usdoj.gov
*Attorneys for the Federal Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Wild Horse Education, a non-profit corporation,<br><br>   Plaintiff,<br><br>v.<br><br>United States Department of Interior, Bureau of Land Management,<br><br>   Defendant. | Case No. 3:25-cv-00152-MMD-CSD<br><br>**Federal Defendant's Motion to Dismiss First Amendment Complaint for Declaratory and Injunctive Relief** |

  Defendant United States Department of the Interior, Bureau of Land Management ("BLM" or "Federal Defendant"), by and through undersigned counsel, respectfully moves to dismiss this Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief ("FAC"), ECF No. 17, under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

  Plaintiff's claim under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, is now moot because BLM has released all non-exempt, responsive records sought by Plaintiff's request. As federal courts have consistently held, "[o]nce the records are released there is no longer a case or controversy with respect to the FOIA claim," and the Court therefore lacks jurisdiction to proceed. *See De Bold v. Stimson*, 735 F.2d 1037, 1040 (7th Cir. 1984); *see also Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088, 1092 (9th Cir. 2019) ("A 'specific request' claim is mooted by the agency's production of all non-exempt requested records."). Because Plaintiff has obtained the very relief it seeks—

namely, disclosure of agency records—no live controversy remains, and this case must be dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

On September 28, 2019, Plaintiff presented a FOIA request to the BLM seeking records associated with the "evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy ("CAWP") from November 2015 to the present." ECF No. 17 ("FAC"), ¶¶ 34, 36.

On October 7, 2019, BLM categorized the request as "Exceptional/Voluminous," explaining that this track was for requests requiring more than sixty working days for processing. FAC, ¶ 43. In 2020 and 2021, Plaintiff submitted additional inquiries to BLM regarding the status of the request. *Id.*, ¶¶ 45–47. In response, BLM noted that it had a backlog of FOIA requests and indicated that it would process Plaintiff's request as records became available. *Id.* at ¶ 46. While working through its backlog, BLM contacted Plaintiff in both December 2023 and February 2025 to confirm continued interest in the request; Plaintiff responded affirmatively on both occasions. *Id.* at ¶¶ 48–49.

Plaintiff filed this action on March 18, 2025. ECF No. 1. On April 9, 2025, BLM issued a full and final response to Plaintiff, producing 307 pages. Ex. A / Declaration of Ryan Witt ("Decl.").[1]

On June 12, 2025, Federal Defendant filed a response to Plaintiff's initial complaint, arguing that because the BLM had responded to Plaintiff's FOIA request, the complaint was moot. ECF No. 14.

In response to Federal Defendant's Motion to Dismiss, on June 18, 2025, Plaintiff's counsel, reached out to Federal Defendant's counsel and notified her that due to her busy schedule during Spring 2025, Plaintiff had been unable to review the BLM's response to the FOIA request, but that she had currently reviewed it. She stated that Plaintiff's review of BLM's FOIA request did not include any documents related to the status review or the

---

[1] In resolving subject matter jurisdiction, a district court may review evidence beyond the complaint without converting a motion to dismiss to a motion for summary judgment. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citations omitted).

2

draft IM or any document related to making the IM and CAWP permanent, or any other the other reviews or plan finalization documents she was expecting to see. Plaintiff's counsel wanted to confirm that no such documents existed and indicated that if they did not, that Plaintiff may be able to conclude the present action subject to her claimed attorneys' fees. After said correspondence, the BLM located 21 pages of additional information responsive to Plaintiff's FOIA request and produced that information to Plaintiff on July 24, 2025. Ex. A.

On August 5, 2025, the BLM confirmed that it did not have any additional public records related to the internal assessment of the CAWP within the date of Plaintiff's FOIA request because, at that time, the BLM did not have the resources to conduct an assessment. Ex. A. Other than the documents specifically referenced in BLM's FOIA response letters dated April 9, 2025, and July 24, 2025, referencing specific documents being withheld, BLM confirmed that it did not have any additional documents responsive to date range of Plaintiff's FOIA request. Ex. A

On August 12, 2025, Plaintiff's counsel informed Federal Defendant that Plaintiff was satisfied with the BLM's response to her FOIA request such that this action could be concluded, subject to Plaintiff's recovery of her attorneys' fees and costs.

Federal Defendant then attempted to work with Plaintiff's counsel to discuss resolution of their claim attorneys' fees and costs associated with bringing this action. However, despite multiple conversations and correspondence, the parties have been unable to reach a resolution.

## II.   LEGAL ARGUMENT

FOIA is a statutory scheme under which individuals may request access to federal agency documents. *See* 5 U.S.C. § 552. The statute sets forth the procedures for requesting documents and carves out nine categories of documents that are exempt from disclosure. *See* 5 U.S.C. § 552(b). A FOIA requestor who exhausts administrative appeals and is unsatisfied with the agency's response may file litigation in federal court. *Id*. at § 552(a)(4)(B).

