BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILD HORSE EDUCATION, a non-profit corporation,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,

Defendant.

CASE NO. 3:25-CV-00152-MMD-CSD

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CROSS MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 6

II. SUMMARY OF FACTS ..... 6

III. STANDARD OF REVIEW ..... 9

A. Rule 12(b)(1) Motion to Dismiss for Mootness ..... 9

B. Motion for Summary Judgment, Rule 56 ..... 10

IV. ARGUMENT ..... 10

A. Plaintiff's case is not moot. ..... 10

1. Plaintiff's claim is not moot because BLM failed to meet its burden of demonstrating no effective relief remains to be ordered. ..... 10

2. Defendant failed to meet its burden of demonstrating that BLM's unlawful behavior will recur. ..... 11

**a)** Voluntary Cessation ..... 11

**b)** Capable of Repetition, Yet Evading Review ..... 12

V. PLAINTIFF IS ENTITLED TO A DECLARATORY JUDGMENT AS A MATTER OF LAW THAT BLM VIOLATED FOIA AND THE U.S. DEPARTMENT OF INTERIOR FOIA REGULATIONS ..... 13

VI. THE COURT RETAINS JURISDICTION TO HEAR PLAINTIFF'S FUTURE MOTION FOR ATTORNEYS' FEES AND COSTS. ..... 16

VII. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Cases**

*Allnutt v. Handler*,
8 F. App'x 225 (4th Cir. 2001) ..... 11

*Allnutt v. United States DOJ*,
No. Y98-1722, 2000 U.S. Dist. LEXIS 4060, 85 A.F.T.R.2d (RIA) 2000-2101 (D. Md. Mar. 6, 2000) ..... 11

*Animal Legal Def. Fund v. United States FDA*,
836 F.3d 987 (9th Cir. 2016) ..... 10

*Cantrell v. City of Long Beach*,
241 F.3d 674 (9th Cir. 2001) ..... 10, 11

*Carter v. Veterans Admin.*,
780 F.2d 1479 (9th Cir. 1986) ..... 16

*City of Erie v. Pap's A.M.*,
529 U.S. 277 (2000) ..... 10

*Ctr. for Biological Diversity v. Lohn*,
511 F.3d 960 (9th Cir. 2007) ..... 9, 11

*Demery v. Arpaio*,
378 F.3d 1020 (9th Cir. 2004) ..... 9, 12

*FBI v. Fikre*,
601 U.S. 234 (2024) ..... 9, 10, 12, 13

*Forest Guardians v. United States Forest Serv.*,
329 F.3d 1089 (9th Cir. 2003) ..... 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ..... 9

*Hohner v. United States DOJ*,
No. CV 16-7967GW(PLAx), 2017 U.S. Dist. LEXIS 224199 (C.D. Cal. Nov. 30, 2017) ..... 11

*J. N. v. Or. Dep't of Educ.*,
No. 24-2080, 2025 U.S. App. LEXIS 16555 (9th Cir. July 7, 2025) ..... 9, 11

*Karuk Tribe of Cal. v. U.S. Forest Serv.*,
681 F.3d 1006 (9th Cir. 2012) ..... 13

*Knox v. SEIU, Local 1000*,
567 U.S. 298 (2012) ..... 10, 11

*Murphy v. Hunt*,
455 U.S. 478 (1982) ........ 9, 12

*Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Eds., Inc.*,
937 F.2d 1572 (Fed. Cir. 1991) ........ 11

*Nightingale v. U.S. Citizenship & Immigration Servs.*,
507 F. Supp. 3d 1193 (N.D. Cal. 2020) ........ 15

*Perry v. Block*,
684 F.2d 121 (D.C. Cir. 1982) ........ 11

*Swan View Coal. v. Dep't of Agric.*,
39 F. Supp. 2d 42 (D.D.C. 1999) ........ 10, 12, 13

*United States v. W. T. Grant Co.*,
345 U.S. 629 (1953) ........ 9

*W. Oil & Gas Ass'n v. Sonoma County.*,
905 F.2d 1287 (9th Cir. 1990) ........ 12, 13

