TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
MARILYN E. GARTLEY
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-5084
Email: marilyn.gartley@usdoj.gov
*Attorneys for the Federal Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Wild Horse Education, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Interior, Bureau of Land Management,<br><br>Defendant. | Case No. 3:25-cv-00152-MMD-CSD<br><br>**Federal Defendant's Reply to Plaintiff's Opposition to Federal Defendant's Motion to Dismiss First Amended Complaint for Declaratory and Injunctive Relief and Cross Motion for Summary Judgment (ECF No. 36)** |

The United States Department of Interior, Bureau of Land Management ("Federal Defendant"), by and through the undersigned counsel, does hereby file its Reply to Plaintiff's Opposition to Federal Defendant's Motion to Dismiss First Amended Complaint for Declaratory and Injunctive Relief and Cross Motion for Summary Judgment ("12(b) Objection/SJ Motion"), ECF No. 36, filed by Wild Horse Education ("Plaintiff") on January 26, 2026.

## I.    BACKGROUND

On January 12, 2026, the Federal Defendants filed the Federal Defendants' Motion to Dismiss First Amendment [sic] Complaint for Declaratory and Injunctive Relief ("Motion to Dismiss"), ECF No. 34, seeking to dismiss the First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") filed by the Plaintiff on July 3, 2025. ECF No. 17. In the Motion to Dismiss, the Federal Defendant argued that because the Federal Defendant

had produced all responsive, non-exempt records to the Plaintiff, the claims set forth in the Amended Complaint were moot as they failed to present a case or controversy whereby the Court lacked jurisdiction to proceed. ECF No. 17, at p. 1 (lines 21–28); p. 2 (lines 1–2). In response, the Plaintiff summarily argues that the Motion to Dismiss should be treated as a motion for summary judgment, ECF No. 36, p. 10 (lines 8–14), and maintains that the voluntary cessation and "capable of repetition, yet evading review" exceptions to the mootness doctrine apply, which the Federal Defendant failed to address in the 12(b) Objection/SJ Motion. ECF No. 36, p. 11 (lines 8–14). In addition, the Plaintiff maintains that it has decidedly demonstrated that the Federal Defendant's conduct violated at least 5 U.S.C. § 552 and 43 C.F.R. §§ 2.16 and 2.19. ECF No. 36, p. 16 (lines 3–5).

## II.     ARGUMENT

In the Motion to Dismiss, the Federal Defendant argued that the Amended Complaint should be dismissed on mootness grounds. The Federal Defendant contended that because the Plaintiff received the precise relief it sought—access to the requested records—the matter is moot such that no further relief was available under FOIA. ECF No. 34, p. 6 (lines 9–12). In response, the Plaintiff asserts that an exception to the mootness doctrine applies in the case at bar and that in addition to that the Federal Defendant failed to distinguish between the injunctive versus declaratory relief sought in the Amended Complaint, even if the injunctive relief sought was determined to be moot, the declaratory relief would still provide meaningful relief, whereby the declaratory judgment claims were not moot. ECF No. 36, at pp. 9 to 13.

**A. The Claims in the Amended Complaint Seeking Injunctive Relief are Moot if No Exception to the Mootness Doctrine Applies**

An issue is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). "The underlying concern is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *Id.* (internal citations

and quotations omitted). If the parties cannot obtain any effective relief, any opinion about the legality of a challenged action is advisory. *Id.*

