BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF AUTHORITIES

**Cases**

*Amadis v. United States Dep't of State*, 971 F.3d 364 (D.C. Cir. 2020) ........................................ 3

*Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024 (9th Cir. 2024) ..................................................... 3

*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) ................................................................................. 3

*Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*,
    122 F.4th 92(4th Cir.2024).........................................................................................................3

**Statutes**

5 U.S.C § 552................................................................................................................................3

**Rules**

43 C.F.R. §  2.16 ........................................................................................................................ 3, 4

43 C.F.R. §  2.19 ........................................................................................................................... 4

## I.    Argument

FOIA requires U.S. government agencies, including the BLM, to "promptly" make public records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. *See* 5 U.S.C. § 552(a)(3)(A). The FOIA obligates an agency responding to a FOIA request to issue a final determination on FOIA requests within 20 working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. 2.16. In issuing a final determination, an agency is required to inform the requester of three things: (1) the agency's determination of whether it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency. *See* 5 U.S.C. § 552(a)(6)(A)(i).

While it is true that, "as a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." *CREW v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013). A requester is deemed to have constructively exhausted his administrative remedies if the agency never issues a final determination. FOIA, 5 USCS § 552(a)(6)(C)(i) ; *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1025-26 (9th Cir. 2024); *Empower Oversight Whistleblowers & Rsch. v. Nat'l Insts. of Health*, 122 F.4th 92, 100-01 (4th Cir. 2024); *Amadis v. United States Dep't of State*, 971 F.3d 364, 372 (D.C. Cir. 2020); *see also Empower Oversight Whistleblowers & Rsch.*, 122 F.4th at 101 (when an agency issues its final determination after the initiation of FOIA litigation, the requester has constructively exhausted its remedies). Additionally, courts have discretion to waive the exhaustion requirement in certain circumstances, such as when exhaustion would be futile or contrary to orderly procedure and good administration. *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (2024).

The uncontroverted facts show the following unimpeached timeline of events related to the FOIA request at issue in this litigation:

1. On September 28, 2019, Plaintiff submitted a FOIA request to the BLM. Dkt. 36-2, Exh. B;

2. On October 7, 2019, BLM staff sent Plaintiff its "initial response" to Plaintiff's FOIA

request, advising it that the BLM had received its FOIA request and would require additional time to respond to it. Dkt. 36-2, Exh. C;

3. On various occasions throughout 2020, 2023, and 2025, BLM staff wrote to Plaintiff to ask if Plaintiff remained interest in receiving documents responsive to its September 28, 2019, FOIA request. Dkt. 36-2, ¶ 11, 12, Exhs. F, G. Plaintiff always responded affirmatively, but the BLM never provided Plaintiff a final determination or produced responsive records. *Id.*

4. On March 18, 2025, Plaintiff initiated this litigation, seeking to compel a final determination and/or documents responsive to its September 28, 2019, FOIA request. Dkt. 1.

5. On April 9, 2025, the BLM responded to Plaintiff's lawsuit over Plaintiff's September 28, 2019, FOIA request by sending Plaintiff 307 pages of pages of responsive documents. Dkt. 36-2, Exh. D.

6. On July 22, 2025, the BLM responded to Plaintiff's September 28, 2019, FOIA request with its final production of 21 pages of additional documents. Dkt. 36-2, Exh. E.

According to this timeline, the BLM failed to issue its final determination or respond to Plaintiff's September 28, 2019, FOIA request until after Plaintiff initiated this litigation. The BLM cannot disclaim liability for its egregious four year's long FOIA violation, because Plaintiff could have appealed a final determination that did not exist. Dkt. 43, p. 9-10. Moreover, Plaintiff's decision to refrain from further litigation over the BLM's redaction of information contained in produced documents does not obviate the BLM's failure to produce the documents in the first instance. To require a plaintiff to pursue litigation over redacted documents it does not wish to pursue to prevail in litigation designed to compel production of the underlying documents in the first instance would be ridiculous.

Because litigation was necessary to compel BLM's production of records, summary judgment is appropriate, and Plaintiff asks this Court to issue an order declaring, at a minimum, that BLM violated 5 U.S.C. § 552, 43 C.F.R. 2.16, and 43 C.F.R. 2.19. Moreover, Plaintiff and the BLM agree that even if this case is dismissed as moot, the Court retains jurisdiction to hear

Plaintiff's motion for attorney's fees and costs. Dkt. 38, p. 16; Dkt. 43, p. 10. Accordingly, Plaintiff requests that should the Court find this case moot, its order should include language acknowledging that it retains jurisdiction to hear a future motion for attorneys' fees and costs.

## II.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.

DATED: April 23, 2026,                    Respectfully Submitted,

/s/ *Brent M. Resh*
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com


/s/ *J. Rae Lovko*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff Wild Horse Education*