## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

WILD HORSE EDUCATION, a non-profit corporation,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,

Defendant.

Case No.: 3:25-cv-00152-MMD-CLB

ORDER

### I.    SUMMARY

In its First Amended Complaint, Plaintiff Wild Horse Education sued Defendant United States Department of Interior ("DOI"), Bureau of Land Management ("BLM") alleging that Defendant unlawfully withheld records from public disclosure in violation of the Freedom of Information Act ("FOIA")[1], 5 U.S.C. §552, *et seq.*, and U.S. Department of Interior regulations, 43 C.F.R. Subtitle A, Part 2. (ECF No. 17 ("FAC").) Before the Court is Defendant's motion to dismiss the FAC for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and the mootness doctrine. (ECF No. 34 ("Motion").)[2] For the reasons discussed below, the Court will grant the Motion based on mootness.

### II.    BACKGROUND

The following facts are primarily adapted from the FAC (ECF No. 17) unless otherwise noted.[3] This is a FOIA process dispute concerning the adequacy and timeliness

---

[1]FOIA is a statutory scheme under which individuals may request access to federal agency documents. *See* 5 U.S.C. § 552.

[2]Plaintiff responded (ECF No. 36), and Defendants replied (ECF No. 43).

*(fn. cont…)*

of an agency response to a request. Plaintiff—a national nonprofit engaged in research, journalism, and public education concerning federal and state management of free-roaming wild horse and burro populations—seeks the production of agency records from Defendant BLM, the federal agency responsible for administering and managing wild horse and burro populations on public lands. (ECF No. 17 at 3.) On September 28, 2019, Plaintiff submitted its FOIA request to BLM seeking records relating to the "evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy ("CAWP") from November 2015 to the present." (*Id.* at 7.)

On October 7, 2019, BLM responded, categorizing the request as "Exceptional/Voluminous," indicating that processing would likely require more than sixty working days. (*Id.* at 8.) In 2020 and 2021, Plaintiff submitted additional inquiries following up on the status of its initial request. (*Id.* at 8-9.) In response, BLM indicated that it had a "backlog" of requests and that Plaintiff's request would be processed "as the records bec[ame] available." (*Id.*)

Plaintiff filed this action on March 18, 2025. (ECF No. 1.) On April 9, 2025, after the filing of the initial complaint, BLM issued a final response producing 307 pages of responsive records. (ECF No. 17 at 9; ECF No. 34-1 at 2.) According to Plaintiff, "[o]f those pages produced, 204 pages were released in full; 103 pages were withheld in part or fully under FOIA Exemption 5." (ECF No. 17 at 9.) Plaintiff alleges that the "released records [did] not include any documents related to a status review or assessment of the CAWP Standards, [or] a review of the CAWP self-assessment tool." (*Id.*) Thereafter, on July 24, 2025, BLM located and produced an additional 21 pages of responsive records. (ECF No. 34-1 at 3.) According to the declaration of Ryan Witt, the FOIA officer for BLM's Headquarters, BLM's search was "reasonably calculated to uncover all responsive

---

[3]"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations omitted). Accordingly, the Court will consider the declaration submitted in connection with Defendant's Motion.

2

records, and all files reasonably expected to contain responsive records were searched." (ECF No. 34-1 at 2.)

Plaintiff asserts a single claim for violations of FOIA based on BLM's alleged failure to "promptly provide public, non-exempt records" and to issue a final determination in response to Plaintiff's request. (*Id.* at 10-11.) Plaintiff seeks declaratory and injunctive relief, including declarations that BLM violated FOIA disclosure requirements as well as an order requiring an adequate search for, and production of, all responsive non-exempt records. (*Id.* at 2, 11-12.)

## III.    DISCUSSION

Defendant moves for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that Plaintiff's FOIA claim became moot when BLM produced all responsive, non-exempt records and issued a final response to the request. (ECF No. 34 at 4-6.) According to Defendant, no live case or controversy remains because no further effective relief is available. (*Id.* at 6.) The Court agrees and grants dismissal on grounds of mootness.

Article III limits federal court jurisdiction to "actual, ongoing controversies," *see, e.g.*, *Honig v. Doe*, 484 U.S. 305, 317 (1988), and a case becomes moot if it "los[es] its character as a present, live controversy." *See West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)); *see also Grand Canyon Tr. v. U.S. Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012), *as amended* (Sept. 17, 2012) ("[M]ootness requires that an actual, ongoing controversy exist at all stages of federal court proceedings.") (internal citation omitted). The doctrine of mootness contemplates "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." *Id.* at n.4 (quoting Wright & Miller: 13A Federal Practice and Procedure § 3533.3). The rationale behind the doctrine is that, once the challenged conduct ceases, "there is no reasonable expectation that the wrong will be repeated," thereby foreclosing the possibility of "any

effectual relief."[4] *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

This case is moot. Defendant has met its burden of demonstrating mootness by showing that no effective relief can be granted on Plaintiff's FOIA claim, as the claim challenges the production of agency records that have already been produced. (ECF No. 34 at 4-6; ECF No. 43 at 2-5.) Moreover, Plaintiff concedes in the opening paragraph of its opposition that BLM produced the requested documents, acknowledging that, "Only after filing the Complaint did BLM finally produce responsive documents to Plaintiff." (ECF No. 36 at 6.) Notwithstanding, Plaintiff argues that it remains entitled to declaratory relief, including a declaration that BLM committed a FOIA violation by failing to "make a final determination" and "timely produce responsive documents prior to the lawsuit." (*Id.*) In other words, Plaintiff appears to challenge the delay in production. But, the Court is unpersuaded.

Courts have held that an action for production of documents under FOIA becomes moot once the requested documents have been produced, regardless of when they are produced. *See Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)) (holding that the production of all nonexempt material, "however belatedly," moots FOIA claims; and "however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform"). The Court thus agrees with Defendant that, because the requested records have been produced, no further effective relief is available, and the case is now moot.

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

---

[4]In deciding a mootness issue, the core inquiry is "whether there can be any effective relief" at all. *See Nw Envt'l Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988). Stated differently, to meet this burden, the party asserting mootness must demonstrate that no "effective relief" remains. *See, e.g., Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (internal citations and quotations omitted).

determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 34) is granted based on mootness.

It is further ordered that Plaintiff's FOIA claim is dismissed as moot.

The Clerk of Court is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 17th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE