BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS** |

Plaintiff Wild Horse Education (WHE) respectfully moves the Court for an award of attorneys' fees and costs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (a)(4)(E). This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declarations, as well as the papers, evidence and records on file, and any other written or oral evidence or argument as may be presented at or before the time this Motion is heard by the Court.

By this Motion, Plaintiff requests the Court award it $59,160 in fees and $711.16 in costs, for a total of $59,871.16, as Plaintiff is both eligible and entitled to fees and costs. Plaintiff substantially prevailed in this action, which caused Defendant Bureau of Land Management (BLM) to voluntarily and unilaterally change its position by producing unlawfully withheld public records. 5 U.S.C. § 552(a)(4)(E)(ii)(II). Additionally, Plaintiff's lawsuit was the catalyst that caused the agency to release documents after four-and-one-half-years. Had BLM simply complied with FOIA at the time it originally received WHE's FOIA request in 2019, this litigation could have been avoided.

Plaintiff is entitled to fees and costs, because (1) the records sought by Plaintiff's FOIA Request are in the public interest, (2) Plaintiff is a non-profit organization with no commercial interest in the records, and (3) Defendant had no colorable basis in law for denying Plaintiff access to the records sought in the FOIA Request. The amount requested is reasonable, particularly considering the successful outcome and the fact that WHE sought counsel skilled in FOIA litigation. Additionally, for months, Plaintiff's counsel tried to resolve the case without delay and the incurrence of associated billable hours.

Dated: August 2, 2026,                    Respectfully Submitted,

/s/ Brent M. Resh
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

/s/ Jessica L. Blome
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff Wild Horse Education*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

        A.      Wild Horse Education ............................................................................................ 1

        B.      Complaint and Litigation ...................................................................................... 2

        C.      Fees and Costs ....................................................................................................... 3

III.    STANDARD OF REVIEW ........................................................................................... 4

IV.     ARGUMENT ................................................................................................................. 5

        A.      Plaintiff is eligible for an award of reasonable attorneys' fees and costs. .............. 5

                1.      Plaintiff prevailed because BLM unilaterally and voluntarily
                        changed its position under 5 U.S.C. § 552 (a)(4)(e)(ii)(II) by
                        producing records and supplementing production after Plaintiff
                        filed this suit. ........................................................................................... 5

                2.      Plaintiff prevailed because this lawsuit was the catalyst that forced
                        BLM to produce documents. ..................................................................... 7

        B.      Plaintiff is entitled to an award of attorneys' fees and costs. ................................ 8

        C.      Plaintiff requests an award of $59,871.16 in attorneys' fees and costs. ............... 11

V.      CONCLUSION ............................................................................................................ 15

**TABLE OF AUTHORITIES**

**Cases**

*ACLU of Ariz. V. U.S. Dep't of Homeland Sec.,* No. CV- 17-01083- PHX-DJH, 2020 U.S. Dist. LEXIS 53533 at *13 (D. Ariz. 2020) ................................................................ 15

*Am. Civ. Liberties Union of N. Cal. v. Drug Enforcement Agency,* 2012 WL 5951312 (N.D. Cal. Nov. 8, 2012) .............................................................. 12

*Basin and Range Watch v. Bureau of Land Management and U.S. Dept. of Interior*, No. 2:16-cv-00403-JCM-PAL, Dkt. No. 64 (D. Nev 2016). ......................................... 15

*Brayton v. Off. of the U.S. Trade Rep.,* 641 F.3d 521 (D.C. Cir. 2011) ...................................................................................... 9

*Church of Scientology v. Harris,* 653 F.2d 584 (D.C. Cir. 1981) ...................................................................................... 8

*Cohodes v. United States DOJ,* 2025 U.S. Dist. LEXIS 40006 (Jan. 1, 2025) ........................................................... 10

*Cotton v. Heyman,* 63 F.3d 1115 (D.C. Cir. 1995) .................................................................................... 10

*Davy v. C.I.A.,* 550 F.3d 1155 (D.C. Cir. 2008) .............................................................................. 5, 13

*Dep't of Just. v. Tax Analysts,* 492 U.S. 136, 142 n.3 (1989) ...................................................................................... 14

*Elec. Priv. Info. Ctr. v. Natl. Sec. Agency*, 87 F. Supp. 3d 223 (D.D.C. 2015) ................................................................................ 6

*Environmental Defense Fund v. U.S. Environmental Protection Agency,* No. 17-cv-02220 (APM), 2022 U.S. Dis. LEXIS 7327, at *9 (D.D.C. Jan. 13, 2022) ........................ 9

*Fiduccia v. United States Dept. of Justice,* 185 F.3d 1035 (9th Cir. 1999) .................................................................................... 13

*First Amendment Coalition v. United States DOJ,* 878 F.3d 1119 (9th Cir. 2017) ................................................................................ 7, 10

*Fox v. Vice*, 563 U.S. 826, 838 (2011) ......................................................................................... 6