In a FOIA case, as in others, a motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Under Rule 12(b)(1), a motion which asserts that a case is moot is proper because mootness is an issue pertaining to a federal court's subject matter jurisdiction under Article III of the United States Constitution. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to hear and decide actual "cases" or "controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984). The case-or-controversy requirement must be met "through all stages of federal judicial proceedings." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

A case becomes "moot" when the issues presented are no longer live or the parties lack a cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "Mootness has been described as the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). A plaintiff in federal court must show that a live controversy exists at all stages of review, not merely on the day the complaint is filed. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797 (9th Cir. 1999) (*en banc*). A case becomes moot "when the claimant receives the relief he or she sought to obtain through the claim." *Daniels v. Swarthout*, No. 2:10-cv-3347 KJM DAD P, 2012 U.S. Dist. LEXIS 162267, at *22 (E.D. Cal. Nov. 13, 2012) (quoting *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

### III.   ARGUMENT

#### A. The Court Lacks Jurisdiction Because the Case is Moot

Here, the instant dispute is now moot. Under 5 U.S.C. § 552(a)(4)(B), a federal court is authorized only to "enjoin the agency from withholding agency records and to

order the production of any agency records improperly withheld…. "Thus," once the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) (cleaned up). "However fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory duty to perform." *Hohner v. United States DOJ*, No. CV 16-7967-GW(PLAx), 2017 U.S. Dist. LEXIS 224199, at *6-7 (C.D. Cal. Nov. 30, 2017) (internal citations and quotations omitted). *See also Allnutt v. United States DOJ*, No. Y98-1722, 2000 U.S. Dist. LEXIS 4060, at *17 n.8, 85 A.F.T.R.2d (RIA) 2000-2101 (D. Md. Mar. 6, 2000), aff'd sub nom. *Allnut v. Handler*, 8 F. App'x 225 (4th Cir. 2001) ("It is well settled that federal courts have no jurisdiction over a FOIA claim once all non-exempt, responsive documents are surrendered…").

As explained in the BLM's final response letter dated April 9, 2025, BLM completed its response to Plaintiff's FOIA request by producing all non-exempt, responsive documents. Decl. (Ex. A).

It was Plaintiff's own inaction that led to her maintaining this action. Specifically, after filing her first amended complaint on July 3, 2025 (ECF No. 17), Plaintiff admittedly stated that had been busy during the Spring of 2025 and informed Federal Defendant's counsel on June 18, 2025, that Plaintiff had just reviewed BLM's FOIA request and only at that time, through her own attorney, requested further documents after receiving BLM's final response letter dated April 9, 2025.

As discussed above, in response to Plaintiff's correspondence on July 18, 2025, the BLM produced an additional 21 pages of documents to Plaintiff on August 5, 2025, and Plaintiff informed BLM it was satisfied with the FOIA response on August 12, 2025.

The BLM's production of records to Plaintiff on April 9, 2025, fulfilled the relief sought by Plaintiff—namely, the release of records concerning the development, evaluation, and effectiveness of the CAWP from November 2015 to the present (which would have been September 28, 2019). *See* FAC, ¶¶ 34, 36.

5

Although Plaintiff submitted the FOIA request in September 2019 and followed up on several occasions to inquire about processing delays (FAC, ¶¶45–49), the ultimate disclosure of the requested records resolves the dispute as a matter of law. As courts have consistently held, "[o]nce the records are released there is no longer a case or controversy with respect to the FOIA claim." *De Bold*, at 1040. This is true even if the response was delayed or incomplete at earlier stages of the request process. *See Perry*, at 125 (noting that the adequacy or timing of the production does not alter the mootness analysis once all responsive, non-exempt records are released).

Because the Plaintiff has received the precise relief it sought—access to the requested records—the matter is moot, and no further relief is available under FOIA. Accordingly, the Court lacks jurisdiction to proceed, and the complaint should be dismissed for lack of subject matter jurisdiction under the mootness doctrine.

## IV. CONCLUSION

Because the BLM has now produced all non-exempt, responsive records sought by Plaintiff's FOIA request, no live case or controversy remains for adjudication. The claim is therefore moot, and this Court lacks subject matter jurisdiction. For the foregoing reasons, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the United States respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted this  12th   day of January 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

/s/   Cybill L. Dotson
CYBILL L. DOTSON
Assistant United States Attorney

*Attorneys for the Federal Defendant*

# CERTIFICATE OF SERVICE

I, __Cortney Bivens__, hereby certify that on the __12th__ day of __January__, 2026, I served the **Federal Defendant's Motion to Dismiss First Amendment Complaint for Declaratory and Injunctive Relief** via electronic filing to the following:

Brent M. Resh
Brent Resh Law, PLLC
2401 La Solana Way
Las Vegas, Nevada 89102

Jessica L. Blome
J. Rae Lovko
Greenfire Law, PC
2748 Adeline Street, Suite A
Berkley, California

*Attorneys for Plaintiff*

                                               */s/ Cortney Bivens*
                                               Cortney Bivens
                                               Paralegal Specialist