*West v. Sec'y of the DOT*,
206 F.3d 920 (9th Cir. 2000) ........ 10

*Wilderness v. Allen*,
871 F.3d 719 (9th Cir. 2017) ........ 9

*Zukerman v. United States Postal Serv.*,
961 F.3d 431 (D.C. Cir. 2020) ........ 9, 11

**Statutes**

16 U.S.C. § 1331(a) ........ 6

16 U.S.C. § 1333(a) ........ 6

16 U.S.C. § 1333(b)(2)(B) ........ 6

16 U.S.C. § 1333(b)(2)(C) ........ 6

28 U.S.C. § 2412 ........ 16

5 U.S.C. § 552 ........ 16

5 U.S.C. § 552(a)(4)(A)(iii) ........ 7

5 U.S.C. § 552(a)(4)(E) ........ 16

5 U.S.C. § 552(a)(6)(A) ........ 13

5 U.S.C. § 552(a)(6)(A)(i) ........ 13

5 U.S.C. § 552(a)(6)(B) .......... 14, 15

5 U.S.C. § 552(a)(6)(B)(i) .......... 14

5 U.S.C. § 552(a)(6)(B)(iii) .......... 14, 15

**Regulations**

32 C.F.R. § 1662.22 .......... 8

43 C.F.R. 2.16 .......... 13, 16

43 C.F.R. 2.19 .......... 14, 15, 16

43 C.F.R. 2.19(a) .......... 14

43 C.F.R. 2.70 .......... 14

**Rules**

Fed. R. Civ. P. 56 .......... 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's First Amended Complaint alleges the Bureau of Land Management (BLM) unlawfully withheld records from public disclosure in violation of the Freedom of Information Act (FOIA), 5 U.S.C. section 552 *et seq*., and U.S. Department of Interior regulations, 43 C.F.R. Subtitle A, Part 2 for **4 and 1/2 years**. Only after filing the Complaint did BLM finally produce responsive documents to Plaintiff.

Predictably, BLM now contends that its production moots Plaintiff's FOIA case, but this is incorrect, as the Court may still provide relief to Plaintiff in the form of declaratory relief. Specifically, Plaintiff's prayer for relief asks the Court to declare that BLM violated FOIA and the U.S. Department of Interior regulations by failing to appropriately make a final determination on Plaintiff's FOIA request and timely produce responsive documents prior to the lawsuit. And, in any event, BLM's "voluntary cessation" of its bad behavior is almost certainly "capable of repetition, yet evading review," so exceptions to the mootness doctrine apply in this case. Indeed, these exceptions ensure that legal matters are not rendered immune from judicial review when a Defendant's actions will likely recur.

Plaintiff Wild Horse Education, therefore, respectfully requests that the Court deny Defendant's Motion to Dismiss the First Amended Complaint as moot. In addition, Plaintiff requests that the Court enter summary judgement in favor of Plaintiff, declaring that Defendant violated FOIA and the U.S. Department of Interior FOIA Regulations by failing to produce responsive records for more than four and one-half years and only upon the filing of this lawsuit.

## II. SUMMARY OF FACTS

BLM "is authorized and directed to protect and manage wild free-roaming horses and burros as components of the public lands." 16 U.S.C. § § 1331(a), 1333(a). As regards operations to gather and remove wild horses, the Wild and Free-Roaming Horses and Burros Act (Wild Horse Act) provides that excess horses must be "humanely captured and removed." 16 U.S.C. § 1333(b)(2)(B) & (C). To address this, BLM developed its Comprehensive Animal Welfare

Program (CAWP) which developed welfare standards for the humane handling of horses and burros. Declaration of Laura Leigh, ¶ 4, Exh. A. On June 30, 2015, BLM announced it had finalized CAWP Standards for Wild Horse and Burro Gathers, on January 29, 2026, BLM finalized its CAWP Standards for Off-Range Corral Facilities, Transportation, and Adoption/Sale Events. *Id.*, ¶ 4.