To qualify as a case fit for federal-court adjudication, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser* v. *Newkirk,* 422 U.S. 395, 401 (1975) (internal quotation marks omitted) (quoting *Steffel* v. *Thompson,* 415 U.S. 452, 459, n. 10 (1974)); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be *any* effective relief." *Or. Natural Res. Council v. U.S. Bureau of Land Mgmt.,* 470 F.3d 818, 820 (9th Cir. 2006) (quoting *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988)). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (internal quotation marks omitted) (quoting *S. Or. Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004)). This constitutes a "heavy burden" requiring the party asserting mootness grounds "to establish that there is no effective relief remaining for a court to provide." *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir. 2011) (citing *Pintlar Corp. v. Fidelity and Casualty Co. of N.Y. (In re Pintlar Corp.)*, 124 F.3d 1310, 1312 (9th Cir. 1997)); *see also Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) ("That burden is always 'heavy,' as a case is not moot where any effective relief may be granted."); *FBI v. Fikre*, 601 U.S. 234 (2024). The Federal Defendant argued that because the records sought by the Plaintiff were ultimately produced by the Federal Defendant, the substance of the controversy disappeared as the production fulfilled the relief the Federal Defendant characterizes was sought by the Plaintiff. ECF No. 34, at p. 5.

The Ninth Circuit has held that an action for production of documents pursuant to FOIA becomes moot once the requested documents have been produced, regardless of when they are produced. *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); 5 U.S.C. § 552) ("[T]he production of all

nonexempt material, 'however belatedly,' moots FOIA claims.").[1] However, this only applies if is undisputed that all records in existence that must be produced have been produced. *See id.* (refusing to find FOIA claim moot where "defendants . . .have cited nothing in the record certifying that all the records in existence that must be produced have been produced"). To moot a FOIA claim "the agency's production must give the plaintiff everything to which he is entitled." *San Luis & Delta-Mendota Water Auth. v. United States DOI*, Case No. 1:15-cv-01412, 2016 U.S. Dist. LEXIS 1905, *5-7, 2016 WL 80631 (E.D. Cal. Jan. 6, 2016) (internal quotation marks omitted) (quoting *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012)). "Otherwise, there remains some effective relief that can be provided [to] the plaintiff, and the case is not moot." *Id.*

The Plaintiff is not arguing that the Federal Defendant failed to produce all non-exempt records in existence that are responsive to its FOIA request. Moreover, on August 12, 2025, the Plaintiff informed the Federal Defendant that Plaintiff was satisfied that it could conclude the litigation, subject to its recovery of attorney's fees and costs, in light of the Federal Defendant's August 5, 2025 and August 8, 2025 email correspondence confirming that the Bureau of Land Management had produced all public records related to the internal assessment of CAWP within the date ranges of the Plaintiff's FOIA request as no such records existed. *See* Ex. One; ECF No. 36-1. The Declaration of Ryan Witt, the FOIA officer for the Bureau of Land Management's Headquarters Office, ECF No. 34-2, certifies that all responsive, non-exempt records in existence have been produced, which in turn, the Plaintiff's counsel indicated resulted in the Plaintiff being amenable to settling the matter by payment of attorney's fees and costs. *See* Ex. One; ECF No. 36-1. Accordingly, the Ryan Witte Declaration is "relatively detailed and nonconclusory" and confirms that all documents have been produced, such that if no exception to the mootness doctrine applies, the Plaintiff's injunctive claims are rendered moot. *See e.g., Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002).

---

[1]      *See e.g., Perry v. Block*, 684 F.2d 121, 125, 221 U.S. App. D.C. 347 (D.C. Cir. 1982) ("[I]f we are convinced that appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.").

In support of this conclusion, the Federal Defendant emphasizes that the Plaintiff is not challenging the adequacy of the search performed by the Federal Defendant for responsive records. *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) (citing *Nw. Univ. v. Dep't of Agric.*, 403 F. Supp. 2d 83, 85-86 (D.D.C. 2005)) ("A FOIA claim is not moot, for example, if the agency produces what it maintains [are] all the responsive documents, but the plaintiff challenges whether the agency's search for records was adequate."); *id.* (citing 5 U.S.C. § 552(a)(3)(C)-(D) as requiring agencies to conduct a search reasonably calculated to uncover all records responsive to the request). Moreover, the Plaintiff does not appear to challenge the completeness of the production but instead directs its challenges to the timing of the productions. The Plaintiff contends that the Federal Defendant failed to produce even one record until after Plaintiff filed the lawsuit at bar and that full production (or final determination) did not occur until 4.5 years after the Plaintiff made its FOIA request. ECF No. 36, p. 15 (lines 14-17). Indeed, the Plaintiff asserts that the Federal Defendant's conduct demonstrates a pattern of delay and continued FOIA violations in failing to timely respond, which will recur. ECF No. 36, p. 15 (lines 18-27). Accordingly, the Plaintiff argues that two exceptions to the mootness doctrine apply to the case at bar. ECF No. 36, pp. 11–13.