*Grand Canyon Tr. v. Bernhardt,* 947 F.3d 94 (D.C. Cir. 2020) ....................................................................................... 8

*Hiken v. Dept. of Def.,* 836 F.3d 1037 (9th Cir. 2016) ......................................................................... 4, 5, 6, 14

*Jud. Watch, Inc. v. U.S. Dept. of Just.,*
    878 F. Supp. 2d 225 (D.D.C. 2012) ........................................................................ 11

*Long v. IRS,*
    932 F.2d 1309 (9th Cir. 1991) ............................................................................ 4, 12

*Miller v. U.S. Dept. of State,*
    779 F.2d 1378 (8th Cir. 1985) ............................................................................... 11

*Morales v. City of San Rafael,*
    96 F.3d 359 (9th Cir. 1996) ..................................................................................... 5

*Nationwide Bldg. Maint., Inc. v. Sampson,*
    559 F.2d 704 (D.C. Cir. 1977) ................................................................................. 5

*Poulsen v. Dep't of Def.,*
    994 F.3d 1046 (9th Cir. 2021) .............................................................................. 4, 9

*Roberts v. City & Cty. of Honolulu,*
    938 F.3d 1020 (9th Cir. 2019) ........................................................................... 14, 16

*Rosenfeld v. U.S. Dept. of Just.,*
    904 F. Supp. 2d 988 (N.D. Cal. 2012) .................................................................... 13

*Sierra Club v. U.S. Env't Prot. Agency,*
    No 19-cv-03018 (APM), 2021 U.S. Dist LEXIS 67679 (D.D.C. Mar. 31. 2021) .................. 7, 8

*Sierra Club v. U.S. Envt. Prot. Agency,*
    75 F. Supp. 3d 1125 (N.D. Cal. 2014) ............................................................... 10, 12

*U.S. Right to Know vs. U.S. Dept. of Health and Human Services, et al.*, No. 03:23-cv-
    04120- PHK, Dkt. No. 68 (N.D. Cal. 2023) ........................................................... 15

*Weisberg v. U.S. Dept. of Just.,*
    745 F.2d 1476 (D.C. Cir. 1984) ............................................................................... 5

**Statutes**

16 U.S.C § 1333 (b)(2)(B) .......................................................................................... 2

28 U.S.C. § 2412 ........................................................................................................ 1

5 U.S.C. § 552 (a)(4)(E) ........................................................................................ 1, 18

5 U.S.C. § 552 (a)(4)(E)(i) ................................................................................... 4, 5, 6

5 U.S.C. § 552 (a)(4)(E)(ii)(I) .................................................................................... 4

5 U.S.C. § 552 (a)(4)(E)(ii)(II) ................................................................................... 6

5 U.S.C. § 552 (A)(4)(E)(ii)(II) ................................................................................................... 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff respectfully moves the Court for an award of attorneys' fees and costs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (a)(4)(E). Plaintiff's lawsuit successfully caused BLM, after more than 4.5 years of delay, to finally search for, process, and produce records responsive to Plaintiff's September 28, 2019, FOIA request for documents related to the "evaluation, training, proposed changes to, and effectiveness of BLM's Comprehensive Animal Welfare Policy ("CAWP") from November 2015 to the present." (FOIA Request). Dkt. 17; Dkt. 36-2.

Prior to Plaintiff filing the complaint in this action and for more than four years, BLM produced no records responsive to Plaintiff's FOIA Request. After Plaintiff filed this lawsuit, BLM initially responded by producing more than 300 pages of responsive documents and upon request, supplemented its initial production with 21 pages of additional documents. Dkt. 36-2, Exhs. D, E. Had BLM simply complied with Plaintiff's FOIA in a statutorily compliant and timely manner, this litigation would have been avoided. Now, with the merits resolved, Plaintiff requests the Court award Plaintiff its attorneys' fees and costs. The Court retains jurisdiction to hear and rule upon Plaintiff's motion for attorneys' fees and costs pursuant to 5 U.S.C. § 552 (a)(4)(E) and 28 U.S.C. § 2412.

### II.    BACKGROUND

#### A.    Wild Horse Education

Plaintiff Wild Horse Education is a national non-profit corporation dedicated to research, journalism, and public education concerning the activities and operations of federal and state management of free roaming horse and wild burro populations. Declaration of Laura Leigh in support of Plaintiff's Motion for Fees and Costs (Leigh Decl.), ¶ 1. Founded in 2011 by President Laura Leigh, the organization has more than 150,000 members. *Id.* at ¶ 2; Dkt. 17, ¶ 10. As an advocacy organization, WHE relies on FOIA requests to secure critical documents from government agencies, including the Bureau of Land Management. Leigh Decl., ¶ 3. Many

of the documents that inform WHE's work have been obtained through public records requests. *Id.* These records and documents supplement and increase the data WHE shares with the public, which includes articles, photographs, videos. *Id.*; Dkt. 17, ¶ 10. WHE disseminates FOIA-produced records to members and followers through its website and outreach. Leigh Decl., ¶ 3.