To analyze the efficacy of these new Standards, BLM created a self-assessment tool. *Id.*, ¶ 5. As early as 2015, BLM committed to conduct annual evaluations of CAWP, with the initial evaluation and completion of the self-assessment tool to begin in 2017. *Id.* Plaintiff is unaware of BLM ever evaluating the Standards or using the self-assessment tool, however. *Id.* ¶ 5, Exh. B.

The CAWP Standards and BLM's humane handling of wild horses and burros is key to Wild Horse Education's mission. *Id.*, ¶¶ 2, 8. On September 28, 2019, Laura Leigh, the founder and president of Wild Horse Education, submitted a request for public records to BLM on behalf of Plaintiff Wild Horse Education pursuant to FOIA, asking for

> Any and all correspondence, meeting notes, telephone records, operation evaluation sheets, pertaining to the evaluation, training, proposed changes, [and] effectiveness of [CAWP] from November 2015 to the present.

*Id.*, Exh. B, p. 1. She also requested that BLM waive fees associated with the search, preparation, and production of any responsive documents, pursuant to FOIA, 5 U.S.C. § 552(a)(4)(A)(iii). *Id.*, p. 2. Plaintiff's Leighs request for public records will be referred to as the "FOIA Request" throughout this brief.

On October 7, 2019, BLM informed Plaintiff that the FOIA Request was "Exceptional/Voluminous," so it would require more than sixty workdays for processing. Leigh Decl., Exh. C. BLM also stated that it was "processing" Plaintiff's fee waiver request, but in the interim, the agency was classifying Plaintiff as "other"; that is, a requester not entitled to a fee waiver. *Id.*

Between 2020 and the filing of the Complaint, Plaintiff Leigh contacted BLM numerous times to inquire about the status of the FOIA Request. Leigh Decl., ¶ 11. When responding, BLM repeatedly stated that it was experiencing a backlog of FOIA requests, but it never

provided an estimate for when BLM would or could complete its response to the FOIA Request. *Id.*

In 2023 and 2025, BLM bizarrely wrote to Plaintiff Leigh to ask whether Wild Horse Education remained interested in receiving the requested documents. *Id.*, ¶ 12. She responded affirmatively on both occasions. *Id.*

On March 18, 2025, having received absolutely no documents from BLM in response to the FOIA Request, Plaintiff filed suit alleging that Defendants violated FOIA and U.S. Department of Interior FOIA Regulations.[1] Dkt. 1; Leigh Decl., ¶ 13. On April 19, 2025, BLM produced 307 pages of documents in response to the FOIA Request. Leigh Decl., Exh. D. BLM withheld 21 pages of documents in part and 82 page in full under FOIA, Exemption 5, which protects "inter-agency or intra-agency" government records that would typically be privileged in civil lawsuits, such as deliberative process, attorney-client, and attorney work-product privileges for internal memos, drafts, and legal advice. *See* 32 C.F.R. § 1662.22; *see also* Leigh Decl., Exh. D. Plaintiff responded to BLM that none of the documents address evaluation of CAWP, which was the subject of the FOIA Request. Blome Decl., ¶ 2. As such, Plaintiff asked whether BLM could confirm the agency had no responsive documents. *Id.* On July 22, 2025, BLM responded by producing an additional 21 pages of documents responsive to the FOIA Request. Leigh Decl., Exh. E. Six of the pages were withheld in part under FOIA, Exemption 5. *Id.*

On July 25 and 31, 2025, counsel for Plaintiff wrote BLM regarding the new production, noting the documents still did not address evaluation of CAWP. Blome Decl., ¶ 2. Plaintiff's counsel asked BLM to confirm the agency had not conducted an evaluation. *Id*. On August 5, 2025, BLM responded that there are "no additional public records related to the internal assessment of the CAWP within the date range requested by the plaintiff in the FOIA request. At that time, the BLM did not have the resources to conduct an assessment." Blome Decl., Exh. 1.