Even if a case or claim is technically moot, it may nevertheless be judiciable if one of three exceptions to the mootness doctrine applies: (1) where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand"; (2) where defendant voluntarily ceased the challenged practice; and (3) for "wrongs capable of repetition yet evading review." *San Luis & Delta-Mendota Water Auth. v. United States DOI*, 2016 U.S. Dist. LEXIS 1905, at *11-12 (internal quotation marks omitted) (quoting *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964-66 (9th Cir. 2007)). The Plaintiff posits that the second and third exceptions to mootness apply in defending against the Motion to Dismiss.

As to the second exception, voluntary cessation, the Supreme Court has made it clear that a court may not conclude that a defendant's voluntary cessation of disputed conduct renders a case moot unless "the party urging mootness demonstrates that (1) 'there is no reasonable expectation that the alleged violation will recur,' and (2) 'interim relief or events

have completely or irrevocably eradicated the effects of the alleged violation.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citing *DeFunis* v. *Odegaard*, 416 U.S. 312 (1974); *Indiana Employment Security Div*. v. *Burney*, 409 U.S. 540 (1973); *SEC v. Medical Committee For Human Rights*, 404 U.S. 403 (1972)). Thus, the Federal Defendant has the heavy burden of demonstrating that it has completely eradicated the effect of the violations alleged by the Plaintiff in the Amended Complaint, *see Zukerman v. United States Postal Serv.*, 961 F.3d 431, 442 (D.C. Cir. 2020), which the Plaintiff argues it fails to meet in that it never even raised the mootness exceptions in the Motion to Dismiss. The Federal Defendant agrees that while the mootness exceptions were not expressly raised in its Motion to Dismiss, several of the cases cited therein do address the contours of the exceptions at issue. *See e.g., inter alia*, *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000); *Allen v. Wright*, 486 U.S. 737 (1984); *Perry v. Block*, 648 F.2d 121 (D.C. Cir. 1982).

In the Declaration of Laura Leigh, the Plaintiff has produced evidence that it intends to submit future FOIA requests that could be subjected to the same delays and regulatory and statutory violations, ECF No. 36-2, at § 17, 18, which is consistent with email correspondence between the parties' counsel of August 5, 2025, August 8, 2025, and August 12, 2025. Ex. One. Moreover, the Plaintiff did not demonstrate that the Federal Defendant's responsive production fails to qualify for the exemption claimed by the Federal Defendant under FOIA. *See United States DOJ v. Tax Analysts*, 492 U.S. 136, 141 (1989) (citing § 552(b)). Meanwhile, the Federal Defendant has produced evidence demonstrating that its production was complete and that the claimed exemptions were accepted by the Plaintiff.

Where there has been a voluntary cessation of allegedly illegal conduct and thereafter prolonged delays have repeatedly hindered the timely disclosure of non-exempt documents, the district court should seriously consider the likelihood of recurrence, weighing the good faith of any expressed intent to comply, the effectiveness, if any, of the discontinuance and the character of past violations. *Long v. United States Internal Revenue Service*, 693 F.2d 907, 909 (9th Cir. 1982) (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1952)). The Plaintiff has failed to provide adequate detail to sustain its burden in demonstrating that an exception