On September 28, 2019, Plaintiff WHE submitted a FOIA request to BLM. Dkt. 36-2, Exh. B. This FOIA Request specifically sought information on performance evaluations for the effectiveness of the Comprehensive Animal Welfare Policy (CAWP). *Id.* In drafting the FOIA Request, WHE sought to understand and assess how BLM's process of managing wild horses and their environment has been effectuated and whether it complies with the Wild and Free-Roaming Horses and Burros Act (Act). 16 U.S.C § 1333 (b)(2)(B) & (C); Leigh Decl., ¶ 4.

On October 7, 2019, BLM staff sent Plaintiff its "initial response" to Plaintiff's FOIA Request, advising it that BLM had received its FOIA Request and would require additional time to respond to it. Dkt. 36-2, Exh. C. On various occasions throughout 2020, 2023, and 2025, BLM staff wrote to Plaintiff to ask if Plaintiff remained interest in receiving documents responsive to its September 28, 2019, FOIA Request. Dkt. 36-2, ¶ 11, 12, Exhs. F, G. Plaintiff always responded affirmatively to these inquiries but nevertheless, BLM never provided Plaintiff a final determination or produced responsive records. *Id.*

On March 18, 2025, because BLM failed to issue a final determination and/or documents responsive to Plaintiff's September 28, 2019, FOIA Request, Plaintiff initiated this litigation. Dkt. 17. By that time, more than four years had passed from Plaintiff's submission of its FOIA Request. *Id.* at ¶ 34.

### B.    Complaint and Litigation

Plaintiff's lawsuit sought declaratory and injunctive relief, including a declaration that BLM violated the FOIA and ordering production of all responsive, non-exempt records. Dkt. 17, pp. 11-12.  The timeline for litigation is as follows:

- September 28, 2019, Plaintiff submitted a FOIA request to BLM. Dkt. 36-2, Exh. B.
- October 7, 2019, BLM sent an "initial response" documenting receipt and stating it

needs additional time to process the request. Dkt. 36-2, Exh. C.

- Over the period of 2020 to 2025, Plaintiff contacted BLM to inquire about the status of the FOIA Request; Dkt. 36-2, ¶ 11;

- Once in 2023 and again in 2025, BLM staff wrote to Plaintiff to confirm interest in receiving documents responsive to the September 28, 2019, FOIA Request, and Plaintiff consistently responded in the affirmative yet BLM produced no records. Dkt. 36-2, ¶ 11, 12, Exhs. F, G;

- March 18, 2025, Plaintiff filed this complaint compelling final determination and/or documents. Dkt. 17;

- April 9, 2025, BLM responded to Plaintiff's lawsuit based on Plaintiff's September 28, 2019, FOIA Request by transmitting 307 pages of pages of responsive documents. Dkt. 36-2, Exh. D.

- July 22, 2025, BLM produced final 21 pages of documents responsive to Plaintiff's September 28, 2019, FOIA Request. Dkt. 36-2, Exh. E.

On June 17, 2026, this Court issued an Order dismissing Plaintiff's claim, declaring BLM's violation of the FOIA moot, because after Plaintiff filed this lawsuit, BLM produced the requested documents. Dkt. 46, p. 4.

**C.     Fees and Costs**

This Court retains jurisdiction to determine Plaintiff's eligibility for attorneys' fees and costs and Defendants have stipulated to the same. Dkt. 43, p. 10. Following formal resolution of the matter, on June 23, 2026, Plaintiff's counsel sent correspondence to counsel with an estimate of Plaintiff's fees and costs and an offer of settlement. Declaration of Jessica Blome in support of Plaintiff's Motion for Fees and Costs (Blome Decl.), ¶ 21. On June 26, 2026, Defendant responded with a counteroffer. *Id.* at ¶ 22. That day, Plaintiff replied to Defendant's email with another offer of settlement, lower than Plaintiff's June 23, 2026, request. *Id.* To date, Defendant has not responded to Plaintiff's last offer. *Id.* at ¶ 23. Settlement was not within reach and WHE prepared the instant motion.  *Id.* at ¶ 24.

### III.    STANDARD OF REVIEW

"The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552 (a)(4)(E)(i). A plaintiff "substantially prevails" if the plaintiff "obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552 (a)(4)(E)(ii)(I)–(II). "A complainant is deemed eligible for a fee award by satisfying either subsection." *Poulsen v. Dept. of Def.*, 994 F.3d 1046, 1050 (9th Cir. 2021) (quotation omitted). If a plaintiff establishes eligibility to fees and costs, "the district court may, in the exercise of its discretion, determine that the [complainant] is *entitled* to an award of attorney's fees." *Id.* (alteration and emphasis in original) (citing *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991) (per curiam)).