In looking at documents produced, Plaintiff's counsel noted that BLM produced

---

[1] Plaintiff filed a First Amended Complaint on July 3, 2025. Dkt. 17. The amendment added language regarding FOIA exemptions; the FOIA claim was otherwise unchanged. *Id.*

documents up to and including those created in 2024. Blome Decl., ¶ 5. Hence, she asked BLM whether the response was complete through the date of production. *Id*. BLM responded that the document production was only complete through the date of the initial request (e.g., September 28, 2019); Plaintiff would need to submit another FOIA request to obtain all records created after this date. *Id*. Plaintiff is preparing to submit a records request covering the years 2019 to present, with hope and expectation that this Court's ruling will force BLM to timely produce responsive records, so Plaintiff is not receiving records time-limited to seven years of age upon production.

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1) Motion to Dismiss for Mootness

The movant bears the burden of establishing a case is moot when raised pursuant to a Rule 12(b)(1) motion to dismiss. *Zukerman v. United States Postal Serv*., 961 F.3d 431, 441 (D.C. Cir. 2020) ("To prevail on its Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the Government, as the party urging mootness, bears the heavy burden of establishing that the case is moot"); *see also J. N. v. Or. Dep't of Educ*., No. 24-2080, 2025 U.S. App. LEXIS 16555, at *5 (9th Cir. July 7, 2025). This is a "heavy" and "formidable" burden, requiring a showing that no effective relief remains and the challenged conduct will not recur. *Id.*; *Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017). In addressing effective relief, where injunctive relief is mooted but declaratory relief would nevertheless provide meaningful relief, the case is not moot. *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963-64 (9th Cir. 2007).

Where challenged conduct has ceased, a Plaintiff's claims are not moot if the "voluntary cessation" exception or "capable of repetition, yet evading review" exception applies. *See FBI v. Fikre*, 601 U.S. 234, 243 (2024); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Demery v. Arpaio*, 378 F.3d 1020, 1026 (9th Cir. 2004); *Forest Guardians v. United States Forest Serv.*, 329 F.3d 1089, 1095 (9th Cir. 2003). Under such circumstances, the movant again bears a heavy burden and "must prove 'no reasonable expectation' remains that it will 'return to [its] old ways." *FBI*, 601 U.S. at 241 (quoting *United States v. W. T. Grant Co*., 345 U.S. 629, 632 (1953)).

Defendant's burden cannot be met by sparse declarations as the Court needs to examine whether declaratory relief remains appropriate. *See FBI*, 601 U.S. at 243; *Swan View Coal. v. Dep't of Agric*., 39 F. Supp. 2d 42, 46 (D.D.C. 1999). And, courts must be able to consider the movant's conduct "both before the allegedly illegal action took place…and after the action ceased." *Swan View Coal.*, 39 F. Supp. 2d at 46. Additionally, courts consider the nature of the alleged violation and any expressions of intent or assurances of future compliance offered by the defendant. *Id.*

**B. Motion for Summary Judgment, Rule 56**

In FOIA cases, the usual Rule 56 standard of review applies. *Animal Legal Def. Fund v. United States FDA*, 836 F.3d 987, 989-90 (9th Cir. 2016). Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

## IV. ARGUMENT

### A. Plaintiff's case is not moot.

#### 1. Plaintiff's claim is not moot because BLM failed to meet its burden of demonstrating no effective relief remains to be ordered.

A case becomes moot when changes in circumstances that existed at the beginning of litigation now preclude meaningful relief. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *West v. Sec'y of the DOT*, 206 F.3d 920, 925 n. 4 (9th Cir. 2000). But so long as a plaintiff maintains even a small interest in the matter and *any* effective relief remains, the case is not moot. *Knox v. SEIU, Local 1000*, 567 U.S. 298, 307-308 (2012); *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001). On this point, "the question is not whether the precise relief sought" by a plaintiff when filing his/her motion is "still available." *Cantrell*, 241 F.3d at 678. Instead, "[t]he question is whether there can be *any* effective relief." *Id*. (emphasis added).