6

to the mootness doctrine based on voluntary cessation exists. Here, while the Plaintiff has alleged prolonged delays in response to more than 100 of Plaintiff's FOIA requests, it has failed to specify the nature and duration of such delays or describe the character of the delays. ECF No. 36, p. 12 (lines 6-13); ECF No. 36-2, at § 18.[2] The Plaintiff generally describes that one FOIA request remained outstanding after a period of 10 years without any specificity of whether any correspondence was received in response thereto and without any information pertaining to the nature of the requests. Moreover, the Federal Defendant's delays do not reflect bad faith but account for the classification of the "Exceptional/Voluminous" requests propounded in Plaintiff's FOIA request within the extraordinary track, *see* 43 C.F.R. § 2.15, which would require more than sixty workdays for processing, *see* ECF No. 36-2, Ex. C, and then are processed in the order received, 43 C.F.R. § 2.19. The Plaintiff has not contended otherwise. In addition, that the Plaintiff is not challenging the completeness of the production indicates the intent of the Federal Defendant to comply.

As to evading review, the Plaintiff contends that the Federal Defendant's challenged action is too short in time to be fully litigated prior to the cessation of the Federal Defendant's alleged unlawful conduct, which conduct is capable of recurring. The Plaintiff maintains that the Federal Defendant's production of its first responsive document production one month after the Plaintiff filed this action in conjunction with the Federal Defendant's subsequent production in July of 2025 demonstrates that the Federal Defendant's conduct is capable of repetition yet evading review. ECF No. 36, pp. 12 (lines 23-28) & 13 (lines 1-9). An issue that "evades review" is one which in its regular course resolves itself without allowing sufficient time for appellate review. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173-1174 (9th Cir. 2002).

---

[2]    *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (With respect to summary judgment procedure, the moving party always bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact.).

**B.    The Plaintiff fails to Meet its Burden in Demonstrating that the Federal Defendant's conduct violated FOIA and the Department of Interior's regulations as a Matter of Law or pursuant to Fed. R. Civ. P. 56**

If the Court finds that the injunctive relief sought in the Amended Complaint is rendered moot, it next turns to the declaratory relief. Where both injunctive and declaratory relief are sought but the request for injunctive relief is rendered moot, the case is not moot if declaratory relief would nevertheless provide meaningful relief. *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174-75 (9th Cir. 2002).[3] When a plaintiff seeks declaratory relief, as here, the "test for mootness . . . is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174-75 (9th Cir. 2002) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Stated another way, the 'central question' before us is 'whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'" *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005) (*en banc*) (quoting *West v. Sec'y of the Dep't of Transp.*, 206 F.3d 920, 925 n.4 (9th Cir. 2000)). Moreover, in assessing mootness, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Associated Gen. Contrs. of Am. v. Cal. DOT*, 713 F.3d 1187, 1194 (9th Cir. 2013) (internal quotation marks omitted) (quoting *Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 661-62 (1993)).

Hence, the Court next considers the Plaintiff's claims for declaratory relief. The Plaintiff contends that it is entitled to summary judgment on its cause of action seeking declaratory relief based on the Federal Defendant's violations of FOIA and the U.S. Department of Interior Regulations. ECF No. 36, p. 13 (lines 11–16).

---

[3]    Injunctive relief is appropriate where an agency has "repeatedly hindered the timely disclosure of [requested] documents . . . ." *Stockton E. Water Dist. v. United States*, Case No. 2:08-cv-0563, 2008 U.S. Dist. LEXIS 106027, *3 (E.D. Cal. Dec. 18, 2006) (internal quotation marks omitted) (quoting *Long v. United States Internal Revenue Service*, 693 F.2d 907, 909 (9th Cir. 1982)).