In making the "entitlement" determination, courts consider four criteria: "(1) the public benefit from the disclosure, (2) any commercial benefit to the plaintiff resulting from the disclosure, (3) the nature of the plaintiff's interest in the disclosed documents, and (4) whether the government's withholding of the records had a reasonable basis in law." *Hiken v. Dept. of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (citation omitted). "Essentially, the first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage." *Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008) ("*Davy II*"). As to the fourth factor in the entitlement calculus, "[t]he question is not whether [the plaintiff] has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [the plaintiff] filed suit"; and if the agency makes such a showing, that factor is "weighed along with other relevant considerations in the entitlement calculus." *Id.* at 1162–63 (citation omitted). In deciding fees and costs, courts should "bear[] in mind that under FOIA, attorneys' fees are to be awarded in light of [FOIA's] basic policy— 'the encouragement of maximum feasible access to government information.'" *Weisberg v. U.S.*

*Dept. of Just.*, 745 F.2d 1476, 1499 (D.C. Cir. 1984) (quoting *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977)).

After satisfying both eligibility and entitlement requirements, the next step is to determine an award of "reasonable" fees and costs that were "reasonably incurred" in the case. 5 U.S.C. § 552 (a)(4)(E)(i). "The 'customary method' for awarding fees is the lodestar method, which is performed by multiplying the number of hours reasonably expended by the prevailing party in the litigation by 'reasonable hourly rate.'" *Hiken*, 836 F.3d at 1044 (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). There is a "strong presumption" that the lodestar figure represents a reasonable award. *Id*. "It is axiomatic that 'trial courts need not, and indeed should not, become green-eyeshade accountants' in examining fee requests since '[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.'" *Elec. Priv. Info. Ctr. v. Natl. Sec. Agency*, 87 F. Supp. 3d 223, 235 (D.D.C. 2015) (*quoting Fox v. Vice*, 563 U.S. 826, 838 (2011)).

## IV.   ARGUMENT

According to the FOIA, this court may assess reasonable attorney fees and other litigation costs against the United States where the complainant has substantially prevailed 5 U.S.C. § 552 (a)(4)(E)(i). As detailed below, Plaintiff is eligible and entitled to fees and costs, because the records produced benefit the public interest, Plaintiff gained no commercial benefit from the litigation, Plaintiff's interest in responsive records is to investigate the government's humane treatment of wild burros and horses on public land and promote government transparency and accountability, and BLM's failure to timely respond to Plaintiff's FOIA request and failure to issue a final determination had no reasonable basis in law. Finally, Plaintiff's requested fees and costs are reasonable and represent the exercise of sound billing discretion.

### A.   Plaintiff is eligible for an award of reasonable attorneys' fees and costs.

**1.   Plaintiff prevailed because BLM unilaterally and voluntarily changed its position under 5 U.S.C. § 552 (a)(4)(E)(ii)(II) by producing records and supplementing production after Plaintiff filed this suit.**

A FOIA complainant may demonstrate that they have "substantially prevailed" by a

voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial. 5 U.S.C. § 552 (a)(4)(E)(ii)(II); *First Amendment Coalition v. United States DOJ,* 878 F.3d 1119, 1131 (9th Cir. 2017). First, the complainant must have "received from the agency some of the information she was suing for." *First Amendment Coalition,* 878 F.3d at 1131. Second, the relief must have been obtained by the agency voluntarily or unilaterally changing position, meaning "the willing disclosure of information to the complainant by an agency." *Id.*

A plaintiff was eligible for fees and costs when its lawsuit caused a "voluntarily or unilateral" change in position by the agency, because the "institution and prosecution of litigation caused the agency to release the documents obtained." *Sierra Club v. U.S. Env't Prot. Agency,* No 19-cv-03018 (APM), 2021 U.S. Dist LEXIS 67679, at *2 (D.D.C. Mar. 31. 2021). There, plaintiff submitted a FOIA request to the Environmental Protection Agency ("EPA") and EPA produced records only after plaintiff filed a lawsuit. *Id.* at *5. Plaintiff moved for fees as the prevailing party and EPA asserted plaintiff had not established eligibility because prior to the lawsuit, EPA had been prepared to produce records and therefore, causation was lacking. *Id.* In assessing plaintiff's eligibility for fees, the court considered EPA's change in litigation position as to whether it would produce records between the answer and subsequent status reports indicating it would do so. *Id.* In rejecting EPA's argument, the court determined EPA failed to properly indicate readiness to deliver some records before the lawsuit. *Id.* at *8. There, the change in EPA's position sufficiently determined eligibility for fees as "it took Plaintiff's suit to change [agency's] mind." *Id.*

Similarly, Plaintiff substantially prevailed under 5 U.S.C. § 552 (a)(4)(E)(ii)(II) because BLM unilaterally and voluntarily changed its position by producing documents only after Plaintiff filed this lawsuit. Dkt. 36-2, Exh. D. Pre-lawsuit, and for more than four years, BLM failed to provide even a date by which documents would be produced. Dkt. 36- 2, Exhs. B, C. Less than a month after filing the complaint, BLM produced responsive documents. Blome Decl., ¶ 7.  Nothing prevented BLM from producing records responsive to Plaintiff's FOIA Request before this action. Moreover, BLM's position is much worse than EPA in *Sierra Club,* as there is no evidence that BLM *intended* to disclose records before Plaintiff filed its lawsuit.