BLM argues that the case is moot because the agency completed its response to Plaintiff's FOIA request when producing all non-exempt, responsive documents. Dkt. 34, pp. 5-

6. In addressing relief, BLM asserts in a conclusory fashion (and without citation to any evidence) that "[b]ecause the Plaintiff has received the precise relief it sought—access to the requested records—the matter is moot, and no further relief is available under FOIA." *Id.*, p. 6. This statement is insufficient to meet Defendant's burden as BLM failed to address Plaintiff's interest in obtaining a declaratory order from this Court.[2] *See Zukerman*, 961 F.3d at 441; *J.N.*, 2025 U.S. App. LEXIS 16555, at *5; *Ctr. for Biological Diversity*, 511 F.3d at 963-64; *SEIU, Local 1000*, 567 U.S. at 307-08; *Cantrell*, 241 F.3d at 678.

**2. Defendant failed to meet its burden of demonstrating that BLM's unlawful behavior will recur.**

Once Plaintiff filed the complaint in this action, BLM voluntarily chose to produce documents to Wild Horse Education's FOIA request. Leigh Decl. ¶¶ 13-15. Thus, the "voluntary cessation" and "capable of repletion, yet evading review" exceptions to mootness apply. Defendant failed to address either exception; Defendant did not state that its unlawful conduct would not recur.

**a) Voluntary Cessation**

For this case, BLM took **over 4.5 years** to respond to Wild Horse Education's FOIA request. Leigh Decl., ¶ 16. The information being sought by the request is important as Plaintiff has a longstanding interest in ensuring that BLM treats wild horses and burros humanely, and this interest has focused on BLM's assessment of and compliance with the CAWP Standards –

[2] In support of its motion, BLM notes three cases wherein courts found FOIA claims mooted by a government agency's record production. Dkt. 62, p. 5 (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Hohner v. United States DOJ*, No. CV 16-7967GW(PLAx), 2017 U.S. Dist. LEXIS 224199, at *6-7 (C.D. Cal. Nov. 30, 2017); *Allnutt v. United States DOJ*, No. Y98-1722, 2000 U.S. Dist. LEXIS 4060, at *17 n.8, 85 A.F.T.R.2d (RIA) 2000-2101 (D. Md. Mar. 6, 2000), aff'd sub nom. *Allnutt v. Handler*, 8 F. App'x 225 (4th Cir. 2001)). None of these cases addressed declaratory relief; instead, in each, the courts only addressed the plaintiffs' request for injunctive relief. *See id.* "When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises." *Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Eds., Inc.*, 937 F.2d 1572, 1581 (Fed. Cir. 1991). And notably, in *Perry* and *Allnutt*, the courts recognized that under some circumstances, record production might not moot the case. *Perry*, 684 F.2d at 125; *Allnut*, 2000 U.S. Dist. LEXIS 4060, at *17 n. 8.

the subject of the at-issue FOIA request. *Id.*, 8 and Exh. B.

Furthermore, because BLM's response to the FOIA request was only complete through the date of the initial request (e.g., September 28, 2019), Wild Horse Education will be submitting a new FOIA request that mirrors the initial request in the near future. Leigh Decl., ¶ 17. This new request will seek documents created after September 28, 2019. *Id.*

Unfortunately, based upon Plaintiff's past experience, BLM is likely to respond to this new request with similar delay. Leigh Decl., ¶ 18. Since its formation, Wild Horse Education has made over 100 FOIA requests to BLM. *Id.* Repeatedly and consistently, BLM has unreasonably delayed producing any responsive documents. *Id.* In fact, one of Wild Horse Education's FOIA requests was sent to BLM over *ten years ago*, and the agency still has not responded. *Id.*

Because of BLM's pattern of delay in this case (and outside this case), Plaintiff requires a declaratory order that finds BLM violated FOIA and U.S. Department of Interior regulations by untimely making a final determination and producing responsive records. *See* Dkt. 17, pp. 11-12. Such a ruling and order will ensure that Plaintiff is able to continue in its monitoring of BLM's CAWP Standards; without such a ruling and order, the parties are likely to end up in new litigation addressing the FOIA violations and injury to Plaintiff. *See W. Oil & Gas Ass'n v. Sonoma County.*, 905 F.2d 1287, 1290-91 (9th Cir. 1990).