In moving for summary judgment, the Plaintiff, who bears the burden of proof on an issue at trial—here that the Federal Defendant's conduct violated FOIA and the Department of Interior's regulations, ECF No. 36, at p. 13 (citing ECF No. 17, at pp. 10-11)—must show that no reasonable trier of fact could not find in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To prevail in a FOIA action under 5 U. S. C. § 552 (a)(4)(B), a plaintiff must show "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Each of these criteria must be met before a district court can force the agency to comply with the FOIA request. *United States DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989).[4]

The Plaintiff points to the Federal Defendant's October 7, 2019 response to Plaintiff's FOIA request, ECF No. 36-2, Ex. C, as violating 5 U.S.C. § 552(a)(6)(B)(i) and 43 C.F.R. § 2.19(a). ECF No. 36, p. 14 (lines 5-25). However, the Plaintiff does not include any evidence admissible on summary judgment to demonstrate that the Plaintiff challenged the designated track or timeline set forth in the BLM's October 7, 2019 correspondence. ECF No. 36-2, Exs. A to G. Upon viewing the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, here the Federal Defendant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), the Plaintiff fails to satisfy Rule 56 by demonstrating that the Federal Defendant fully exhausted its administrative remedies either in challenging the process undertaken by the Federal Defendant or in challenging the exemptions claimed by the Federal Defendant. *Wilbur v. C.I.A.*, 355 F.3d 675, 677, 359 U.S. App. D.C. 380 (D.C. Cir. 2004) (In FOIA cases "[e]xhaustion of administrative remedies is generally required before seeking judicial review so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.").

Hence, the Plaintiff failed to exhaust its administrative remedies prior to seeking judicial review in the current action and is thus prohibited from raising challenges based on

---

[4]    *See also Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.")

alleged legal deficiencies and violations that the Plaintiff did not challenge administratively before seeking to do so through a cause of action in the Amended Complaint. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review.").[5] Furthermore, the Plaintiff has not argued that the FOIA exhaustion requirement was waived pursuant to a "constructive exhaustion provision" in light of the Federal Defendant missing a deadline. *Burrus v. United States Dep't of Agric. Usda Forest Serv.*, Case No. 2:20-cv-00845, 2023 WL 3456832, 2023 U.S. Dist. LEXIS 84679, *4-5 (E.D. Cal. May 12, 2023); 5 U.S.C. § 552(a)(6)(C)(i).

Accordingly, with respect to summary judgment on its cause of action alleging that the Federal Defendant's conduct violated FOIA and the Department of Interior's regulations, as the moving party, the Plaintiff, who bears both the ultimate burden of persuasion and the initial burden of producing those portions of the pleadings, discovery, and affidavits that show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Thus, because the Plaintiff fails to meet its burden in demonstrating that no issues of fact exist, it has failed to carry "its initial burden of production," whereby, the Federal Defendant as "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Accordingly, summary judgment should be denied as to the Plaintiff's cause of action alleging that the Federal Defendant violated 5 U.S.C. § 552(a)(6)(B)(i) and 43 C.F.R. § 2.19(a).

## III.    CONCLUSION

Finally, the Federal Defendant agrees with the Plaintiff that even if the case is dismissed as moot, the Court retains jurisdiction to hear the Plaintiff's motion for attorney's fees and costs under FOIA and 28 U.S.C. § 2412. ECF No. 36, p. 16 (lines 6–12).

---

[5]     *See In re Steele*, 799 F.2d at 466 ("[W]here no attempt to comply fully with agency procedures has been made," a Court may assert lack of jurisdiction under the exhaustion doctrine, although certain prudential considerations, such as futility, may warrant departure from this general rule.").

In conclusion, because the record does satisfy the Plaintiff's burden in moving for summary judgment under Fed. R. Civ. P. 56, summary judgment on its cause of action seeking for the Court to declare the Federal Defendant's violations of FOIA and Department of the Interior regulations must be denied along with any other claims for which summary judgment is sought. In turn, to the extent that the Court determines that the claims in the Amended Complaint for injunctive relief fail to fall within an exception to the mootness doctrine, the claims should be dismissed.

For the foregoing reasons, the Court should deny the 12(b) Objection/SJ Motion and grant the Federal Defendant such further and other relief as requested at the hearing or as the Court deems just and appropriate under the circumstances.

Respectfully submitted this 9th day of April 2026.

TODD BLANCHE
Acting Attorney General
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

*/s/ Marilyn E. Gartley*
MARILYN E. GARTLEY
Assistant United States Attorney
*Attorneys for the United States*

11