*Id.*; Dkt. 36, pp. 7-8. For purposes of fee eligibility, BLM's voluntary and unilateral change in position demonstrates that Plaintiff prevailed. *First Amendment Coalition,* 878 F.3d at 1131.

> **2.    Plaintiff prevailed because this lawsuit was the catalyst that forced BLM to produce documents.**

A plaintiff is eligible for fees and costs pursuant to the "catalyst" theory by showing that the "institution and prosecution of the litigation cause[d] the agency to release the documents obtained." *Grand Canyon Tr. v. Bernhardt,* 947 F.3d 94, 97 (D.C. Cir. 2020) (quoting *Church of Scientology v. Harris,* 653 F.2d 584, 587 (D.C. Cir. 1981)). "Under this doctrine, a plaintiff 'substantially prevailed' not only when he obtained an official disclosure order from a court, *but also when* he substantially caused the government to release the requested documents before final judgment." *Poulsen*, 994 F.3d at 1051 (quoting *Brayton v. Off. of the U.S. Trade Rep.,* 641 F.3d 521, 524–25 (D.C. Cir. 2011) (emphasis original).

As explained in *Environmental Defense Fund v. U.S. Environmental Protection Agency,* the catalyst theory of fee eligibility requires asking whether it is "more probable than not" that the government would not have begun to process a plaintiff's FOIA request absent the lawsuit. No. 17-cv-02220 (APM), 2022 U.S. Dis. LEXIS 7327, at *9 (D.D.C. Jan. 13, 2022). In that case, EPA failed to meet the FOIA's 20-day determination deadline and sent the FOIA requester "sporadic and nonsubstantive" communications. *Id.* at * 9.  "The agency never substantively responded by providing records" and the court found it "more probable than not" the government would not have begun to process plaintiff's requests "absent the lawsuit." *Id.* at 13 (quoting *Grand Canyon Tr.*, 947 F.3d at 9 (internal citations omitted).

Here, in response to Plaintiff's September 28, 2019, FOIA Request, BLM sent sporadic emails to Plaintiff. *See* Dkt. 36-2, Exhs. F, G (pp. 349-251). On December 4, 2023, and again on February 10, 2025, for instance, BLM stated a backlog of requests impacted the agency's ability to process the Request. Dkt. 36-2, pp. 349, 351. Like *Environmental Defense Fund,* these emails provided scant substantive information while seeking confirmation that Plaintiff remained interested in having the FOIA Request processed. *Id* at p. 349.

Plaintiff's FOIA complaint caused BLM to release requested records. Only after this suit

began, more than 4.5 years after Plaintiff submitted its FOIA Request, did BLM search for, process, and produce records to Plaintiff. Blome Decl., ¶ 7; Leigh Decl., ¶ 10; *see also* Dkt. 36-2, Exhs. D, E. There is no indication nor an allegation from BLM that Plaintiff had not been earlier entitled to the documents. And, there is also no indication that BLM conducted a search for responsive documents before Plaintiff filed this complaint. *See* Dkt. 36-2, Exhs. F, G. In fact, BLM only stated that the request fell into the "Exceptional/Voluminous track," which now appears to be untrue because BLM only produced 321 pages of responsive documents. Dkt. 36-2. There can be no doubt that Plaintiff's FOIA Request would have continued to languish in BLM's FOIA office had Plaintiff not filed this litigation to inspire compliance. *See First Amendment Coalition,* 878 F.3d at 1128. In other words, Plaintiff prevailed, because this lawsuit was the catalyst to BLM's compliance with FOIA.

**B.      Plaintiff is entitled to an award of attorneys' fees and costs.**

The first factor in the entitlement analysis is the public benefit derived from disclosure. "The public-benefit prong 'speaks for an award of attorney's fees where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.'" *Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C. Cir. 1995) (internal brackets, citation omitted); *Cohodes v. United States DOJ,* 2025 U.S. Dist. LEXIS 40006, *27 (Jan. 1, 2025). The public benefit factor considers the "degree of dissemination and the likely public impact that might result from disclosure." *Sierra Club v. U.S. Envt. Prot. Agency,* 75 F. Supp. 3d 1125, 1142 (N.D. Cal. 2014). It is in the public interest to disclose information to the media or private parties who "seek to shed light on the actions of the government and the underlying circumstances of newsworthy events." *Miller v. U.S. Dept. of State,* 779 F.2d 1378, 1389-90 (8th Cir. 1985). Records casting doubt on the accuracy of government officials' representations satisfies the public interest prong. *Jud. Watch, Inc. v. U.S. Dept. of Just.,* 878 F. Supp. 2d 225, 236 (D.D.C. 2012).