In its motion, BLM makes absolutely no attempt to meet its burden of showing the agency's challenged conduct is unlikely to recur. No statements or declarations address BLM's intent regarding future FOIA productions; BLM makes no assurances of future compliance with FOIA or U.S. Department of Interior regulations. *See FBI*, 601 U.S. at 243; *Swan View Coal.*, 39 F. Supp. 2d at 46.

**b) Capable of Repetition, Yet Evading Review**

This exception to mootness is similar to the voluntary cessation exception in that it focuses on behavior that is capable of recurring. It also requires the challenged action to be too short in time to be fully litigated prior to cessation of a Defendant's alleged unlawful conduct. *See Murphy*, 455 U.S. at 482; *Demery*, 378 F.3d at 1026. An action's duration of two years is sufficient to meet this factor. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1018 (9th

Cir. 2012). As addressed above in Section IV.A.2.a), BLM's unlawful conduct is likely to recur. The duration of this action also is sufficiently short.

Plaintiff's complaint was filed on March 18, 2025. Dkt. 1. A month later, BLM made its first production of responsive documents, with a subsequent production occurring in July of 2025. Leigh Decl., Exhs. D-E. As an action's duration of two years is sufficiently short to warrant application of the capable of repetition, yet evading review, *Karuk Tribe of Cal.*, 681 F. 3d at 1018, obviously this case's duration is sufficiently short. And without declaratory relief, the parties are likely to be contesting the same legal issues in subsequent litigation. *See W. Oil & Gas Ass'n*, 905 F.2d at 1290-91.

Defendant failed to address any exceptions to mootness in its motion; consequently, it has not met its heavy burden. *See FBI*, 601 U.S. at 243; *Swan View Coal.*, 39 F. Supp. 2d at 46.

**V. Plaintiff is entitled to a declaratory judgment as a matter of law that BLM violated FOIA and the U.S. Department of Interior FOIA Regulations.**

Plaintiff's complaint contains one cause of action based on violation of FOIA and U.S. Department of Interior regulations. Dkt. 17, p. 10-11. Summary judgment should be granted because BLM failed to timely provide a final determination and produce responsive records.

FOIA imposes strict deadlines on agencies to respond to requests. *See* 5 U.S.C. § 552(a)(6)(A). An agency responding to a FOIA request must issue a final determination on FOIA requests within 20 working days of receipt. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. 2.16.

> The 20-day period shall not be tolled by the agency except—
>
> (I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section; or
>
> (II) if necessary to clarify with the requester issues regarding fee assessment. In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

5 U.S.C. § 552(a)(6)(A). Additionally, the deadline for a final determination may be extended for "unusual circumstances." 5 U.S.C. § 552(a)(6)(A); 43 C.F.R. 2.16.

FOIA defines unusual circumstances as existing when, "to the extent reasonably

necessary" to respond to a request, the agency needs to (a) obtain records located "separate from the office processing the request;" (b) consult with other agencies with an interest in the determination; or (c) examine "a voluminous amount of separate and distinct records which are demanded in a single request." 5 U.S.C. § 552(a)(6)(B)(iii); *see also* 43 C.F.R. 2.70.

When extending the deadline for unusual circumstances, the agency must notify the requester in writing "the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 43 C.F.R. 2.19(a). Extensions are allowed for no more than ten days unless the agency:

> provide[s] the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. To aid the requester, each agency shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency, and notify the requester of the right of the requester to seek dispute resolution services from the Office of Government Information Services.

5 U.S.C. § 552(a)(6)(B). This information also must be provided in writing. 5 U.S.C. § 552(a)(6)(B); *see also* 43 C.F.R. 2.19.

Here, BLM first responded to Wild Horse Education's FOIA request on October 7, 2019. Leigh Decl., Exh. C. In that response, BLM stated that it was placing the request in the agency's "Exceptional/Voluminous" track, for requests requiring more than sixty workdays for processing. *Id.* The agency, however, did not identify a specific date on which a final determination was expected to be dispatched, instead only saying that it would "prioritize and process [Wild Horse Education's] request as the records become available." *Id.* Such notification violated FOIA and the U.S. Department of Interior's regulations. *See* 5 U.S.C. § 552(a)(6)(B)(i); 43 C.F.R. 2.19(a). In its October letter, BLM also violated these laws by failing to notify Wild Horse Education that it could limit the scope of the request, speak to the agency's FOIA Public Liaison, or seek dispute resolution services. 5 U.S.C. § 552(a)(6)(B); 43 C.F.R. 2.19.