As Plaintiff WHE's Founder and President, Laura Leigh, explains, Plaintiff is a nonprofit educational and advocacy group that uncovers, reports on, and publishes documents and

information obtained through public record law that provides information about the plight of wild horses and burros on public land, and in the government warehousing system for these animals. Leigh Decl., ¶ 2. WHE works to end the inhumane treatment of these heritage animals through various means, including by, among other things, educating the public and encouraging advocacy on behalf of wild horses and burros. *Id.* at ¶ 2. A founding premise of WHE is that "an educated advocacy is the best defense our wild horses and burros can have." *Id.* at ¶ 3.

Ms. Leigh describes that "WHE relies on FOIA requests" and that "[m]any of the documents that inform WHE's work have been obtained through public records requests." *Id.* at ¶ 4. The organization posts records obtained through FOIA records, making them available on WHE's website and sharing them via outreach including creating publications for the organization and members. *Id.* One purpose of documenting government activity is to "facilitate public awareness and participation" in the oversight of wild horses and burros, and "in the public decision-making process." *Id.*

Plaintiff's FOIA request sought records essential to understanding BLM's compliance with humane treatment of wild horses and burros and the actions of the government regarding the same. Leigh Decl., ¶¶ 4,5. According to BLM, the CAWP assessment tool used to evaluate CAWP standards for Wild Horse and Burro Gathers served the purpose of enhancing transparency in government removal of animals, ensuring their humane care. Dkt. 17, ¶ 38.

Whether BLM conducts self-assessment of the efficacy of the CAWP program, and exactly what this self-assessment looks like is important to Plaintiff and the public at large. *Id.* at ¶ 40. The public has the right to understand government actions and operations, "especially as they pertain to evaluation of CAWP's effectiveness in protecting the welfare of wild horses and burros." *Id.* Laura Leigh testifies that on behalf of WHE, these records are often used to communicate effectively with BLM, for instance, to encourage additional training in humane welfare standards for horses and burros. *Id.* at ¶ 3. The records sought in WHE's FOIA request "provid[e] WHE the opportunity to fully evaluate compliance with the law." *Id.* at ¶ 15.

The second and third entitlement factors are frequently considered together. *See Sierra Club*, 75 F. Supp. 3d at 1144. In general, "[i]f either commercial benefit will inure to the plaintiff

from the [obtained] information or plaintiff intends to protect a private interest…an award of attorney's fees is not recoverable." *Id.* Conversely, "where plaintiff is indigent or a nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information." *Id.* Ninth Circuit precedent instructs courts evaluating these two factors that they "should generally award fees if the complainant's interest in the information sought was…public-oriented." *Id.* (quoting *Long*, 932 F.2d at 1316). Additionally, "where a plaintiff is a 'nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information.'" *Am. Civ. Liberties Union of N. Cal. v. Drug Enforcement Agency,* 2012 WL 5951312, at *4 (N.D. Cal. Nov. 8, 2012).

Plaintiff is entitled to fees and costs under these two factors. WHE is a non-profit organization. Leigh Decl., ¶ 2. WHE has no commercial interest in the records that are responsive to its FOIA Request from September 28, 2019. *Id*. at ¶ 10. Disclosure of the requested records is critical to WHE's ability to understand BLM's compliance with the law and its own internal policies. *Id.* at ¶ 8. WHE seeking and disclosing records contributes to the public's knowledge regarding governmental operations relating to the issue of animal welfare. *Id.* at ¶ 3. Additionally, as Ms. Leigh stated, "WHE"s activities are impacted by BLM's delay and violations of FOIA in providing relevant, responsive records." *Id.* at ¶ 14.

The fourth factor considers "whether the government's withholding of the records sought had a reasonable basis in law." *Sierra Club*, 75 F. Supp. 3d at 1145. The denial of a FOIA request must have a colorable basis in law and not have been merely for the purpose of frustrating the requester. *Rosenfeld v. U.S. Dept. of Just.,* 904 F. Supp. 2d 988, 999 (N.D. Cal. 2012) (citations omitted). The burden is on the government to demonstrate that its conduct is reasonable. *Davy II,* 550 F.3d at 1163.

Defendant has no colorable basis in law for denying Plaintiff access to the records sought in the FOIA request. After BLM acknowledged receipt of Plaintiff's request, it failed to comply with FOIA's 20-day determination deadline, repeatedly failed to provide estimated completion dates, and failed to produce any records until more than **four years** after receiving Plaintiff's FOIA request, and then only after they were sued. Dkt. 46, p. 4. BLM may have categorized the

request as "Exceptional/Voluminous" and stated that more than sixty working days was required to produce, but there is no basis for a delay of more than four years. See *Fiduccia v. United States Dept. of Justice,* 185 F.3d 1035, 1041 (9th Cir. 1999) (Court refused to excuse the government's excessive delay even where "practical difficulties" existed due to budget cutbacks beyond the agency's control.) The Court is to evaluate whether the government meets its burden of establishing a reasonable basis for withholding records and a backlog in this case simply does not meet this burden. FOIA places the burden on the agency to demonstrate the reasons why it failed to disclose the records sought by the plaintiff and BLM fails to meet this burden. *Dep't of Just. v. Tax Analysts,* 492 U.S. 136, 142 n.3 (1989).