After its October 7, 2019 letter, BLM did not again write Wild Horse Education until 2023, seeking at that time to discern whether Wild Horse Education was still interested in having its request processed. Leigh Decl., Exh. F. This request was repeated in 2025. *Id.*, Exh. G. For

both communications, Wild Horse Education replied that it remained interested in obtaining the requested records. *Id.*, ¶12.

Both communications far exceeded any "reasonably necessary" unusual circumstances. *See* 5 U.S.C. § 552(a)(6)(B)(iii). And, in this correspondence, BLM did not cure its notice. *See* 5 U.S.C. § 552(a)(6)(B); 43 C.F.R. 2.19. Instead, the agency merely explained that it was facing a backlog of requests that was impacting BLM's ability to process Wild Horse Education's request. Leigh Decl., Exhs. F and G. Such excuse does not justify BLM's lengthy delay. *See Nightingale v. U.S. Citizenship & Immigration Servs.*, 507 F. Supp. 3d 1193, 1198 (N.D. Cal. 2020) (explaining that although some "courts recognize that resources for FOIA compliance may be 'heavily taxed by the quantity and depth of FOIA requests (especially in light of budget constraints that limit personnel and resources assigned to an agency), that does not grant the agency carte blanche to repeatedly violate congressionally mandated deadlines'" ) (citation omitted).

Rather than abide by its statutory and regulatory duties, BLM did not produce even one record until *after* Plaintiff filed the lawsuit in this case. Dkt. 1; Leigh Decl., Exhs. B and D. A full production (or final determination) did not occur until **over 4.5 years** after Wild Horse Education first made its request. Leigh Decl., ¶ 16 and Exhs. B and D.

Not only has BLM violated FOIA in its delayed response to Wild Horse Education's September 28, 2019 FOIA request, but BLM has demonstrated a pattern of delay in other requests submitted by Wild Horse Education. Leigh Decl., ¶ 18. As Wild Horse Education must submit a new FOIA request that mirrors the at-issue request for the purposes of obtaining the most current documents, BLM's pattern of delay and continued violation of FOIA will recur. *Id.*, ¶ 17. For these reasons, Plaintiff requires a declaratory order that finds BLM violated FOIA and U.S. Department of Interior Regulations by untimely making a final determination and producing responsive records. *See* Dkt. 17, pp. 11-12. In ruling upon the merits of this case for purposes of such an order, the Court also can instruct Defendant on timeframes allotted by statutory language, regulatory language, and caselaw. Such a ruling and order would ensure that Plaintiff is able to continue in its monitoring of BLM's CAWP Standards; without such a ruling and

order, the parties are likely to end up in new litigation addressing the FOIA violations and injury to Plaintiff.

Because litigation was necessary to bring about this untimely result, summary judgment is appropriate, and Plaintiff asks this Court to issue an order declaring, at a minimum, that BLM violated 5 U.S.C. § 552, 43 C.F.R. 2.16, and 43 C.F.R. 2.19.

## VI. The Court retains jurisdiction to hear Plaintiff's future motion for attorneys' fees and costs.

Even if this case is dismissed as moot, the Court retains jurisdiction to hear and rule upon a Plaintiff's motion for attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412. *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986). Should this Court dismiss Plaintiff's claim as moot, Plaintiff requests that its order include language acknowledging that it retains jurisdiction to hear a future motion for attorneys' fees and costs.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss and enter summary judgment in favor of Plaintiff, declaring that Defendant violated FOIA and the U.S. Department of Interior FOIA Regulations.

//

//

//

//

//

DATED: January 26, 2026

Respectfully Submitted,

*<u>/s/ Brent M. Resh</u>*
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

*<u>/s/ J. Rae Lovko</u>*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com