In sum, all entitlement factors weigh in favor of awarding Plaintiff fees and costs.

**C.      Plaintiff requests an award of $59,871.16 in attorneys' fees and costs.**

Plaintiff requests the Court award it $59,160.00 in fees and $711.16 in costs, for a total of $59,871.16. Blome Decl., ¶ 27, Exhs. A (timesheets), ¶ 35 (anticipated fees for reply), ¶ 36, Exh. C (costs receipt); Resh Decl., ¶ 6, Exh. 1 (timesheets).  When a plaintiff is "both eligible for and entitled to recover fees," the award must be given and the only room for discretion concerns the reasonableness of the amount requested." *Long,* 932 F.2d at 1314. The Court reviews plaintiff's fee bill and scrutinizes the reasonableness of hours expended and hourly fee claimed. *Id.* at 1313-14. When these two figures are reasonable, then there is a strong presumption that the lodestar, the product of these figures, is reasonable. *Id.*

A party moving for fees must provide substantial evidence of the prevailing market rate in the forum where the district sits.  *Id.* at 1044.  Courts ordinarily consider affidavits of plaintiff's attorneys to determine an appropriate lodestar amount as well as prior fee awards. *Roberts v. City & Cty. of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (appropriate standard is to consider both declarations as well as previous fee awards in determining prevailing market rate). In accordance with Local Rule 54-14(b)(3)(L), Plaintiff discloses similar attorney fee awards under FOIA in the U.S. District Court for the District of Nevada and the U.S. District Court for the District of Arizona. Blome Decl., ¶¶ 30-31. For instance, ten years ago, this district

awarded $495 per hour to a public interest attorney with 27 years of experience. Blome Decl., ¶ 31; *Basin and Range Watch v. Bureau of Land Management and U.S. Dept. of Interior*, No. 2:16-cv-00403-JCM-PAL, Dkt. No. 64 (D. Nev 2016). In 2020, the U.S. District Court for the District of Arizona determined reasonable hourly rates in a FOIA matter for two attorneys at $675 per hour to $710 per hour for an attorney with nearly 40 years of experience and $310 per hour to $375 per hour for an attorney with five years of civil litigation experience. Blome Decl., ¶ 30; *ACLU of Ariz. V. U.S. Dep't of Homeland Sec.,* No. CV- 17-01083- PHX-DJH, 2020 U.S. Dist. LEXIS 53533 at *13 (D. Ariz. 2020). There, the reasonable hourly rate for two paralegals with "extensive litigation experience" was $185-195 per hour and $160 to $196 per hour. *Id.* at *14.

Attorney Blome also provides evidence of a comparable 2025 fee award in a FOIA matter in the U.S. District Court for the Northern District of California that set forth the following market rates for Greenfire Law attorneys:

- An award of $1,141 per hour to Rae Lovko;
- An award of $948 per hour to Jessica Blome
- An award of $948 per hour to Lily Rivo;
- An award of $259 per hour for administrative staff and paralegals.

Blome Decl., ¶ 32, Exh. B. In *U.S. Right to Know vs. U.S. Dept. of Health and Human Services, et al*., No. 03:23-cv-04120- PHK, Dkt. No. 68 (N.D. Cal. 2023), the Court awarded Greenfire Law the above-referenced prevailing rates for work on a FOIA case involving litigation of claimed exemptions and redactions following eventual production, including a Court order requiring Defendant to abide by agreed-upon deadlines to produce reprocessed documents. Blome Decl., ¶ 32, Exh. C, p. 5. Much of the fees in that case involved fee negotiation and eventual litigation, including briefing and oral argument.  *Id.*

Evidence of prevailing attorney market rates includes more than solely looking to a prior fee award, as that is "not an acceptable substitute for considering declarations submitted." Blome Decl., ¶ 27, Exh. B, p. 14 (*U.S. Right to Know*, No. 03:23-cv-04120- PHK, Dkt. 68 (N.D. Cal. 2023)), citing *Roberts,* 938 F.3d at 1025. Instead, turning to Local Rule 54-14 and the content required within a motion for attorneys' fees, Plaintiff submits that its attorneys' skill, experience,

and reputation, coupled with the excellent results achieved weigh in favor of awarding the rates are requested. Leigh Decl., ¶¶ 11-12; Blome Decl., ¶ 29. Attorneys Blome and Resh attach declarations attesting to the reasonableness of their rates based on their experience, reputation, and abilities. *See* Blome Decl., ¶ 27, Exh. A; Declaration of Brent M. Resh in support of Plaintiff's Motion for Fees (Resh Decl), ¶ 6, Exh.1. Plaintiff enforced BLM's compliance with FOIA and obtained a release of improperly withheld documents, establishing excellent results that support the public disclosure purpose of FOIA.  *See* Leigh Decl., ¶¶ 11-12; L.R. 54-14 (a)(3)(A). Attorneys Blome and Lovko, each with twenty years of experience, seek $550/hour, although each could command more. Blome Decl., ¶¶ 30-32; L.R. 54-14 (a)(3)(F). Attorney Rivo seeks $350 per hour and has twenty years of experience. *Id.* at ¶ 5.

The second part of the lodestar calculation concerns the hours reasonably expended in the litigation. The table below presents a summary of the hours incurred at Greenfire Law and The Law Office of Brent M. Resh, for the Court's convenience. *See* Blome Decl., ¶ 34, Table 1; *Id.* at ¶ 27, Exh. A (timesheet entries); Resh Decl. ¶ 6, Exh. 1 (timesheet entries). The hours identified in the table below and within supporting declarations are current through August 1, 2006, for the Greenfire Law firm and July 2, 2026, for The Law Office of Brent M. Resh. Blome Decl., ¶ 27; Resh Decl., ¶ 6.  Additional hours incurred, "fees-on-fees," are anticipated to be $7,000.00 and will be formally substantiated with Plaintiff's reply brief. Blome Decl., ¶ 35.

*Table 1: Attorneys' Fees*

| Timekeeper & Role | Hourly Rate | Billed Hours | Hours Sought | Total Requested |
|---|---|---|---|---|
| Jessica Blome | $550 | 17.8 | 16.8 | $9,240.00 |
| Rae Lovko | $550 | 37.3 | 37 | $20,350.00 |
| Lily Rivo | $350 | 46 | 46 | $16,100.00 |
| Donna Wallace | $200 | 15.7 | 12.2 | $2,440.00 |
| Jessica San Luis | $200 | 3.9 | 1.6 | $320.00 |
| Patrick Johnson | $200 | 7.9 | 7.9 | $1,58000 |
| Nuria de la Fuente | $100 | 4.2 | 3.8 | $380.00 |

| Sub- Total | | | | $50,410.00 |
|---|---|---|---|---|
| Brent L. Resh | $350 | 3.5 | 3.5 | $1,750.00 |
| **Total** | | | | **$52,160.00** |
| *Anticipated Reply* | $350 | 20 | 20 | $7,000.00 |
| **Total** | | | | **$59,160.00** |

Plaintiff's attorneys reasonably billed their hours and efficiently prosecuted this case. Blome Decl., ¶ 12 (Plaintiff incurred less than 30 hours as of August 15, 2025). Despite Plaintiff's efforts, settlement discussions proved unsuccessful, even after five months at an early stage in the matter. Blome Decl., ¶¶ 14-15. Regarding motion-practice, Plaintiff incurred hours responding to a dispositive motion to dismiss, which should have been unnecessary given Plaintiff's effort to settle the fees and costs question almost immediately after BLM produced responsive records. Blome Decl., ¶ 18. Plaintiff is requesting reimbursement for time that was reasonably and appropriately spent pursuing WHE's interests in this litigation, including time spent conferring with WHE regarding BLM's production and working to supplement that production. *Id.* at ¶¶ 8-10.

As forewarned, much of Plaintiff's fees incurred include preparing time entries and drafting this fee motion, and plaintiff worked to avoid such costs early on during settlement negotiations. Blome Decl., ¶ 20. Plaintiff anticipates 20 attorney hours will be necessary to prepare the reply brief and argument on this motion at an hourly rate of $350. *Id.* at ¶ 35. Plaintiff's counsel will provide time sheets substantiating the exact number of hours spent from the date of the last included time sheet submitted with this motion in connection with Plaintiff's reply brief. *Id.*

In addition to fees, FOIA provides for an award of "litigation costs reasonably incurred." 5 U.S.C. § 552(a)(4)(E). Plaintiff incurred $711.16 in recoverable costs. These costs include the filing fee for the complaint and *pro hac vice*, notary services, and postage related to the service of the complaint. *See* Blome Decl., ¶ 36, Exh. B. These costs are recoverable.

Based on the lodestar analysis, Plaintiff requests the Court award it a lodestar of $59,160.00 in attorneys' fees and $711.16 in costs.

## V.  CONCLUSION

Plaintiff completely prevailed in this lawsuit, causing BLM to release records responsive to the FOIA Request after years of waiting, and later supplementing production. Plaintiff is both eligible and entitled to an award of fees and costs and respectfully requests the Court award Plaintiff a total of $59,871.16, which includes anticipated fees incurred from the date of the included time sheets for fees incurred replying to Defendant's Opposition.

DATED: August 2, 2026,                                     Respectfully Submitted,

/s/ *Brent M. Resh*
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com


/s/ *Jessica L. Blome*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff Wild Horse Education*