BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**DECLARATION OF JESSICA L. BLOME IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, JESSICA L. BLOME, hereby declare as follows:

1. I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees and Costs in the above-captioned matter. I have personal knowledge of the matters stated herein and, if called as a witness, could and would competently testify thereto.

2. Greenfire Law, PC serve as lead counsel for Wild Horse Education (WHE) in this

matter. I am admitted in this case *pro hac vice.* Together with co-counsel Rae Lovko and local counsel Brent Resh, we engage in various aspects of prosecuting this case, including legal research and drafting in support of motion practice, client counseling, review of documents released by Defendant, and communication/negotiation with counsel for Defendant.

3.    I am licensed to practice law and am in good standing in California (Bar Number 314898). I am a shareholder at Greenfire Law. I received my J.D. from the University of Iowa College of Law in 2007. Before joining Greenfire Law, I was the Deputy Director at the San Francisco Ethics Commission for Enforcement and Legal Affairs. Prior to that I was a litigator at the Animal Legal Defense Fund, and before that, for six years I was an Assistant Attorney General in Missouri. During my service at the Missouri Attorney General's Office, I received the Missouri Up & Coming Lawyer Award, the Litigate Like a Champion Award, the Attorney General's Award for Extraordinary Contribution to the Office, and the Attorney General's Award for Excellence in Client Service. I also awarded the Clay Award for Consumer Protection and the award for Top Verdicts 2022 by the Daily Journal for her work on *Lee v. Amazon.com*, 76 Cal.App.5th 200 (2022).

4.    Jennifer Rae Lovko is licensed to practice law and is in good standing in California (Bar Number 208855). She received her J.D. from Golden Gate University School of Law in 2000. Ms. Lovko has substantial civil litigation experience before both state and federal courts. Additionally, she has taken over a dozen cases to trial and participated in post-trial motions practice (including experience with fee and cost motions). In addition to her work as a litigator, Ms. Lovko has been a contributing author in several Continuing Education of the Bar (CEB) publications.

5.    Lily Rivo is licensed to practice law and is in good standing in California (Bar Number 242688). She received her J.D. from U.C. Law San Francisco (formerly U.C. Hastings) in 2005. Before joining Greenfire Law, Ms. Rivo worked at the Department of Justice, representing the State of California and its employees in civil litigation before California state and federal courts, including the Northern District of California and the Eastern District of California. At Greenfire Law, Ms. Rivo has worked on a number of FOIA request cases, as well

as other public interest matters.

**A. LITIGATION HISTORY**

6.      This case began as many FOIA cases do – with Defendant Bureau of Land Management (BLM) first acknowledging and then effectively ignoring Plaintiff Wild Horse Education (WHE)'s September 28, 2019, FOIA Request. Dkt 36-2, Exh. B (FOIA Request), Exh. C (BLM October 7, 2019, initial response). More than four years passed without BLM producing any material, despite multiple communications from WHE inquiring about the request and three separate communications from BLM to WHE seeking confirmation, and quickly receiving the same from WHE, as to whether WHE remained interested in the documents. Dkt. 36-2, ¶¶ 11, 12, Exhs. C, D.

7.      Less than a month after filing this complaint, on April 19, 2025, BLM produced 307 pages of documents in response to Plaintiff's 2019 FOIA request. Dkt. 36-2, Exh. D. Twenty-one of these pages were withheld in part and eighty-two were fully withheld under Exemption 5 of the FOIA. *Id.* Many of the produced materials concerned the Standard Operating Procedures related to CAWP and Instruction Memorandum establishing policy for CAWP, Standards for Facility, Transportation, and Adoption Events. *Id.*

8.      Analysis of the production required consulting with my client and conferring with counsel for BLM to determine whether the production was complete. This proved necessary as many of the responsive documents did not address evaluation of CAWP, which was the subject of the FOIA request.

9.      On July 22, 2025, BLM responded by producing an additional 21 pages of documents to WHE's September 2019 FOIA request. After review of the new production and another consult with WHE, we determined the new production still not still did not address evaluation of CAWP. I wrote BLM again and asked for confirmation that the agency had not conducted any review of the CAWP standards or assessment tool itself.

10.      On August 5, 2025, BLM confirmed that there are "no additional public records related to the internal assessment of the CAWP within the date range requested by the plaintiff in

the FOIA request. At that time, the BLM did not have the resources to conduct an assessment." Dkt. 36-1.

11. After BLM confirmed that the document production was only complete through the date of the initial request (e.g., September 28, 2019), Plaintiff concluded they would not pursue further production on the 2019 request.

12. To date, the parties have been unable to reach a resolution regarding the appropriate amount of fees and costs owed to Plaintiff. Between August 12, 2025, and August 15, 2025, counsel conferred about fees and costs. Plaintiff's counsel provided Defendant's counsel with an estimate of fees and costs and an offer of settlement. On August 13, 2025, Defendant requested more information and Plaintiff responded on August 15, 2025, with a summary sheet including rates and hours for attorneys, along with their position. Based on the reasonableness of Plaintiff's total hours expended at that time (less than 30), Plaintiff explained that the time to prepare billing entries would only increase cost.

13. On September 15, 2025, Defendant requested Plaintiff provide detailed time entries and Plaintiff stated they would not, as it takes time to prepare and review entries, and Plaintiff stated the requested fees are reasonable as they stand.

14. On October 14, 2025, Defendant provided a counteroffer to Plaintiff's settlement offer and on October 23, 2025, Plaintiff rejected that counteroffer. In another effort to settle the matter, Plaintiff provided another, lower request than their original requested attorneys' fees.

15. Defendant retained new counsel and on December 11, 2025, Defendant conferred with Plaintiff regarding fees and settlement discussions. On January 14, 2026, Plaintiff requested a response from counsel for Defendant, noting that settlement discussions had been ongoing for more than 5 months.

16. On January 12, 2026, Defendant filed a Motion to dismiss Plaintiff's First Amended Complaint. Dkt. 34. On January 14, 2026, by email communication, Plaintiff asked if Defendant would agree to the court retaining jurisdiction to hear a motion for attorneys' fees, should the Court determine Plaintiff's claims were mooted by BLM's document production.

17. On January 26, 2026, Plaintiff filed an Opposition to Defendant's Motion to

DECLARATION OF JESSICA L. BLOME IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
4

Dismiss and a Cross-Motion for Summary Judgment. Dkt. 36. Plaintiff stated that the Court retains jurisdiction to hear Plaintiff's future motion for attorneys' fees and costs. *Id.* at 16: 6-12.

18.    On April 10, 2026, Defendant filed their Reply to Plaintiff's Motion to Dismiss and Cross Motion for Summary Judgment. Dkt. 43. In this Reply, Defendant stated, "the Federal Defendant agrees with the Plaintiff that even if the case is dismissed as moot, the Court retains jurisdiction to hear the Plaintiff's motion for attorney's fees and costs under the FOIA and 28 U.S.C. § 2142. Dkt. 43, p. 10:24-26, citing Dkt. 36, p. 16 (lines 6-12).

19.    On June 17, 2026, this Court dismissed the FOIA case as moot because Plaintiff's request for production of documents had been produced and entered judgment in favor of Defendant, BLM. *See* Dkt. 46.

20.    On June 23, 2026, Plaintiff sent a meet and confer letter to counsel for BLM stating a total fee demand. In this communication, I made clear Plaintiff's desire to settle without filing a motion for fees, in an effort to keep fees low. I also explained that should Plaintiff file a motion for attorneys' fees, Plaintiff would seek recovery for time spent preparing the motion.

21.    On June 26, 2026, Defendant provided a counteroffer and that day, Plaintiff rejected Defendant's counteroffer and provided another, offer, lower than Plaintiff's June 23, 2026, request for fees. I stated that Plaintiff would begin to prepare the fee motion and seek fees in connection with that motion.

22.    To date, I have not heard back from Defendant regarding this most recent offer. Despite my attempts to resolve the case without delay and the incurrence of associated billable hours, I have not been able to do so.

23.    I worked to settle this case without judicial intervention. Following the communication Plaintiff sent to counsel for BLM on June 26, 2026, I turned my team's attention to preparing a fee motion, as settlement was not within reach, despite our best efforts.

**B. HOURS AND FEES**

24.    Greenfire Law has represented clients in several FOIA cases against U.S. government agencies. If courts do not award Greenfire Law for successful litigation, the firm

could not do the work we do, which would effectively close the door on public interest litigation for many clients.

25.    I managed the small team of Greenfire Law legal staff who worked on this matter. As is my usual practice, I pushed work down to the lowest cost-effective biller, requiring contemporaneous keeping of time records of all staff, and minimizing legal work while providing excellent services.

26.    All Greenfire Law staff are required to keep time contemporaneously, and we maintain a Clio Practice Management account to make sure that this occurs. I review time records on each case I supervise.

27.    Attached hereto as **Exhibit A** is a true and correct copy of Greenfire Law's timesheets for this litigation through August 1, 2026. I have included entries for all Greenfire Law attorneys and staff who worked on this matter.

28.    I have reviewed each time entry by Greenfire Law staff for this matter. Each of the tasks performed in this case was necessary to the excellent results achieved. I applied billing judgment to the timesheets and sought to avoid or exclude time for duplicative tasks.

## C.  REASONABLENESS OF FEES

29.    Greenfire Law represents Plaintiff in multiple cases involving the Wild Free-Roaming Horses and Burros Act. Our understanding of BLM's regulation and administration of the Wild-Free Roaming Horses and Burros Act helped inform us whether BLM's FOIA document production was complete and assisted in our analysis of whether to challenge claimed FOIA exemptions. The skill and expertise of Greenfire Law attorneys proved instrumental to the excellent results achieved in this case.

30.    My research has disclosed attorney fee awards in the District of Nevada and jurisdictions with similar populations within the Ninth Circuit for purposes of LR 54-14(b)(3)(L). In a FOIA matter involving BLM, *Basin and Range Watch v. Bureau of Land Management and U.S. Dept. of Interior,* No. 2:16-cv-00403-JCM-PAL, Dkt. No. 64 (D. Nev 2016) the court awarded plaintiff attorneys' fees as the prevailing party at the following rate:

- $400 per hour (2016) and $405 per hour (2017) for an attorney of record with 18 years of experience;

- $495 per hour for an attorney with 27 years of experience primarily focused on representing public interest clients in FOIA litigation; and

- $330 per hour (2016) and $375 per hour (2017) for a partner at a Las Vegas and Reno law firm with 11 years of experience and representation in public interest clients.

31.    In 2020, the U.S. District Court for the Northern District of Arizona determined reasonable hourly rates in a FOIA matter for two attorneys at the following rate:

- $675 per hour to $710 per hour for an attorney with nearly 40 years of experience;

- $310 per hour to $375 per hour for an attorney with five years of civil litigation experience.

*ACLU of Ariz. V. U.S. Dep't of Homeland Sec.,* No. CV- 17-01083- PHX-DJH, 2020 U.S. Dist. LEXIS 53533 at *13. (D. Ariz. 2020) The court deemed the reasonable hourly rate for two paralegals "with extensive litigation experience" as $185-195 per hour and $160-$196 per hour. *Id.* at *14.

32.    Beginning in 2023, I was counsel of record before the U.S. District Court for the Northern District of California in the following matter, *U.S. Right to Know vs. U.S. Dept. of Health and Human Services, et al.*, No. 03:23-cv-04120- PHK (N.D. Cal. 2023). Following resolution of the FOIA-related merits portion of that case, the Court ordered that Plaintiff was entitled to fees and costs. Specifically, the Court stated that the reasonable hourly rate for attorneys within Greenfire Law ranged from $1,141 to $948. Respectfully, the Court affirmed Rae Lovko's hourly rate of $1,141 and an hourly rate of $948 for Lily Rivo and me. The Court awarded a rate of $258 per hour for administrative staff and paralegals. A true and correct copy of that order is attached as **Exhibit B**.

33.    In this case, the rates sought are reasonable for the prevailing market rate for attorneys in this district. Greenfire Law's hourly rates charged are similar or lower than

prevailing rates charged by law firms in the community for similar services. For example, the rate of $495 per hour for an attorney with 27 years of experience awarded in *Basin and Range Watch v. Bureau of Land Management and U.S. Dept. of Interior,* No. 2:16-cv-00403-JCM-PAL, Dkt. No. 64 (D. Nev 2016) is comparable to $550 per hour nearly 10 years following that Order. My rate reflects nearly twenty years of civil litigation experience and highlights the depth of my FOIA experience and expertise litigating matters involving the Wild-Free Roaming Horses and Burros Act. Ms. Lovko also seeks a rate of $550 per hour which reflects her extensive nearly 30-year career as a civil litigator.

34.     In this matter, Table 1 is a summary of the total Lodestar based on reasonable hourly rates and a total Reasonable Fee Demand with Billing Judgment.  The hours incurred in this matter were reasonable and necessary as detailed in the attached timesheets. Any reduction in hours reflects billing judgment including an effort to avoid duplicative tasks, removal of time spent preparing client representation agreement, and preparation for pro hac vice applications.

*Table 1: Attorney's Fees*

| Timekeeper & Role | Hourly Rate | Billed Hours | Hours Sought | Total Requested |
|---|---|---|---|---|
| Jessica Blome | $550 | 17.8 | 16.8 | $9,240.00 |
| Rae Lovko | $550 | 37.3 | 37 | $20,350.00 |
| Lily Rivo | $350 | 46 | 46 | $16,100.00 |
| Donna Wallace | $200 | 15.7 | 12.2 | $2,440.00 |
| Jessica San Luis | $200 | 3.9 | 1.6 | $320.00 |
| Patrick Johnson | $200 | 7.9 | 7.9 | $1,58000 |
| Nuria de la Fuente | $100 | 4.2 | 3.8 | $380.00 |
| **Total** | | | | **$50,410.00** |

35.     Additionally, Greenfire Law anticipates spending 20 hours on the reply to defendant's opposition to plaintiff's motion for fees and costs, and another 5 hours preparing for and attending the hearing on fees. At an hourly rate of $350 per hour, the total anticipated fees for reply and hearing total $7,000.00.

36.    A total of $711.16 have been incurred in costs as of today, as shown in **Table 2, below.**  True and correct copies of receipts for expenses from 3/18/2025 through 4/24/2025 are attached hereto as **Exhibit C.**

*Table 2: Expenses*

| COSTS | | |
|---|---|---|
| **Date** | **Expense** | **Amount** |
| 3/18/2025 | Filing fee for Pleadings | $405.00 |
| 3/18/2025 | Notary Services | $10.00 |
| 3/25/2025 | Filing fees for PHV petition RL | $250.00 |
| 4/24/2025 | USPS certified mail receipts for process of service | $46.16 |
| **Total** | | **$711.16** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 2nd day of August, 2026,    _____

JESSICA L. BLOME

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 10 of 70

EXHIBIT A

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 02/15/2025 | 0.1 | A106 Communicate (with client) L120 Analysis/Strategy | L120 Analysis/Strategy | Exchange emails with L. Leigh re: FOIA matter | Jessica Lynn Blome | 0.00% | 0.1 |
| 02/24/2025 | 0.2 | A103 Draft/revise P280 Other | P280 Other | Prepare new matter, assign task to draft representation agreement | Jessica Lynn Blome | 0.00% | 0.2 |
| 02/25/2025 | 0.1 | A106 Communicate (with client) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Exchange emails with Laura Leigh to set up call to discuss status of various matters, new matters | Jessica Lynn Blome | 0.00% | 0.1 |
| 02/26/2025 | 0.7 | A106 Communicate (with client) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Confer with Laura Leigh to update her on status of various cases, plan for future and upcoming litigation | Jessica Lynn Blome | 0.00% | 0.7 |
| 02/26/2025 | 0.1 | A104 Review/analyze P280 Other | P280 Other | Finalize and circulate representation agreement to client for signature | Jessica Lynn Blome | 100.00% | 0 |
| 02/26/2025 | 0.1 | A106 Communicate (with client) P280 Other | P280 Other | Sign and return fully executed representation agreement | Jessica Lynn Blome | 100.00% | 0 |
| 03/05/2025 | 0.6 | A101 Plan and prepare for L210 Pleadings | L210 Pleadings | Review emails to compile facts; talk to client about request and response | Rae Lovko | 0.00% | 0.6 |
| 03/06/2025 | 2.5 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft pleading | Rae Lovko | 0.00% | 2.5 |
| 03/06/2025 | 0.6 | A106 Communicate (with client) L210 Pleadings | L210 Pleadings | Discussion with client regarding FOIA request and response | Rae Lovko | 0.00% | 0.6 |
| 03/07/2025 | 4 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft pleading | Rae Lovko | 0.00% | 4 |
| 03/05/2025 | 0.4 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft pleading | Rae Lovko | 0.00% | 0.4 |
| 03/10/2025 | 0.2 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Review/revise draft complaint, send to RL for finalizing and getting client approval | Jessica Lynn Blome | 0.00% | 0.2 |
| 03/10/2025 | 0.1 | A107 Communicate (other outside counsel) P280 Other | P280 Other | Exchange emails with local counsel, paralegal re: PHV applications, plan for preparing filing | Jessica Lynn Blome | 0.00% | 0.1 |
| 03/12/2025 | 0.1 | A106 Communicate (with client) L210 Pleadings | L210 Pleadings | Sent draft complaint to client | Rae Lovko | 0.00% | 0.1 |
| 03/12/2025 | 0.3 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft Civil Case Cover Sheet and Summonses as well as PHV Applications for RL and JB | Donna Wallace | 100.00% | 0 |
| 03/13/2025 | 0.2 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft Civil Case Cover Sheet and Summonses as well as PHV Applications for RL and JB | Donna Wallace | 100.00% | 0 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 03/14/2025 | 0.7 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft Civil Case Cover Sheet and Summonses as well as PHV Applications for RL and JB | Donna Wallace | 100.00% | 0 |
| 03/14/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Communication with DW re filing of complaint, summons, etc. | Rae Lovko | 0.00% | 0.1 |
| 03/15/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Review, approve, and relay approval to file to staff, associate, and local counsel | Jessica Lynn Blome | 0.00% | 0.1 |
| 03/17/2025 | 0.4 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Finalize and file Complaint, Civil Case Cover Sheet and Summonses | Donna Wallace | 0.00% | 0.4 |
| 03/17/2025 | 0.4 | A102 Research L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Research PHV Application process for RL and JB | Donna Wallace | 100.00% | 0 |
| 03/17/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Discussion with DW about pleadings and PHV application | Rae Lovko | 100.00% | 0 |
| 03/17/2025 | 0.3 | A103 Draft/revise L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Revise and finalize RL's PHV Application and find Cert. of Good Standing | Donna Wallace | 100.00% | 0 |
| 03/17/2025 | 0.1 | A108 Communicate (other external) C400 Third Party Communication | C400 Third Party Communication | Exchange emails with local counsel, DW re: filing complaint | Jessica Lynn Blome | 0.00% | 0.1 |
| 03/18/2025 | 1.3 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Finalize Complaint, Civil Cover Sheet and Summonses for filing and file | Donna Wallace | 0.00% | 1.3 |
| 03/18/2025 | 0.2 | A101 Plan and prepare for L210 Pleadings | L210 Pleadings | Had PHV application notarized | Rae Lovko | 100.00% | 0 |
| 03/18/2025 | 1 | | | Notary services for LR | Jessica San Luis | 100.00% | 0 |
| 03/19/2025 | 0.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Review email re: filing fee; apply to matter and email to accounting with receipt | Jessica San Luis | 100.00% | 0 |
| 03/18/2025 | 1 | | | NV ECF filing fees for complaint, receipt no. ANVDC-7989329 | Jessica San Luis | 0.00% | 1 |
| 03/20/2025 | 0.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket judicial assignment and endorsed summonses and calendar deadline to serve | Donna Wallace | 0.00% | 0.2 |
| 03/20/2025 | 0.1 | A106 Communicate (with client) L210 Pleadings | L210 Pleadings | Send update to client re: filing of lawsuit | Jessica Lynn Blome | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 03/21/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Update case information in tracking spreadsheet | Jessica San Luis | 0.00% | 0.1 |
| 03/24/2025 | 0.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket Judge's Civil Standing Order | Donna Wallace | 0.00% | 0.2 |
| 03/24/2025 | 0.7 | A101 Plan and prepare for L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Notary appointment for pro have vice application | Jessica Lynn Blome | 100.00% | 0 |
| 03/25/2025 | 0.7 | A103 Draft/revise L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Finalize RL PHV Petition and File | Donna Wallace | 100.00% | 0 |
| 03/25/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Process invoice and update file; email w/ DW re: PHV filing | Jessica San Luis | 100.00% | 0 |
| 03/25/2025 | 1 | | | Filing fees for PHV petition RL - invoice ANVDC-7996813 | Jessica San Luis | 100.00% | 0 |
| 03/25/2025 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Exchange emails with staff re: processing PHV paperwork | Jessica Lynn Blome | 100.00% | 0 |
| 03/25/2025 | 0.1 | A101 Plan and prepare for L140 Document/File Management | L140 Document/File Management | scan PHV and send to JB and DW | Nuria de la Fuente | 100.00% | 0 |
| 03/25/2025 | 0.3 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Finalize JLB PHV Petition and file | Donna Wallace | 100.00% | 0 |
| 03/28/2025 | 0.5 | A103 Draft/revise L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Re-file JB's PHV Application with wet signature and call with clerk re filing process. Download and docket revised PHV Application | Donna Wallace | 100.00% | 0 |
| 03/31/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket ORD approving JB's PHV Petition | Donna Wallace | 100.00% | 0 |
| 04/01/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Confirm mail received dKT 003, Standing Order has been saved to docket | Nuria de la Fuente | 0.00% | 0.1 |
| 04/01/2025 | 0.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Confirm mail received dkt 7, Gavel - Order on Mtn has been saved to dkt. Scan E-filing notices and send to DW | Nuria de la Fuente | 0.00% | 0.2 |
| 04/08/2025 | 0.2 | A104 Review/analyze L390 Other Discovery | L390 Other Discovery | Review FOIA response and client email | Rae Lovko | 0.00% | 0.2 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 04/10/2025 | 0.3 | A106 Communicate (with client) C300 Analysis and Advice. | C300 Analysis and Advice | Exchange emails with client re: BLM's document production | Jessica Lynn Blome | 0.00% | 0.3 |
| 04/16/2025 | 0.7 | A103 Draft/revise L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Check FRCP rules and create service folders for Nuria | Donna Wallace | 0.00% | 0.7 |
| 04/17/2025 | 0.1 | A105 Communicate (in firm) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Email ND re serving complaint via certified mail | Donna Wallace | 0.00% | 0.1 |
| 04/17/2025 | 0.1 | A101 Plan and prepare for P400 Initial Document Preparation/Filing | P400 Initial Document Preparation/Filing | Respond to DW assignment to prepare certified mail service and task self to complete on 4/22 | Nuria de la Fuente | 0.00% | 0.1 |
| 04/21/2025 | 0.3 | A103 Draft/revise L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Draft Rule 7.1 Corp. Disclosure Statement and file | Donna Wallace | 0.00% | 0.3 |
| 04/21/2025 | 0.1 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review/approve certificate of interested parties | Jessica Lynn Blome | 0.00% | 0.1 |
| 04/21/2025 | 0.2 | A106 Communicate (with client) L120 Analysis/Strategy | L120 Analysis/Strategy | Exchange emails with LL re: status of various matter, review email re: FOIA response, set up call to discuss same | Jessica Lynn Blome | 0.00% | 0.2 |
| 04/22/2025 | 0.8 | A101 Plan and prepare for L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Print service packets and prepare mailing labels and postage for four defendants and take to post office to send certified and return receipt mail | Nuria de la Fuente | 0.00% | 0.8 |
| 04/24/2025 | 0.3 | A101 Plan and prepare for L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Scan in USPS certified mail receipts, save to service folder and save cost receipt to SP and apply to matter in Clio | Nuria de la Fuente | 0.00% | 0.3 |
| 04/24/2025 | 1 | | | USPS Cost of Service on four Defendants for sending via USPS Certified Mail with Return Receipt Requested | Nuria de la Fuente | 0.00% | 1 |
| 04/24/2025 | 0.1 | A111 Other L210 Pleadings | L210 Pleadings | Check USPS receipts from ND | Donna Wallace | 0.00% | 0.1 |
| 04/24/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Emails with ND re USPS receipts and costs for service | Donna Wallace | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 04/28/2025 | 0.3 | A104 Review/analyze L210 Pleadings | L210 Pleadings | Check USPS to confirm all defendants were served and download the delivery confirmation | Donna Wallace | 0.00% | 0.3 |
| 04/28/2025 | 0.7 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Prepare Proofs of Service of Complaint for filing | Donna Wallace | 0.00% | 0.7 |
| 04/28/2025 | 0.3 | A101 Plan and prepare for P280 Other | P280 Other | Review Service Affidavit per DW and email confer re: changes | Nuria de la Fuente | 0.00% | 0.3 |
| 04/29/2025 | 0.4 | A110 Manage data/files L210 Pleadings | L210 Pleadings | File Affidavits of Service | Donna Wallace | 0.00% | 0.4 |
| 04/29/2025 | 0.1 | A108 Communicate (other external) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Cases | Call Clerk re answer deadline for FOIA | Donna Wallace | 0.00% | 0.1 |
| 04/29/2025 | 0.1 | A105 Communicate (in firm) P280 Other | P280 Other | Exchange emails with DW re: answer deadline | Jessica Lynn Blome | 0.00% | 0.1 |
| 04/29/2025 | 0.2 | A101 Plan and prepare for P280 Other | P280 Other | Scan, file and notify DW of usps return receipt for service on two defendants | Nuria de la Fuente | 0.00% | 0.2 |
| 05/02/2025 | 0.1 | A106 Communicate (with client) L120 Analysis/Strategy | L120 Analysis/Strategy | Zoom meeting with JB and client LL | Rae Lovko | 0.00% | 0.1 |
| 05/02/2025 | 0.1 | A106 Communicate (with client) L120 Analysis/Strategy | L120 Analysis/Strategy | Zoom meeting with JB and client LL | Rae Lovko | 0.00% | 0.1 |
| 05/02/2025 | 0.1 | A106 Communicate (with client) L120 Analysis/Strategy | L120 Analysis/Strategy | Zoom meeting with RL and client LL | Jessica Lynn Blome | 0.00% | 0.1 |
| 05/06/2025 | 0.1 | A101 Plan and prepare for P280 Other | P280 Other | Scan and save usps domestic return receipt to service folder for USDOI and notify DW | Nuria de la Fuente | 0.00% | 0.1 |
| 05/08/2025 | 0.2 | A101 Plan and prepare for P280 Other | P280 Other | Scan usps return receipt for service to USAG, save to service folder and notify attys and paralegal | Nuria de la Fuente | 0.00% | 0.2 |
| 05/19/2025 | 0.2 | A108 Communicate (other external) L210 Pleadings | L210 Pleadings | Exchange emails with DOJ agreeing to requested extension of time to file answer, write to RL re: same | Jessica Lynn Blome | 0.00% | 0.2 |
| 05/20/2025 | 0.3 | A104 Review/analyze P280 Other | P280 Other | Review/approve stipulation to extend time for DOJ to answer complaint | Jessica Lynn Blome | 0.00% | 0.3 |
| 05/22/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download and docket stipulation to extend time to answer | Donna Wallace | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 05/27/2025 | 0.3 | A101 Plan and prepare for P280 Other | P280 Other | Add contacts to Clio, link to matter per JB email | Nuria de la Fuente | 100.00% | 0 |
| 05/27/2025 | 0.1 | A101 Plan and prepare for P280 Other | P280 Other | Confirm usps mail received copy of DKT 51 has been saved to docket | Nuria de la Fuente | 0.00% | 0.1 |
| 06/09/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Review JB email and direction re amending complaint | Rae Lovko | 0.00% | 0.1 |
| 06/12/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket Def's Motion to Dismiss and Decl. | Donna Wallace | 0.00% | 0.1 |
| 06/13/2025 | 0.5 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Check FRCP deadlines for response to MTD and FAC and calendar | Donna Wallace | 0.00% | 0.5 |
| 06/13/2025 | 0.1 | A105 Communicate (in firm) L210 Pleadings | L210 Pleadings | Confer with DW, RL re: deadlines for amending complaint in response to MTD | Jessica Lynn Blome | 0.00% | 0.1 |
| 06/16/2025 | 0.1 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Confer with client re: strategy for responding to motion to dismiss complaint | Jessica Lynn Blome | 0.00% | 0.1 |
| 06/16/2025 | 0.1 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Confer with client re: strategy for responding to motion to dismiss complaint | Rae Lovko | 0.00% | 0.1 |
| 06/18/2025 | 0.3 | A108 Communicate (other external) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Email DOJ attorneys about lack of responsive documents to confirm that no documents exist, with proposal and framework for possible settlement in lieu of fighting MTD, f/u with client re: same | Jessica Lynn Blome | 0.00% | 0.3 |
| 06/23/2025 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review of emails from JB and client regarding MTD | Rae Lovko | 0.00% | 0.1 |
| 06/25/2025 | 0.5 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Draft stipulation re extension of time to file opposition to def MTD | Rae Lovko | 0.00% | 0.5 |
| 06/25/2025 | 0.4 | A110 Manage data/files L240 Dispositive Motions | L240 Dispositive Motions | Finalize and file Stip Extending time to Respond to MTD | Donna Wallace | 0.00% | 0.4 |
| 06/25/2025 | 0.5 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Check FRCP and Local rules re motion deadlines. Calendar Response to MTD based on Stip, Reply and separately calendar Motion for Leave to Amend Complaint | Donna Wallace | 0.00% | 0.5 |
| 06/26/2025 | 0.1 | A110 Manage data/files L240 Dispositive Motions | L240 Dispositive Motions | Download and docket Order granting extension of time to respond to MTD | Donna Wallace | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 06/30/2025 | 0.2 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Check calendar and confirm MTD and Motion for Leave to Amend deadlines | Donna Wallace | 0.00% | 0.2 |
| 07/01/2025 | 0.2 | A108 Communicate (other external) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Email DOJ to ask whether it agrees a response subject to the stipulated extension could be an amended complaint | Jessica Lynn Blome | 0.00% | 0.2 |
| 07/01/2025 | 0.1 | A108 Communicate (other external) L210 Pleadings | L210 Pleadings | Exchange emails with DOJ to clarify that response to MTD is due July 3 | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/01/2025 | 1.1 | A104 Review/analyze L210 Pleadings | L210 Pleadings | Review produced documents in preparation of amending complaint | Rae Lovko | 0.00% | 1.1 |
| 07/01/2025 | 2.3 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Draft FAC | Rae Lovko | 0.00% | 2.3 |
| 07/02/2025 | 0.6 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Review draft amended complaint, send to client for approval to file | Jessica Lynn Blome | 0.00% | 0.6 |
| 07/03/2025 | 0.5 | A103 Draft/revise L210 Pleadings | L210 Pleadings | Finalize First Amended Complaint and file | Donna Wallace | 0.00% | 0.5 |
| 07/03/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download and docket FAC | Donna Wallace | 0.00% | 0.1 |
| 07/07/2025 | 0.1 | A110 Manage data/files L240 Dispositive Motions | L240 Dispositive Motions | Download and docket Minute Order re Def's MTD | Donna Wallace | 0.00% | 0.1 |
| 07/07/2025 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review court order denying motion to dismiss as moot due to filing of amended complaint, exchange emails with DW re: same | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/08/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Download and docket Judge Denney's Standing Order | Donna Wallace | 0.00% | 0.1 |
| 07/15/2025 | 0.1 | A108 Communicate (other external) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review draft stipulation to extend time to answer first amended complaint, respond to DOJ with suggested revisions, approval to file | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/16/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download, docket and calendar Joint Stip to Extend time to respond to FAC | Donna Wallace | 0.00% | 0.1 |
| 07/17/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download and docket Order granting extension of time to answer FAC | Donna Wallace | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 07/17/2025 | 0.1 | A111 Other P280 Other | P280 Other | Verify that mail received Minute order has been saved to the docket for the matter | Nuria de la Fuente | 0.00% | 0.1 |
| 07/23/2025 | 0.1 | A108 Communicate (other external) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Exchange emails with OC re: second extension of time to file answer | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/25/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Download, docket and calendar second stip extending time to answer FAC | Donna Wallace | 0.00% | 0.1 |
| 07/25/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Download and docket ORDER granting second extension of time to answer FAC | Donna Wallace | 0.00% | 0.1 |
| 07/25/2025 | 0.1 | A108 Communicate (other external) L320 Document Production | L320 Document Production | Review LL's email re: evaluation of supplemental document production, write to DOJ re: same | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/31/2025 | 0.2 | A107 Communicate (other outside counsel) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Email OC to get clarification that no further responsive documents available; communicate with client and JB on status | Rae Lovko | 0.00% | 0.2 |
| 08/05/2025 | 0.2 | A106 Communicate (with client) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | JB, RL, LL discussion regarding BLM email | Rae Lovko | 0.00% | 0.2 |
| 08/05/2025 | 0.2 | A106 Communicate (with client) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | JB, RL, LL discussion regarding BLM email | Jessica Lynn Blome | 0.00% | 0.2 |
| 08/07/2025 | 0.2 | A108 Communicate (other external) L320 Document Production | L320 Document Production | Exchange further emails with DOJ re: scope of document production | Jessica Lynn Blome | 0.00% | 0.2 |
| 08/10/2025 | 0.1 | A108 Communicate (other external) L320 Document Production | L320 Document Production | Review email from DOJ confirming end point of FOIA production, write to client re: same | Jessica Lynn Blome | 0.00% | 0.1 |
| 08/11/2025 | 0.1 | A108 Communicate (other external) L130 Experts/Consultants | L130 Experts/Consultants | Write to contractor for assistance with preparing fee calculation | Jessica Lynn Blome | 0.00% | 0.1 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 19 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 08/12/2025 | 0.2 | A104 Review/analyze L110 Fact Investigation/Development | L110 Fact Investigation/Development | Review fee sheet prepared by consultant, write to co-counsel re: his additions | Jessica Lynn Blome | 0.00% | 0.2 |
| 08/12/2025 | 0.2 | A108 Communicate (other external) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Email DOJ with settlement offer for attorneys' fees and costs | Jessica Lynn Blome | 0.00% | 0.2 |
| 08/18/2025 | 0.2 | A108 Communicate (other external) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Prepare summary of fee sheet, send to DOJ for consideration | Jessica Lynn Blome | 0.00% | 0.2 |
| 08/21/2025 | 0.1 | A104 Review/analyze L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Review stipulation to extend time to answer to accommodate attorneys' fee negotiation | Jessica Lynn Blome | 0.00% | 0.1 |
| 08/22/2025 | 0.1 | A110 Manage data/files L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Download, docket and calendar order extending time to answer FAC | Donna Wallace | 0.00% | 0.1 |
| 08/29/2025 | 0.1 | A108 Communicate (other external) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Email DOJ re: accidental filing of MSJ in case, motion to withdraw | Jessica Lynn Blome | 0.00% | 0.1 |
| 09/02/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket order granting motion to withdraw dkt 26 and 27 | Donna Wallace | 0.00% | 0.1 |
| 09/19/2025 | 0.1 | A108 Communicate (other external) L210 Pleadings | L210 Pleadings | Exchange emails with DOJ agreeing to extend answer deadline to accommodate fee motion negotiation | Jessica Lynn Blome | 0.00% | 0.1 |
| 09/22/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download, docket and calendar joint stip to extend time to answer FAC | Donna Wallace | 0.00% | 0.1 |
| 09/23/2025 | 0.1 | A110 Manage data/files L210 Pleadings | L210 Pleadings | Download and docket order granting joint stip to extend time to answer FAC | Donna Wallace | 0.00% | 0.1 |
| 09/25/2025 | 0.1 | A101 Plan and prepare for P280 Other | P280 Other | Confirm that mail received DKT 31 has been saved to DKT | Nuria de la Fuente | 0.00% | 0.1 |
| 10/23/2025 | 0.9 | A101 Plan and prepare for P280 Other | P280 Other | Prepare fee sheet for transmittal to DOJ, send counter offer | Jessica Lynn Blome | 0.00% | 0.9 |
| 11/24/2025 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Revise deadline for answer to FAC per Nevada GO | Donna Wallace | 0.00% | 0.1 |
| 12/10/2025 | 0.1 | A106 Communicate (with client) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Exchange emails with LL re: fee negotiation, status of records request | Jessica Lynn Blome | 0.00% | 0.1 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 20 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 12/10/2025 | 0.1 | A108 Communicate (other external) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Exchange emails with DOJ re: answer deadline, fee negotiations | Jessica Lynn Blome | 0.00% | 0.1 |
| 12/10/2025 | 0.1 | A105 Communicate (in firm) P280 Other | P280 Other | Email RL about DOJ attorney departure | Jessica Lynn Blome | 0.00% | 0.1 |
| 12/11/2025 | 0.2 | A108 Communicate (other external) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Call with new DOJ counsel to discuss fee negotiation, need for additional extension given Karissa Neff's departure | Jessica Lynn Blome | 0.00% | 0.2 |
| 12/12/2025 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Exchange emails with OC to approve draft stipulation to extend answer deadline | Jessica Lynn Blome | 0.00% | 0.1 |
| 12/12/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket Stip to extend deadline to answer FAC and calendar | Donna Wallace | 0.00% | 0.1 |
| 12/12/2025 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket order granting extension to answer | Donna Wallace | 0.00% | 0.1 |
| 12/19/2025 | 0.1 | A101 Plan and prepare for P280 Other | P280 Other | Verify mail received Order, dkt 33, hasb been saved to docket | Nuria de la Fuente | 0.00% | 0.1 |
| 01/09/2026 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Discussion with colleague regarding OC voice message and next steps | Rae Lovko | 0.00% | 0.1 |
| 01/09/2026 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Discussion with colleague regarding OC voice message and next steps | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/12/2026 | 0.5 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket MTD and check Local rules and calendar Opp. to MTD and Mot for Cross MSJ | Donna Wallace | 0.00% | 0.5 |
| 01/12/2026 | 0.2 | A104 Review/analyze L240 Dispositive Motions | L240 Dispositive Motions | Initial review of def MTD | Rae Lovko | 0.00% | 0.2 |
| 01/12/2026 | 0.1 | A106 Communicate (with client) L240 Dispositive Motions | L240 Dispositive Motions | Email LL to update her on filing of MTD, plan to respond with MSJ | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/12/2026 | 0.1 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion with OC | Rae Lovko | 0.00% | 0.1 |
| 01/14/2026 | 4.2 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Research on mootness and attorneys' fees; initial drafting of opp to MTD | Rae Lovko | 0.00% | 4.2 |
| 01/14/2026 | 1.1 | A104 Review/analyze L240 Dispositive Motions | L240 Dispositive Motions | Review of def MTD and cited cases | Rae Lovko | 0.00% | 1.1 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 21 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 01/15/2026 | 0.3 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion with OC regarding settlement offer; relay information to JB for consideration | Rae Lovko | 0.00% | 0.3 |
| 01/20/2026 | 0.1 | A108 Communicate (other external) C400 Third Party Communication | C400 Third Party Communication | Exchange emails with court clerk re: CMC dates | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/20/2026 | 0.1 | A108 Communicate (other external) C400 Third Party Communication | C400 Third Party Communication | Review email from clerk confirming 2/26 for CMC date, advise staff, client re: same | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/20/2026 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Calendar CMC per JLB's email from the Court | Donna Wallace | 0.00% | 0.1 |
| 01/20/2026 | 0.2 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Download and docket order setting CMC and calendar several deadlines | Donna Wallace | 0.00% | 0.2 |
| 01/20/2026 | 0.1 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | LM with OC regarding attorneys fees | Rae Lovko | 0.00% | 0.1 |
| 01/22/2026 | 1.2 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Draft declarations for opp to MTD | Rae Lovko | 0.00% | 1.2 |
| 01/22/2026 | 1.7 | A102 Research L240 Dispositive Motions | L240 Dispositive Motions | Research for opp to MTD | Rae Lovko | 0.00% | 1.7 |
| 01/22/2026 | 3.4 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Draft opposition to MTD | Rae Lovko | 0.00% | 3.4 |
| 01/23/2026 | 0.1 | A106 Communicate (with client) L240 Dispositive Motions | L240 Dispositive Motions | Sent draft opposition to MTD to client for review | Rae Lovko | 0.00% | 0.1 |
| 01/23/2026 | 0.1 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Discussion with colleague regarding cross motion for summary judgment | Rae Lovko | 0.00% | 0.1 |
| 01/23/2026 | 0.1 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Discussion with colleague regarding cross motion for summary judgment | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/23/2026 | 0.2 | A103 Draft/revise L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Draft communication to OC with counter on fees/costs | Rae Lovko | 0.00% | 0.2 |
| 01/23/2026 | 0.5 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Draft JLB declaration and edit opposition with citation | Rae Lovko | 0.00% | 0.5 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 01/23/2026 | 4.9 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Draft cross motion and edit opposition to MTD | Rae Lovko | 0.00% | 4.9 |
| 01/26/2026 | 1.1 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Review opposition to motion to dismiss and cross motion for summary judgment | Jessica Lynn Blome | 0.00% | 1.1 |
| 01/26/2026 | 0.2 | A105 Communicate (in firm) L410 Fact Witnesses | L410 Fact Witnesses | Review declarations and exhibits, write to paralegal with next steps | Jessica Lynn Blome | 0.00% | 0.2 |
| 01/26/2026 | 0.1 | A105 Communicate (in firm) P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Exchange emails with RL re: fee negotiation strategy | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/26/2026 | 0.4 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Finalize declaration and exhibits for filing Motion to Dismiss and Cross MSJ | Donna Wallace | 0.00% | 0.4 |
| 01/26/2026 | 0.5 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Edit draft opp and cross-MSJ from client and JLB comments | Rae Lovko | 0.00% | 0.5 |
| 01/26/2026 | 1.8 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Draft TOC/TOA and finalize OPP to MTD and Cross MSJ for filing | Donna Wallace | 0.00% | 1.8 |
| 01/26/2026 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket our OPP to MTD and Cross-MSJ and declarations | Donna Wallace | 0.00% | 0.1 |
| 01/27/2026 | 0.1 | A106 Communicate (with client) L240 Dispositive Motions | L240 Dispositive Motions | Email client with update re: filing to opposition to motion to dismiss and cross motion for summary judgment | Jessica Lynn Blome | 0.00% | 0.1 |
| 01/30/2026 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion with colleague on settlement and updating demand to reflect new fees incurred | Rae Lovko | 0.00% | 0.1 |
| 01/30/2026 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion with colleague on settlement and updating demand to reflect new fees incurred | Jessica Lynn Blome | 0.00% | 0.1 |
| 02/02/2026 | 0.1 | A107 Communicate (other outside counsel) L240 Dispositive Motions | L240 Dispositive Motions | Discussion with OC for def extension of time | Rae Lovko | 0.00% | 0.1 |
| 02/02/2026 | 0.1 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Discussion with JLB regarding extension and next steps | Rae Lovko | 0.00% | 0.1 |
| 02/04/2026 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download and docket Order granting extension of time for MTD and Cross-MSJ | Donna Wallace | 0.00% | 0.1 |
| 02/05/2026 | 0.2 | A110 Manage data/files P500 Negotiation/Revision/Responses | P500 Negotiation/Revision/Responses | Update CAWP FOIA fee calculation, send to RL | Jessica Lynn Blome | 0.00% | 0.2 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 23 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 02/05/2026 | 0.2 | A110 Manage data/files L240 Dispositive Motions | L240 Dispositive Motions | Calendar response deadline to MSJ and MTD per court order and check local rules for motion deadline for reply to XMSJ | Donna Wallace | 0.00% | 0.2 |
| 02/06/2026 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion regarding updated fee chart | Rae Lovko | 0.00% | 0.1 |
| 02/06/2026 | 0.1 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Discussion regarding updated fee chart | Jessica Lynn Blome | 0.00% | 0.1 |
| 02/11/2026 | 0.5 | A107 Communicate (other outside counsel) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Update settlement chart for OC; communicate updated demand | Rae Lovko | 0.00% | 0.5 |
| 02/12/2026 | 0.1 | A110 Manage data/files L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Update Clio with new DOJ attorney | Donna Wallace | 0.00% | 0.1 |
| 02/19/2026 | 0.2 | A107 Communicate (other outside counsel) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Email OC to m&c on CMC statement | Rae Lovko | 0.00% | 0.2 |
| 02/19/2026 | 0.1 | A105 Communicate (in firm) C300 Analysis and Advice | C300 Analysis and Advice | Exchange emails with client | Jessica Lynn Blome | 0.00% | 0.1 |
| 02/20/2026 | 0.3 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review DOJ's proposed stipulation to continue case management deadlines | Jessica Lynn Blome | 0.00% | 0.3 |
| 02/23/2026 | 0.4 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Downloaded and saved DKT 40 | Patrick Johnson | 0.00% | 0.4 |
| 02/24/2026 | 1.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Downloaded DKT 041 and DKT 042. Updated calendar and tasks to reflect new briefing schedule. | Patrick Johnson | 0.00% | 1.2 |
| 02/24/2026 | 0.3 | A106 Communicate (with client) P280 Other | P280 Other | Review court order adopting DOJ's requested briefing extension, confer with client re: same | Jessica Lynn Blome | 0.00% | 0.3 |
| 04/10/2026 | 0.2 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Download DKT 043, and DKT 044 and placed on docket. Emailed Litigation Team with update. | Patrick Johnson | 0.00% | 0.2 |
| 04/20/2026 | 3.4 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Draft reply to MTD/X-MSJ | Rae Lovko | 0.00% | 3.4 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 04/21/2026 | 1 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Researched Federal and local rules and standing orders regarding Tables of Authorities and Table of Contents. Drafted Tables for Reply in support of motion to dismiss and cross motion for summary judgment. | Patrick Johnson | 0.00% | 1 |
| 04/22/2026 | 0.2 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Confer with RL re: arguments on exhaustion for reply brief | Jessica Lynn Blome | 0.00% | 0.2 |
| 04/22/2026 | 0.9 | A104 Review/analyze L240 Dispositive Motions | L240 Dispositive Motions | Review draft reply, add comments, return to RL | Jessica Lynn Blome | 0.00% | 0.9 |
| 04/22/2026 | 0.2 | A105 Communicate (in firm) L240 Dispositive Motions | L240 Dispositive Motions | Discussions with JB and LR regarding reply brief | Rae Lovko | 0.00% | 0.2 |
| 04/23/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Email to Rae/Jessica re Reply brief ready for review. | Patrick Johnson | 0.00% | 0.1 |
| 04/23/2026 | 1.1 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Revise/finalize draft reply in support of cross motion for summary judgment | Jessica Lynn Blome | 0.00% | 1.1 |
| 04/23/2026 | 0.7 | A103 Draft/revise L240 Dispositive Motions | L240 Dispositive Motions | Revised Table of Authorities and filed Reply ISO of cross Motion for Summary Judgement. Downloaded DKT 045 and placed on docket. | Patrick Johnson | 0.00% | 0.7 |
| 04/29/2026 | 0.1 | A108 Communicate (other external) P280 Other | P280 Other | Email court clerk to advise that briefing has concluded per DKT 41 | Jessica Lynn Blome | 0.00% | 0.1 |
| 04/30/2026 | 0.1 | A105 Communicate (in firm) L190 Other Case Assessment, Development and Administration | L190 Other Case Assessment, Development and Administration | Exchange emails with clerk | Jessica Lynn Blome | 0.00% | 0.1 |
| 06/18/2026 | 0.5 | A104 Review/analyze P280 Other | P280 Other | Review court order dismissing FOIA case, confer with client re: fee recovery for same | Jessica Lynn Blome | 0.00% | 0.5 |
| 06/18/2026 | 0.2 | A105 Communicate (in firm) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Email LR re: preparation of meet and confer letter over attorneys' fee recovery | Jessica Lynn Blome | 0.00% | 0.2 |
| 06/18/2026 | 0.3 | A102 Research C200 Researching Law | C200 Researching Law | Researched Federal Rules of Appellate Procedure. | Patrick Johnson | 0.00% | 0.3 |
| 06/18/2026 | 0.2 | A101 Plan and prepare for L520 Appellate Briefs | L520 Appellate Briefs | Updated calendar and tasks with last day to file notice of appeal in the 9th circuit. | Patrick Johnson | 0.00% | 0.2 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 06/19/2026 | 1.9 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Draft meet and confer letter to counsel following Order and incorporate caselaw and proceedings | Lily Rivo | 0.00% | 1.9 |
| 06/19/2026 | 0.8 | A104 Review/analyze L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review proceedings, docket and production ISO meet and confer on fees | Lily Rivo | 0.00% | 0.8 |
| 06/19/2026 | 1.2 | A102 Research C200 Researching Law | C200 Researching Law | Researching catalyst theory of law under FOIA, 9th Circuit and D.C. Circuit, ISO fees | Lily Rivo | 0.00% | 1.2 |
| 06/21/2026 | 0.5 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Update motion to confer with catalyst theory of law | Lily Rivo | 0.00% | 0.5 |
| 06/21/2026 | 0.2 | A102 Research C200 Researching Law | C200 Researching Law | Research additional catalyst theory caselaw | Lily Rivo | 0.00% | 0.2 |
| 06/22/2026 | 0.4 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Finalize meet and confer letter for RL review | Lily Rivo | 0.00% | 0.4 |
| 06/23/2026 | 0.3 | A104 Review/analyze L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Review LR settlement letter; communicate with LR regarding edits | Rae Lovko | 0.00% | 0.3 |
| 06/23/2026 | 0.1 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Update meet and confer per RL comments | Lily Rivo | 0.00% | 0.1 |
| 06/26/2026 | 0.4 | A108 Communicate (other external) L160 Settlement/Non-Binding ADR | L160 Settlement/Non-Binding ADR | Exchange emails with client, staff, and opposing counsel regarding fee negotiation | Jessica Lynn Blome | 0.00% | 0.4 |
| 06/26/2026 | 0.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Begin review of fee sheet to draft fee motion | Lily Rivo | 0.00% | 0.3 |
| 06/28/2026 | 0.9 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Begin drafting fee motion, prepare attorney and client declaration ISO motion | Lily Rivo | 0.00% | 0.9 |
| 06/28/2026 | 2 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Draft introduction, begin argument of fees motion, eligibility section | Lily Rivo | 0.00% | 2 |
| 06/28/2026 | 0.7 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Draft client declaration | Lily Rivo | 0.00% | 0.7 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|------|-------|-------------------|-----------------|-------------|------|--------------------------------|------------------------------|
| 06/29/2026 | 1.2 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Continue drafting fee motion, review costs and update expenses | Lily Rivo | 0.00% | 1.2 |
| 06/29/2026 | 2.2 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Update JB declaration ISO fees motion, include fee chart and procedural history | Lily Rivo | 0.00% | 2.2 |
| 06/30/2026 | 1.1 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Continue drafting attorney declaration ISO fee motion | Lily Rivo | 0.00% | 1.1 |
| 06/30/2026 | 1.5 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Update declarations ISO fee motion with litigation history and relevant background regarding public interest, scope of WHE work | Lily Rivo | 0.00% | 1.5 |
| 06/30/2026 | 0.5 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Run costs report and assemble all receipts for fees motion exhibit | Jessica San Luis | 0.00% | 0.5 |
| 06/30/2026 | 1.5 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Continue drafting JB declaration and LL declaration ISO fee motion | Lily Rivo | 0.00% | 1.5 |
| 06/30/2026 | 0.1 | A101 Plan and prepare for P280 Other | P280 Other | Look for PDF version for the 04/24/2025 USPS receipt | Nuria de la Fuente | 0.00% | 0.1 |
| 06/30/2026 | 0.1 | A105 Communicate (within legal team) L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Confer with JB regarding fee motion, declaration in support of same | Lily Rivo | 0.00% | 0.1 |
| 06/30/2026 | 0.1 | A105 Communicate (within legal team) L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Confer with LR regarding fee motion, declaration in support of same | Jessica Lynn Blome | 0.00% | 0.1 |
| 06/30/2026 | 0.2 | A105 Communicate (within legal team) L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Review examples and write to local counsel regarding fees ISO motion | Lily Rivo | 0.00% | 0.2 |
| 07/01/2026 | 4.2 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Finalize proposed order, draft motion and declaration Blome and Leigh for JB review, | Lily Rivo | 0.00% | 4.2 |
| 07/02/2026 | 0.1 | A107 Communicate (opponents/other outside counsel) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Email DOJ to request two-week extension on fee motion, possible stipulation to briefing schedule | Jessica Lynn Blome | 0.00% | 0.1 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 07/02/2026 | 0.8 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Draft stipulation to continue fee motion deadline, request briefing schedule, send to DOJ | Jessica Lynn Blome | 0.00% | 0.8 |
| 07/02/2026 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | File stipulation to briefing schedule, confer with PJ re: same | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/06/2026 | 0.1 | A110 Manage Data/Files/Documentation L140 Document/File Management | L140 Document/File Management | Downloaded DKTS 48 and 49. Placed on the docket. | Patrick Johnson | 0.00% | 0.1 |
| 07/06/2026 | 0.3 | A101 Plan and prepare for L430 Written Motions and Submissions | L430 Written Motions and Submissions | Updated calendar and tasks regarding briefing schedule for motion for attorneys fees. | Patrick Johnson | 0.00% | 0.3 |
| 07/06/2026 | 0.1 | A105 Communicate (within legal team) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Email to JLB and LR with summary of regarding briefing schedule for motion for attorneys fees. | Patrick Johnson | 0.00% | 0.1 |
| 07/15/2026 | 0.2 | A101 Plan and prepare for P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Review deadlines, prepare for meeting with JB | Lily Rivo | 0.00% | 0.2 |
| 07/15/2026 | 0.1 | A105 Communicate (in firm) P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Confer with JB regarding fee motion | Lily Rivo | 0.00% | 0.1 |
| 07/15/2026 | 0.1 | A105 Communicate (in firm) P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Confer with LR regarding fee motion | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/15/2026 | 0.7 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Draft cocounsel declaration for fee motion | Lily Rivo | 0.00% | 0.7 |
| 07/21/2026 | 2.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Continue drafting eligibility of fee award and details of request | Lily Rivo | 0.00% | 2.3 |
| 07/21/2026 | 0.3 | A103 Draft/revise L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Review updated time sheets, update spreadsheet and review for billing judgment ISO fee motion | Lily Rivo | 0.00% | 0.3 |
| 07/21/2026 | 0.2 | A101 Plan and prepare for P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Prepare for JB meeting re fee motion, timesheets and supporting data | Lily Rivo | 0.00% | 0.2 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 28 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 07/21/2026 | 0.2 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update JB declaration ISO fee award | Lily Rivo | 0.00% | 0.2 |
| 07/22/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Confer with JB regarding fee motion details, strategy | Lily Rivo | 0.00% | 0.1 |
| 07/22/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Confer with LR regarding fee motion details, strategy | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/22/2026 | 0.3 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Review and update time entries ISO fee motion | Lily Rivo | 0.00% | 0.3 |
| 07/22/2026 | 0.2 | A105 Communicate (in firm) L140 Document/File Management | L140 Document/File Management | Confer with team regarding assistance with time entries | Lily Rivo | 0.00% | 0.2 |
| 07/23/2026 | 0.2 | A105 Communicate (in firm) P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Email team regarding updated time entries and strategy for including in fee motion | Lily Rivo | 0.00% | 0.2 |
| 07/24/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Exchange email with team regarding updating time entries ISO fee motion | Lily Rivo | 0.00% | 0.1 |
| 07/24/2026 | 0.6 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update local counsel declaration and exhibit, send for review/finalization ISO fee motion | Lily Rivo | 0.00% | 0.6 |
| 07/24/2026 | 0.7 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update client declaration ISO fee motion | Lily Rivo | 0.00% | 0.7 |
| 07/24/2026 | 0.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update Blome declaration ISO motion for fees | Lily Rivo | 0.00% | 0.3 |
| 07/24/2026 | 0.2 | A102 Research C200 Researching Law | C200 Researching Law | Research law on Northern District fees, FOIA cases hourly rates ISO motion for fees | Lily Rivo | 0.00% | 0.2 |
| 07/24/2026 | 0.7 | A102 Research C200 Researching Law | C200 Researching Law | Research caselaw on reasonableness of fees in district | Lily Rivo | 0.00% | 0.7 |
| 07/24/2026 | 0.2 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Review and exchange emails with team regarding fee entries, billing rates | Lily Rivo | 0.00% | 0.2 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 07/24/2026 | 0.3 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Review client website and information and update client declaration appropriately | Lily Rivo | 0.00% | 0.3 |
| 07/24/2026 | 1.8 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update reasonableness section of briefing with detail from fee entries ISO motion for fees and caselaw supporting rates | Lily Rivo | 0.00% | 1.8 |
| 07/27/2026 | 0.1 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Review updated time entries ISO motion for fees | Lily Rivo | 0.00% | 0.1 |
| 07/27/2026 | 2.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Finalize fee motion | Lily Rivo | 0.00% | 2.3 |
| 07/27/2026 | 0.1 | A102 Research L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update caselaw on exceptional delay | Lily Rivo | 0.00% | 0.1 |
| 07/27/2026 | 1 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Finalize entries, motion, and declarations ISO motion for fees | Lily Rivo | 0.00% | 1 |
| 07/27/2026 | 0.8 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Finalize motion and declarations and supporting materials, send to JB for review | Lily Rivo | 0.00% | 0.8 |
| 07/27/2026 | 0.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update exhibits ISO fee motion | Lily Rivo | 0.00% | 0.3 |
| 07/28/2026 | 0.5 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update local counsel declaration ISO fee motion | Lily Rivo | 0.00% | 0.5 |
| 07/28/2026 | 0.2 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Confer with team regarding finalizing fee motion | Lily Rivo | 0.00% | 0.2 |
| 07/28/2026 | 0.3 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update and send client declaration ISO motion for approval | Lily Rivo | 0.00% | 0.3 |
| 07/28/2026 | 0.1 | A105 Communicate (in firm) P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Read and responded to LR's email re formatting TOC and drafting TOA for attorney fees motion. | Patrick Johnson | 0.00% | 0.1 |

Case 3:25-cv-00152-MMD-CSD    Document 50-1    Filed 08/02/26    Page 30 of 70

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|------|-------|-------------------|-----------------|-------------|------|-------------------------------|------------------------------|
| 07/29/2026 | 0.1 | A101 Plan and prepare for L430 Written Motions and Submissions | L430 Written Motions and Submissions | Read LR's email and set task for self re table of contents and table of authorities. | Patrick Johnson | 0.00% | 0.1 |
| 07/29/2026 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Confer with JB regarding status of fee motion | Lily Rivo | 0.00% | 0.1 |
| 07/29/2026 | 0.1 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Confer with LR regarding status of fee motion | Jessica Lynn Blome | 0.00% | 0.1 |
| 07/30/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Email to LR asking if I can start on tables today. | Patrick Johnson | 0.00% | 0.1 |
| 07/30/2026 | 0.1 | A105 Communicate (in firm) L250 Other Written Motions and Submissions | L250 Other Written Motions and Submissions | Exchange email with team regarding fee motion | Lily Rivo | 0.00% | 0.1 |
| 07/30/2026 | 0.8 | A103 Draft/revise L460 Post-Trial Motions and Submissions | L460 Post-Trial Motions and Submissions | Review draft fee motion, send edits back to LR | Jessica Lynn Blome | 0.00% | 0.8 |
| 07/30/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Exchange email with JB regarding revisions to fee motion | Lily Rivo | 0.00% | 0.1 |
| 07/30/2026 | 0.4 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Review edits to motion and declarations, confer with JB regarding same | Lily Rivo | 0.00% | 0.4 |
| 07/30/2026 | 0.8 | A104 Review/analyze L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update fee motion per JB revisions | Lily Rivo | 0.00% | 0.8 |
| 07/31/2026 | 3.4 | A103 Draft/revise L310 Written Discovery | L310 Written Discovery | Update fee motion with caselaw, revise per JB edits | Lily Rivo | 0.00% | 3.4 |
| 07/31/2026 | 0.7 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Implement revisions to JB declaration ISO fee motion | Lily Rivo | 0.00% | 0.7 |
| 07/31/2026 | 0.1 | A110 Manage data/files L140 Document/File Management | L140 Document/File Management | Read and responded to LR's email regarding motion due Monday | Patrick Johnson | 0.00% | 0.1 |
| 07/31/2026 | 0.4 | A105 Communicate (in firm) L120 Analysis/Strategy | L120 Analysis/Strategy | Emailed research to LR regarding filing procedure in the district of nevada. | Patrick Johnson | 0.00% | 0.4 |
| 07/31/2026 | 0.2 | A105 Communicate (in firm) P300 Structure/Strategy/Analysis. | P300 Structure/Strategy/Analysis | Call with LR re: implementing comments on fee motion | Jessica Lynn Blome | 0.00% | 0.2 |

| Date | Hours | Activity category | UTBMS task code | Description | User | % Reduction (Billing Judgment) | Hours After Billing Judgment |
|---|---|---|---|---|---|---|---|
| 07/31/2026 | 0.1 | A105 Communicate (in firm) L430 Written Motions and Submissions | L430 Written Motions and Submissions | Confer with team regarding finalizing motion | Lily Rivo | 0.00% | 0.1 |
| 07/31/2026 | 1.1 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update reasonableness of fees argument in Fee Motion with prevailing locality rates in FOIA cases | Lily Rivo | 0.00% | 1.1 |
| 07/31/2026 | 1 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Formatted motion for attys fees and created table of contents. | Patrick Johnson | 0.00% | 1 |
| 07/31/2026 | 1.5 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Created a table of authorities for attorneys fees motion. | Patrick Johnson | 0.00% | 1.5 |
| 08/01/2026 | 2 | A102 Research L430 Written Motions and Submissions | L430 Written Motions and Submissions | Conduct research and incorporate into Fee Motion brief reasonable hourly rates awarded in similar jurisdictions for FOIA matters | Lily Rivo | 0.00% | 2 |
| 08/01/2026 | 0.4 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update JB declaration ISO fee motion with reasonable rate discussion | Lily Rivo | 0.00% | 0.4 |
| 08/01/2026 | 0.5 | A103 Draft/revise L430 Written Motions and Submissions | L430 Written Motions and Submissions | Update client declaration and align with fee motion | Lily Rivo | 0.00% | 0.5 |

EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

US RIGHT TO KNOW,

Plaintiff,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

Defendants.

Case No. 23-cv-04120-PHK

**ORDER GRANTING-IN-PART
PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEYS' FEES AND
COSTS**

Re: Dkt. 58

This is a Freedom of Information Act ("FOIA") case. Before the Court is Plaintiff US Right to Know's ("USRTK") Motion for Attorneys' Fees and Costs. [Dkt. 58]. Defendants (the U.S. Department of Health and Human Services ("HHS") and the U.S. Centers for Disease Control and Prevention ("CDC") oppose this motion. [Dkt. 64]. The Court held a hearing on this motion on April 21, 2025. [Dkt. 67]. After carefully reviewing all relevant briefing, the Parties' exhibits and submissions, and the oral argument presented at the hearing, the Court **GRANTS-IN-PART** Plaintiff USRTK's motion for attorneys' fees and costs.

All Parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636. [Dkts. 15, 24].

## RELEVANT BACKGROUND

USRTK is a California nonprofit corporation that investigates and publicly reports on documents obtained through public records laws regarding health, environmental, and food system matters. [Dkt. 62 at ¶ 3]. In January 2023, USRTK began submitting public records requests seeking data from public institutions in an attempt to discover what is known about the origins of the 2014 Ebola outbreak in West Africa. *Id*. at ¶ 11.

USRTK submitted two FOIA requests as part of its investigation. *Id*. at ¶ 13. One request ("Request One") was sent to Defendant CDC on January 24, 2023. *Id*. Another request ("Request Two") was sent to Defendant HHS on January 21, 2023. *Id*. According to USRTK, the requests related to the operations and activities of CDC and HHS, and the disclosure of the requested records would contribute to public understanding of the West African Ebola virus epidemic. *Id*. at ¶ 15.

Regarding Request One, on January 30, 2023, the CDC invoked the "unusual circumstances" exception to FOIA's twenty-day determination deadline, stating that it expected to receive voluminous records in response and anticipated being able to produce records by March 13, 2023. *Id*. at ¶ 16; [Dkt. 64 at 6]. The CDC also asked for additional contact information regarding persons identified in Request One. [Dkt. 62 at ¶ 16]. USRTK responded to the CDC's request on January 31, 2023. *Id*.

On February 9, 2023, the CDC wrote to USRTK seeking to narrow the scope of its request, on the grounds that processing Request One as presented would be unduly burdensome and unreasonably strain agency resources. *Id*. at ¶ 17. USRTK responded on February 10, 2023, by providing the CDC with a narrowed scope for Request One. *Id*. at ¶ 18. On March 9, 2023, the CDC asked USRTK to further limit the scope of Request One. *Id*. at ¶ 19. On March 20, 2023, USRTK agreed to modify the search parameters for Request One but noted that the request would remain as written so as not to further limit USRTK's efforts to obtain records relating to the CDC's knowledge of the origins of the 2014 Ebola virus outbreak. *Id*. at ¶ 20.

USRTK did not receive further communication from the CDC, and so on May 15, 2023, USRTK wrote the CDC asking for a status update and an estimated date of completion for Request One. *Id*. at ¶ 21. On May 16, 2023, the CDC responded that the search regarding Request One had been completed and that the records were awaiting review. [Dkt. 64 at 6]. The CDC, however, could not provide an estimated date of completion but indicated it would send a response regarding completion of Request One "as soon as possible." *Id*. USRTK received no communications or records responsive to Request One by June 15, 2023, and so USRTK requested a formal "determination" of Request One pursuant to 5 U.S.C. § 552(a)(6)(A)(i). [Dkt. 62 at ¶ 22 (sic, incorrectly citing § 552(a)(6)(B)(i))]. The CDC did not respond to USRTK's request or provide a

United States District Court
Northern District of California

formal determination. *Id.*

Regarding Request Two, on February 1, 2023, Defendant HHS informed USRTK that Request Two was being referred to the CDC for direct response. *Id.* at ¶ 23. On March 9, 2023, USRTK wrote to the CDC requesting that that agency acknowledge Request Two, as well as stating that HHS and the CDC had not indicated when to expect a formal determination on Request Two and that neither had provided an estimated date of completion for Request Two. *Id.* The CDC acknowledged that it had received Request Two later that day. *Id.*

On March 15, 2023, the CDC sought additional information from USRTK "to aid the agency in complying with" Request Two. *Id.* at ¶ 24. On March 20, 2023, USRTK responded and provided further information to the CDC. *Id.* USRTK additionally stated that it considered the March 15, 2023, letter as an acknowledgement by the CDC of Request Two. *Id.*

On May 15, 2023, USRTK wrote to the CDC to request a status update and an estimated date of completion for Request Two. *Id.* at ¶ 25. On May 16, 2023, the CDC responded that the search relating to Request Two was completed, that an initial internal processing of the records was completed, and that the records were undergoing public disclosure notification pursuant to Executive Order 12600. *Id.* at ¶ 25. The CDC did not contact USRTK thereafter regarding Request Two or provide responsive documents. *Id.* at ¶ 26.

On August 14, 2023, USRTK filed the Complaint in this action. [Dkt. 1]. USRTK sought the following relief in that Complaint: (1) that the Court order the CDC to promptly disclose the requested records responsive to Request One and Request Two; (2) declare the CDC's failure to provide USRTK with a final determination for Request One and Request Two as unlawful under FOIA; (3) declare the CDC's failure to provide USRTK with all non-exempt records responsive to Request One and Request Two as unlawful under FOIA; (4) declare the CDC's failure to timely approve USRTK's request for a waiver of all fees associated with Request One and Request Two unlawful, and order the CDC to approve USRTK's fee waiver requests; (5) declare the CDC's failure to provide USRTK with an estimated date of completion, or updated estimated date of completion, for both Requests as unlawful under FOIA; and (6) award reasonable attorneys' fees and costs. *Id.* at 16–17.

On September 29, 2023, the Government filed an Answer to USRTK's Complaint. [Dkt. 19]. The Government admitted to not responding to USRTK's FOIA Requests, providing an updated estimated date of completion for Requests One and Two, providing a final determination on Request One, and invoking FOIA's unusual circumstances exception for Request Two. *Id*. at ¶¶ 45–46, 50, 68, 70, 73. The Government also raised the following affirmative defenses: (1) "Plaintiff is not entitled to compel the production or release of information protected by one or more statutory exemptions or exclusions;" (2) "[USRTK] is not entitled to declaratory relief and/or any other relief beyond what is provided for under FOIA;" (3) "[USRTK] is neither eligible for nor entitled to attorney's fees or costs;" and (4) "[a]t all time[s] alleged in the Complaint, [the Government] acted in good faith, with justification, and pursuant to authority." *Id*. at 13–14.

On December 22, 2023, the CDC released its first round of records responsive to Request One, releasing 259 pages in full, 211 pages in part, and 66 pages fully withheld. [Dkt. 58 at 8]. The CDC withheld information pursuant to FOIA Exemptions 4 and 5. *Id*. On January 4, 2024, USRTK requested that the CDC provide a *Vaughn* index to determine the relevance of applied exemptions and withholding of information. *Id*. On January 16, 2024, the CDC confirmed they would produce the *Vaugh* index. *Id*. at 8–9. On March 29, 2024, the CDC provided USRTK with a supplemental release of 536 documents. *Id*. at 9. The Government avers that the CDC produced a draft of the *Vaughn* index as part of this document release, while USRTK avers that the CDC produced the *Vaughn* index responsive to Request One on April 2, 2024. [Dkt. 58 at 9, 64 at 9]. On April 16, 2024, USRTK identified approximately 29 pages for which they requested more information and a lifting of redactions. [Dkt. 58 at 9].

In a Joint Case Management Statement, USRTK requested that the Court set a deadline of April 30, 2024, for CDC to "respond in full to Plaintiff's request to re-process documents highlighted in the *Vaughn* index, including by lifting redactions and producing documents and/or providing more information for applied exemptions." [Dkt. 31 at 5]. In that same CMC Statement, the CDC stated that the CDC had previously represented to Plaintiff that "they will produce a reprocessed production of documents by April 26, 2024." *Id.* at 6. Accordingly, on April 22, 2024, the Court issued an Order requiring the CDC to abide by the agreed-upon April 26, 2024, deadline

United States District Court
Northern District of California

to produce the reprocessed documents. [Dkt. 32]. On April 26, 2024, the CDC produced to USRTK the reprocessed documents. [Dkt. 58 at 10].

On May 7, 2024, USRTK requested additional information from the CDC regarding remaining exemptions and redactions in the reprocessed documents. *Id*. On May 10, 2024, the CDC produced its final production in response to Request One, lifting all Exemption 4 and Exemption 5 redactions, apart from Exemption 5 redactions in a single, two-page document. *Id*.

On August 18, 2023, in responsive to Request Two, the CDC produced 391 pages of responsive records, 219 pages either in full or with minor redactions, and withheld 172 pages after asserting Exemptions 4 and 6. *Id*. Following this production, USRTK requested a *Vaughn* index for redactions in the production. *Id*. On November 29, 2023, the CDC lifted all redactions. *Id*.

On May 17, 2024, the Parties informed the Court that all issues pertaining to the CDC's production of Request One and Request Two had been resolved, apart from the issue of attorneys' fees and costs. *Id*. at 11. The Parties engaged in settlement communications from June 2024 through January 2025 and attended a settlement conference on February 10, 2025. *Id*. The Parties' attempts to settle the dispute over fees and costs were unsuccessful. *Id*.

On March 12, 2025, the Parties stipulated that USRTK was eligible for fees. [Dkt. 57]. On March 14, 2025, USRTK filed the instant motion seeking an award of fees and costs. [Dkt. 58]. The Defendants opposed on March 28, 2025, [dkt. 64], and USRTK filed its reply brief on April 4, 2025. [Dkt. 65]. The Court heard oral argument at the hearing on this motion on April 21, 2025, at the conclusion of which this matter was submitted for resolution. [Dkt. 67].

## LEGAL STANDARD

### I. ELIGIBILITY AND ENTITLEMENT OF FEES

FOIA plaintiffs must show that they are (1) eligible and (2) entitled to their fees. *Church of Scientology v. U.S. Postal Servs.*, 700 F.2d 486, 489 (9th Cir. 1983). First, "to be eligible for an award, a party must show that '(1) the filing of the action could reasonably have been regarded as necessary to obtain the information,' and that '(2) the filing of the action had a substantial causative effect on the delivery of the information.'" *Ecological Rts. Found. v. Fed. Emergency Mgmt. Agency*, 365 F. Supp. 3d 993, 997–98 (N.D. Cal. 2018) (quoting *Church of Scientology*, 700 F.2d at

United States District Court
Northern District of California

489). As noted, the Parties stipulate that USRTK is eligible for fees. [Dkt. 57].

The primary issue on the instant motion is whether URTK is entitled to fees and costs, and, if so, the amounts to be awarded. Entitlement is discretionary and analyzed under four factors: (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law. *The Sierra Club v. United States Env't Prot. Agency*, 75 F. Supp. 3d 1125, 1142 (N.D. Cal. 2014) (citing *Long v. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991))**.** "These four criteria are not exhaustive." *Id.* In addition to the four factors, "'the court may take into consideration whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate.'" *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 2017 WL 783490 at *4 (N.D. Cal. Mar. 1, 2017) (quoting *Long*, 932 F.2d at 1313). "Courts use the four factors guiding their discretion "keeping in mind 'the basic policy of the FOIA to encourage the maximum feasible public access to government information.'" *The Sierra Club*, 75 F. Supp. 3d at 1142 (quoting *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977)) (citing *Church of Scientology*, 700 F.2d at 494). "Additionally, the court may take into consideration 'whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate.'" *The Sierra Club*, 75 F. Supp. 3d 1125, 1142 (N.D. Cal. 2014) (citing *Long*, 932 F.2d at 1313).

## II. REASONABLE ATTORNEY FEES

"[O]nce the court has determined that the plaintiff is both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested." *Long*, 932 F.2d at 1314. The "customary method" for awarding fees is the lodestar method, calculated by multiplying the number of hours reasonably expended by the prevailing party in the litigation by a "reasonable hourly rate." *Hiken v. Dep't of Defense*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996)). "There is a 'strong presumption' that the lodestar figure represents a reasonable award." *Id*. (quoting *Long*, 932 F.2d at 1314). "It is axiomatic that 'trial courts need not, and indeed should not, become green-eyeshade accountants' in examining fee requests since '[t]he essential goal in shifting fees (to

6

either party) is to do rough justice, not to achieve auditing perfection.'" *Elec. Priv. Info. Ctr. v. Nat'l Sec. Agency*, 87 F. Supp. 3d 223, 235 (D.D.C. Apr. 8, 2015) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  A lodestar figure should only be departed from "if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." *Long*, 932 F.2d at 1314.

The district court must "provide a . . . detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate.'" *Hiken*, 836 F.3d at 1044 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  "Though the district court generally possesses a 'superior understanding of the litigation,' '[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Once a lodestar figure is determined, it is "presumed to be [a] reasonable fee." *Blum*, 465 U.S. at 897.  "The district court may nonetheless consider other factors in determining whether to adjust the fee award upward or downward," but it "should explain why the adjustment was appropriate." *Hiken*, 836 F.3d at 1044.

## DISCUSSION

## I.    WHETHER PLAINTIFF USRTK IS ELIGIBLE AND ENTITLED TO FEES

As discussed above, the Parties stipulate that USRTK is eligible for fees. [Dkt. 57].  Based on the Parties' stipulation, the Court finds that USRTK is eligible for fees under applicable legal standards.

The remaining central issues on the instant motion are whether USRTK is entitled to fees and costs—and, if so, what amounts should be awarded. On the issue of entitlement, USRTK argues that all four entitlement factors support its request for fees.  [Dkt. 58 at 13–15].  The Defendants do not dispute the first three factors and focus the opposition on the fourth factor, *viz.* whether the government's withholding of the records had a reasonable basis in law.

Although there is apparently no substantial dispute as to the first three facts, the Court analyzes each entitlement factor in order to appropriately resolve the issue here. *Schoenberg v. F.B.I.*, 2 F.4th 1270, 1278 (9th Cir. 2021) ("the four factors are not equally weighted—they each

*United States District Court*
*Northern District of California*

involve a sliding scale, allowing one or more factors to outweigh the others"). The Court addresses each entitlement factor in turn.

### A. The public benefit from disclosure

"The public benefit factor takes into account the 'degree of dissemination and the likely public impact that might result from disclosure.'" *The Sierra Club*, 75 F. Supp. 3d at 1142 (quoting *Church of Scientology*, 700 F.2d at 493). "An award of attorneys' fees is disfavored when it merely subsidizes private concerns." *Id.* However, "[a] public benefit may result even though the specific document is for plaintiff's sole use." *Id.*

Here, USRTK argues that the "records sought by USRTK are essential to the public understanding of the operations and activities of the government" in relation to the "origins of the 2014 Ebola epidemic in West Africa." [Dkt. 58 at 13–14]. USRTK argues that "USRTK noted that disclosure of the requested records would contribute to a reasonably broad audience of interested persons' understanding of the origins of the West African Ebola virus epidemic." *Id.* at 14 (citation omitted). Furthermore, "USRTK promptly posted all of [*sic*] records produced in this case on its public website." *Id.* (citation omitted). The Government does not argue otherwise. *See* Dkt. 64 at 11–16.

Accordingly, the Court finds that the public benefit factor weighs in favor of USRTK being entitled to fees. The records on the origins of the 2014 Ebola epidemic that USRTK sought pertain to a public health matter. USRTK's seeking and later public disclosure of these records contributes to the public's knowledge regarding governmental operations relating to this public health issue. USRTK has demonstrated that it made available the information to a broad audience by posting the records on its public website, and the Government does not dispute the potential public benefit. *Urban Air Initiative, Inc. v. Environmental Protection Agency*, 442 F. Supp. 3d 301, 315 (D. D.C. 2020) (finding first entitlement factor satisfied where "information would be of interest to the multiple stakeholders involved in and affected by matters of national environmental policy ***and public health***") (emphasis added). Accordingly, the Court finds that the first entitlement factor weighs in favor of USRTK's motion.

*United States District Court*
*Northern District of California*

8

### B. Commercial benefit and nature of plaintiffs' interest

The second and third factors, commercial benefit and nature of plaintiffs' interest, are typically analyzed together. *The Sierra Club*, 75 F. Supp. 3d at 1144. "The commercial benefit to the party resulting from disclosures and the nature of the plaintiffs' interest are closely related and often considered together." *Id.* (citing *Church of Scientology*, 700 F.2d at 494). "In general, '[i]f either commercial benefit will inure to the plaintiff from the [obtained] information or plaintiff intends to protect a private interest, . . . an award of attorney's fees is not recoverable.'" *Id.* (alterations in original). "Conversely, 'where plaintiff is indigent or a nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information.'" *Id.* "Ninth Circuit precedent instructs courts evaluating these two factors that they 'should generally award fees if the complainant's interest in the information sought was . . . public-oriented.'" *Id.* (quoting *Long*, 932 F.2d at 1316).

Here, USRTK argues that it is a "non-profit organization[,]" "has no commercial interest in the records that are responsive to" its requests, and its "advocacy in this matter contributes significantly to public understanding of the operations or activities of the government,[] especially as it relates to Ebola and public health emergencies." [Dkt. 58 at 15 (citations omitted)]. The Government does not argue otherwise. *See* Dkt. 64 at 11–16.

Accordingly, the Court finds that the lack of commercial benefit to USRTK and the nature of plaintiff's interest both weigh in favor of USRTK's entitlement to fees. USRTK's public-oriented interests align with FOIA's core purpose, and awarding attorney's fees under these circumstances is consistent with Ninth Circuit precedent encouraging access to government information where the plaintiff's interests are non-commercial and public-facing. *See, e.g., Our Children's Earth Found.*, 2017 WL 783490 at *11 (finding entitlement factors two and three support non-profit's fees motion).

### C. Whether the government's withholding of the records had a reasonable basis in law

In analyzing the final factor, Courts consider "whether the government's withholding of the records sought had a reasonable basis in law." *The Sierra Club*, 75 F. Supp. 3d at 1142 (quoting *Church of Scientology*, 700 F.2d at 492). "The denial of a FOIA request must have a colorable basis in law and not merely for the purpose of frustrating the requester." *Id.* (citing *Rosenfeld v. U.S. Dept*

9

*of Justice*, 904 F. Supp. 2d 988 (N.D. Cal. 2012)). "The burden is on the government to demonstrate that its conduct is reasonable." *Id.* (citing *Davy v. C.I.A.*, 550 F.3d 1155, 1162–63 (D.C. Cir. 2008)).

"If the Government's position is correct as a matter of law, that will be dispositive. If the Government's position is founded on a colorable basis in law, that will be weighed along with other relevant considerations in the entitlement calculus." *Id.* at 1162. "It is not enough to say that 'once the [a]gency faced a justiciable FOIA claim, it offered no resistance,' [citation omitted], because the agency did not disclose the documents until after [FOIA plaintiff] Davy had pursued litigation, including filing a cross-motion for summary judgment and negotiating a release schedule." *Id.* at 1163.

After carefully reviewing the record, the Court finds that the Government's position was founded on a colorable basis in law. Specifically, "the CDC acknowledged receipt of both requests" before the initiation of the lawsuit, "the CDC informed Plaintiff that it had completed initial internal processing and was awaiting a response from a third party pursuant to mandatory pre-disclosure notification procedures[,]" and "the CDC released the records in Request Two immediately" after receiving permission. [Dkt. 64 at 12].

Regarding the delay in providing estimated completion dates, the Government had informed Plaintiff USRTK that it completed its search but could not provide a completion date, and "[t]he agency's backlog was simply the result of limited agency resources, and any delay in releasing the records was not obdurate or intended to frustrate the requester[.]" [Dkt. 58 at 15].

Finally, Plaintiff USRTK takes issue with "[t]he vast majority of redactions that Defendants initially identified as being exempt from production were lifted, and those exemptions that remained were inconsequential to Plaintiff's requests." *Id*. However, as explained in the Government's opposition, the CDC withheld 172 pages pursuant to Exemption (b)(4), which protects confidential commercial information the disclosure of which could reasonably be expected to cause competitive harm. [Dkt. 64 at 7–8]. The withheld records had been provided by the World Health Organization with the expectation of confidentiality, and CDC followed the procedures required by Executive Order 12600 by initiating the pre-disclosure notification process and considering the submitter's input regarding potential harm. *Id.* Similarly, in response to Request One, CDC withheld materials

10

pursuant to Exemption (b)(4) and Exemption (b)(5), the latter of which protects predecisional and deliberative communications. *Id.* These actions reflect reliance on recognized FOIA exemptions and established agency practices, rather than an unreasonable withholding of documents. *Id.*

Moreover, when Plaintiff requested a *Vaughn* index, CDC voluntarily re-reviewed the withheld materials to determine whether the information had subsequently entered the public domain. *Id.* Upon discovering that the withheld data and analyses had been officially published, CDC promptly notified WHO, lifted the prior withholdings, and re-released the records in full. *Id.* This sequence of events demonstrates good faith and an effort to comply with FOIA's disclosure mandate as circumstances evolved. *Id.* Accordingly, the record reflects that the CDC acted reasonably in initially withholding records under FOIA exemptions and in later correcting course once it came to light that those exemptions no longer applied. *Id.* Accordingly, the Court finds that the Government did have a colorable basis in law for initially asserting the exemptions.

### D. Balancing the four factors

Balancing all four factors, the Court finds that they weigh in favor of Plaintiff USRTK's entitlement to fees. The first factor, public benefit, strongly supports entitlement because the requested records pertain to a matter of significant public interest and were promptly disseminated on USRTK's public website. The second and third factors, commercial benefit and the nature of plaintiff's interest, also support entitlement because USRTK is a nonprofit organization with no commercial stake in the records, and USRTK sought disclosure to advance the public's understanding of governmental operations related to a public issue. While the fourth factor, the reasonableness of the Government's position, leans in the Government's favor given the colorable reliance on recognized FOIA exemptions and adherence to administrative procedures, the strong showing on the first three factors outweighs the Government's position on the fourth. Accordingly, the Court concludes that USRTK is entitled to an award of attorney's fees.

## II. THE AMOUNT OF FEES

USRTK requests an award of $157,508.15 in attorneys' fees, including fees for work incurred by USRTK in responding to the Government's opposition to USRTK's Motion for Attorneys' Fees, and $1,337.60 in costs, for a total of $158,845.75. [Dkt. 65 at 13]. The

United States District Court
Northern District of California

Government argues that this request is excessive and that "[n]o reasonable private client would pay such exorbitant sums for what amounts to a simple discovery dispute that was resolved without a single filed motion." [Dkt. 64 at 5].

Courts use the lodestar figure to determine whether a party's request for attorneys' fees is reasonable. *See Hiken*, 836 F.3d at 1044. To determine the lodestar figure, the Court assesses the reasonableness of USRTK's requested hourly rate and whether the number of hours expended by USRTK was reasonable. *See id*.

Additionally, the Court assesses USRTK's request for costs to determine if the costs were reasonably incurred by a plaintiff who has substantially prevailed. 5 U.S.C. § 552(a)(4)(E) (a "court may assess against the United States . . . other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.").

### A. Reasonable Hourly Rate

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.'" *Hiken*, 836 F.3d at 1044 (citing *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). The fee applicant must produce "satisfactory evidence" that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 895 n.11; *see also Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."). Generally, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Hiken*, 836 F.3d at 1044 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).

Here, USRTK seeks an hourly rate of $1,141 for attorneys Rachel Doughty and Rae Lovko. [Dkt. 58 at 16]. Attorney Doughty received her J.D. from the University of Virginia in 2004 and founded Greenfire Law, PC, in 2011. [Dkt. 59 at ¶ 3]. Attorney Lovko received her J.D. from

Golden Gate University and has 21 years of legal experience. *Id*. at ¶¶ 6, 17. Additionally, USRTK seeks an hourly rate of $948 for attorneys Lily Rivo and Jessica Blome. [Dkt. 58 at 16]. Attorney Rivo received her J.D. from Hastings College of Law in 2005 and has 19 years of experience. [Dkt. 59 at ¶¶ 5, 17]. Attorney Blome received her J.D. from the University of Iowa College of Law in 2007 and is a shareholder at Greenfire Law. *Id*. at ¶ 4. USRTK seeks a rate of $258 per hour for administrative staff and paralegals. [Dkt. 58 at 16].

The Government argues that USRTK's claimed hourly rates are excessive. [Dkt. 64 at 18]. In support of its opposition, the Government cites *USRTK v. United States Department of Defense* ("*USRTK v. DOD*"), 2025 WL 860503 (N.D. Cal. Mar. 19, 2025), a case which the Government alleges "offers a nearly identical, and very recent, reference point for an award of reasonable attorneys' fees and costs to this exact Plaintiff and counsel." *Id*. at 17. The Government claims that in both *USRTK v. DOD* and in this case, USRTK relied on declarations by attorney Richard T. Drury regarding USRTK counsel's reasonable hourly rates. *Id*. at 18. The Government avers that "[t]he *only* difference between Mr. Drury's declaration in support of [*USRTK v. DOD*] and the one filed here is the alleged reasonable hourly rates assigned to each attorney." *Id*. (emphasis in original).

In *USRTK v. DOD*, Mr. Drury supported hourly rates of $878 per hour for Attorney Doughty and $777 per hour for Attorney Rivo, which the court found were reasonable. *Id*. The Government argues that in this case (and in contrast to the recent *USRTK v. DOD* case), "Mr. Drury opines that hourly rates of $1,141 for Ms. Doughty and Rae Lovko . . . and $948 for Ms. Rivo and Ms. Blome . . . are reasonable." *Id*. The Government argues that "[t]here is nothing in [USRTK's] motion or Mr. Drury's declaration that supports a rate increase over what was just awarded [in *USRTK v. DOD*]," and that "the rates sought here are excessive and should be reduced, at minimum, to the amounts [the court in *USRTK v. DOD]* found to be reasonable." *Id*. at 18–19.

The Government's simplistic approach to merely copy the rates awarded in *USRTK v. DOD* is not well-supported in law. When a party seeking fees submits declarations, courts must consider them and cannot substitute that analysis by relying solely on previous fee awards. *Roberts*, 938 F.3d at 1024 ("The district court diverged from the applicable standard in discarding the declarations entirely and considering only previous fee awards in determining the prevailing market rate.")

13

(emphasis in original). Indeed, the Ninth Circuit has explained that solely "[e]xamining prior fee awards to [even the same attorneys] in the district [is] not an acceptable substitute for considering declarations submitted by [that attorney], and explaining why those declarations did or did not establish the prevailing hourly rate in the district." *Id*. at 1025.

Here, as noted, USRTK submitted declarations from an expert witness (Mr. Drury) and Attorney Doughty in support of their requested hourly rates, and pursuant to Ninth Circuit standards, the Court considers the declarations to ultimately determine on the record presented in this case whether USRTK's requested rates are or are not adequately supported here. [Dkt. 58 at 18–19]. Mr. Drury "graduated from Yale Law School in 1990" and has been "a practicing California lawyer for over thirty years." [Dkt. 61 at ¶¶ 2, 4]. Mr. Drury attests that he is "very familiar with rates charged by public interest lawyers in the San Francisco Bay Area and the market for services performed by attorneys with the level of experience and competence of the lawyers in this action." *Id*. at ¶ 4. He cites to multiple cases that show varying fee awards granted to partners, associates, and paralegals. *Id*. at ¶¶ 6–17. Mr. Drury further states that he is "familiar with attorney's fees recently awarded to Greenfire Law, PC," citing to a case where Attorney Doughty was granted an hourly rate of $720 and a case where Attorney Blome was awarded an hourly rate of $500. *Id*. at ¶ 18. Additionally, Mr. Drury avers that "[a]nother useful benchmark in determining reasonable market rates is the adjusted Laffey Matrix, named after *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 371 (D.D.C. 1983)." *Id*. at ¶ 19. He states that multiple courts have relied on the Laffey Matrix, "including federal courts in the Northern District of California." *Id*. At the time of Mr. Drury's declaration, the "[Laffey Matrix] rates [were]: paralegals - $258; 1–3 year lawyers - $473; 4–7 year lawyers - $581; 8–10 year lawyers - $839; 11–19 year lawyers - $948; 20+ year lawyers - $1,141." *Id*. at ¶ 20. Based on his review of the case and his knowledge of prevailing market rates, Mr. Drury attests that the market rates identified by USRTK's counsel "are consistent with, or substantially lower than, rates for attorneys with similar skill and experience for comparable litigation in the Northern District of California." *Id*. at ¶¶ 23–24.

The Court finds that Mr. Drury's declaration inadequately supports USRTK's requested hourly rates in the instant motion. Mr. Drury lists fee awards in several different types of cases (not

14

involving the lawyers for USRTK), including multiple class action lawsuits, breach of contract disputes, and anti-SLAPP cases. *Id*. at ¶¶ 6–17. While Mr. Drury reviewed many types of cases, he failed to testify as to a single FOIA case, despite there being numerous Northern District cases on point. *See Cohodes v. U.S. Dep't of Just.*, 2025 WL 572888, at *3 (N.D. Cal. Jan. 24, 2025); *Am. Small Bus. League v. Small Bus. Admin.*, 2024 WL 3678001, at *8 (N.D. Cal. Aug. 6, 2024); *Kopp v. U.S. Secret Serv.*, 2019 WL 2327933, at *7 (N.D. Cal. May 31, 2019).

Had Mr. Drury reviewed FOIA cases from this District, he would have had to explain why the requested hourly rates for USRTK's attorneys here are substantially greater than previously approved rates in those FOIA cases. *See Cohodes*, 2025 WL 572888, at *3–4, 12 (finding that hourly rates of $895 for attorneys were reasonable); *Am. Small Bus. League*, 2024 WL 3678001, at *3, 10 (citing ECF No. 78-1) (finding that hourly rates up to $850 for attorneys was reasonable); *Kopp*, 2019 WL 2327933, at *6–7 (finding that an hourly rate of $700 for a partner was reasonable). Because Mr. Drury's hourly rate analysis does not include a FOIA case, it is not a showing of "the rate prevailing in the community *for similar work*." *Hiken*, 836 F.3d at 1044 (emphasis added); *see Our Children's Earth Found.*, 2017 WL 783490 at *11 (finding that a review of fee awards in a FOIA case that included class action litigation and only one FOIA case was not "based on the performance of 'similar work' by attorneys of comparable skill and experience."). Mr. Drury's failure to address these issues undermines his declaration's probative value.

Further, Mr. Drury lists a number of fee awards in California cases involving the Greenfire Law Firm, counsel for USRTK here. [Dkt. 61 at ¶ 18]. Notably, in none of those cases were the attorneys awarded fees at the rates requested here. According to Mr. Drury, in those other cases (ranging from 2020 to 2023), Attorney Doughty was awarded fees at rates of $575, $612, and $720. Greenfire Law was granted fees for administrative staff at rates ranging from $100 to $250. And Attorney Blome was awarded fees at a rate of $500 per hour. None of these cases was in this Court, and while three of the California cases were filed in California Superior Courts in counties within the geographic boundaries of the Northern District of California, two of those counties are in relatively rural parts of the state, and none is in an urban center of the Northern District. Fundamentally, this portion of the Drury declaration does not support the hourly rates requested in

United States District Court
Northern District of California

United States District Court
Northern District of California

the instant motion.

Moreover, USRTK's reliance on the 2024–2025 Laffey Matrix hourly rates is not sufficient support for the rates requested here. Mr. Drury opines that "the market rates identified by [USRTK's] counsel are well within the range of, if not below, prevailing market rates for attorneys with comparable expertise and skill in the San Francisco Bay Area." [Dkt. 61 at ¶ 25]. In her declaration, Attorney Doughty avers that "[t]he rates sought for each attorney are the rate[s] identified by [the] Laffey Matrix for 2024–2025." [Dkt. 59 at ¶ 17]. Mr. Drury and Attorney Doughty's dependence on the 2024–2025 rates is problematic given that a significant portion of this litigation occurred before those 2024-25 rates were applicable. *See* Laffey Matrix, http://www.laffeymatrix.com/see.html (last visited June 13, 2025) (the 2024–2025 Laffey Matrix rates apply from June 1, 2024, to May 31, 2025). USRTK was first invoiced for billable work in this case on June 21, 2023, and approximately 88 hours of billable work was incurred from that date until June 1, 2024. [Dkt. 59-1 at 2–10]. Of the 185 total hours billed in this case, approximately 47% of those hours were billed before June 1, 2024 (that is, before the cited Laffey 2024-25 matrix applied). [Dkt. 58 at 16]; *see also* Dkt. 59-1 at 2–10. Despite Mr. Drury's "familiarity with this litigation," he does not explain the basis for USRTK's Counsel's request for the 2024–2025 Laffey Matrix rates when nearly half of this litigation took place before those rates went into effect. [Dkt. 61 at ¶ 21].

Further, based on over thirty years of experience practicing law (particularly litigation) in the Northern District of California before joining the bench, this Court notes that, at the start of a case, it is not uncommon for attorneys to freeze their billing rates for the duration of the case. During the Motion for Attorney Fees hearing, USRTK's counsel agreed that it was not uncommon for billing rates to be frozen at the start of a case. [Dkt. 67]. It is highly improbable that USRTK's attorneys would have charged the 2024–2025 Laffey Matrix rates at the start of this case, because the instant litigation began before the 2024–2025 time period. *See* Dkt. 59-1 at 2. Mr. Drury's reliance on the 2024–2025 matrix rates is especially concerning given his experience and familiarity with attorneys' fees in the Bay Area. [Dkt. 61 at ¶ 4].

Further, while Mr. Drury avers that multiple courts in the Northern District have relied on

16

United States District Court
Northern District of California

the Laffey Matrix, the Ninth Circuit has questioned its use in this District. Dkt. 61 at ¶ 19; *see Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the *Laffey* [M]atrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."). "Absent some showing that the rates stated in the [Laffey] [M]atrix are in line with those prevailing in this community . . . the matrix is not persuasive evidence of the reasonableness of its requested rates." *Public.Resource.org v. United States Internal Revenue Serv.*, 2015 WL 9987018, at *6 (N.D. Cal. Nov. 20, 2015). Similarly, Judge Orrick ruled on a FOIA fee motion that he "will not bind plaintiffs to the *Laffey* matrix, especially as statutory fee awards from this District do not establish that the *Laffey* matrix rates are in line with prevailing rates for statutory fee cases in the Bay Area legal community." *Our Children's Earth Found.*, 2017 WL 783490, at *10.

As noted above, the rates sought by USRTK's counsel are substantially greater than rates previously approved in FOIA cases in this District. *See Cohodes*, 2025 WL 572888, at *3–4, 12; *Am. Small Bus. League*, 2024 WL 3678001, at *8 (citing ECF No. 78-1); *Kopp*, 2019 WL 2327933, at *6–7. For the reasons discussed herein, the Court finds Mr. Drury's declaration is not "satisfactory evidence" that USRTK's requested rates are in line with those prevailing in the community. And as noted, the Court finds that USRTK's arguments based on the Laffey Matrix does not support their requested rates. Apart from Mr. Drury's declaration, USRTK provides no declarations or affidavits supporting an increase as compared to the previously awarded rates in FOIA cases in this Court. USRTK has thus failed to provide "satisfactory evidence" that its requested rates are in line with those prevailing in the community for the kind of work performed here. Accordingly, the Court finds that USRTK's counsel's requested hourly rates are not adequately supported and thus unreasonable.

Once a court finds that a requested hourly rate is unreasonable, the court may determine a reasonable hourly rate to use in calculating the lodestar figure. *See Johnson v. Cala Stevens Creek/Monroe, LLC*, 2020 WL 2556989, at *5, 7 (N.D. Cal. May 20, 2020) (finding that Plaintiff's requested rates were unreasonable, and determining reasonable hourly rates in accordance with "case law from the district concerning reasonable attorney's fees"); *Brady v. Patenaude & Felix*,

17

2019 WL 5535772, at *2 (N.D. Cal. Oct. 25, 2019) (finding that Plaintiff's requested hourly rates were unreasonable, and determining a reasonable hourly rate based on prior cases); *Kopp*, 2019 WL 2327933, at *7 (finding that Plaintiff's requested hourly rate of $850 was inadequately supported, and determining a reasonable hourly rate in accordance with a previous fee award).

The Court has reviewed the rates awarded in FOIA cases in this Court. The Court has also reviewed the materials submitted by the Parties. Based on the review of the record, the Court, in its discretion, finds that hourly rates of $878 for Attorney Doughty and Attorney Lovko and $777 for Attorney Rivo and Attorney Blome are reasonable. These hourly rates are consistent with fees awarded in prior Northern District FOIA cases. *See USRTK v. DOD*, 2025 WL 860503, at *7, 11; *Cohodes*, 2025 WL 572888, at *3–4, 12; *Am. Small Bus. League*, 2024 WL 3678001, at *3, 10 (citing ECF No. 78-1). Additionally, the Court finds USRTK's requested hourly rate of $258 for paralegals is reasonable and in line with previous FOIA cases. *See Cohodes*, 2025 WL 572888, at *3–4, 12 (finding that a rate of $325 per hour for paralegals was reasonable); *Kopp*, 2019 WL 2327933, at *6–7 (finding that a rate of $275 per hour for a paralegal was reasonable).

## B. Reasonable Number of Hours

"[A] 'reasonable' number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation marks and edits omitted). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). Courts may exclude such hours using one of two methods. *Gonzalez*, 729 F.3d at 1203. First, courts "may conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id*. (internal quotation marks omitted). Second, courts "faced with a massive fee application" may "make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id*. (internal quotation marks and brackets omitted). Nevertheless, a court must explain how the amount of an attorneys' fees award was derived. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th

18

Cir. 2008).

The Government argues that USRTK's hours billed in this case are duplicative and excessive. [Dkt. 64 at 17, 19]. The Government argues that USRTK "seeks almost double [the amount in *USRTK v. DOD*] for an even more straight-forward, non-adversarial FOIA case." *Id*. at 17. In response, USRTK argues that the hours billed are reasonable and not excessive. [Dkt. 65 at 15]. Moreover, USRTK claims that "[the Government] provide[d] no evidence of what amount of time would [have] be[en] reasonable" to spend on this litigation. *Id*. at 16. USRTK additionally avers that it "already [have] reduced [its] fee demand overall by 23.77% . . . in the exercise of sound billing judgment." *Id*. (citing Dkt. 58 at 16).

The Government contends that the Court should deduct excessive and non-compensable hours spent by USRTK for: (1) drafting the complaint; (2) charging for court-mandated conferences; (3) spending time on strategy and analysis; (4) working on settlement and non-binding ADR; (5) spending time on administrative work; and (6) preparing USRTK's fee motion. [Dkt. 64 at 17–21]. The Court analyzes the Government's contentions in turn.

### 1. Drafting the Complaint

The Government claims that "[USRTK] billed 13.1 hours . . . solely on the drafting of a straightforward FOIA complaint." [Dkt. 64 at 19 (citing Dkt. 59-1 at 2 (entries on 7/14/23, 7/17/23, 7/18/23, 7/20/23, 7/21/23, 7/24/23, 8/3/23, 8/4/23))]. The Government argues that "the amount billed for those hours is excessive, especially for experienced counsel who routinely file very similar, formulaic FOIA complaints." [Dkt. 64 at 19].

The Court finds that the number of hours billed by USRTK for drafting the Complaint is unreasonable. The Complaints here and in *USRTK v. DOD* contain a substantial degree of overlap. *Compare* [Dkt. 1] *with* Compl., *USRTK v. DOD* (No. 23-cv-02956-TSH), 2025 WL 860503, ECF No. 1. The Complaint here does contain necessary information and details regarding USRTK's FOIA requests in the Statement of Operative Facts. *See* Dkt. 1. However, portions of the Statement of Operative Facts and the remainder of the Complaint are significantly similar to the Complaint in *USRTK v. DOD*. *Compare* Dkt. 1 with Coml., *USRTK v. DOD*, ECF No. 1. Considering that USRTK's counsel are "experienced attorneys with decades of experience in civil and public interest

19

litigation," the Court finds that a private client would not pay for over one-and-one half days of billable time (13.1 hours) for the drafting of this Complaint.  [Dkt. 58 at 18 (citing Dkt. 59 at ¶¶ 3–6)].  The Court acknowledges that USRTK voluntarily reduced the number of hours billed for drafting the complaint from 16 hours to 13.1 hours in the exercise of sound billing judgment.  *See* Dkt. 59-1 at 2.  Accordingly, the Court applies a 20% reduction to the 13.1 hours USRTK seeks.

### 2.   Court-Mandated Conferences

Next, the Government argues that USRTK "seeks fees for 11.9 hours . . . of work for 'court mandated conferences,' . . . [which] reflect[s] routine litigation tasks such as reviewing and filing form stipulations (see entries on 11/1/23, 11/2/23), reviewing the docket and court orders on case management statements (see entries on 11/7/23, 11/8/23, 2/28/24, 3/8/24, 10/23/24), and internal communications regarding calendaring case management conference dates (see entries on 4/19/24, 5/8/24, 8/12/24)."  [Dkt. 64 at 20].  The Government claims that these billings "are excessive, both in the amount of time billed and the rate charged."  *Id*.

The Government's argument that these are "routine" tasks for which the billings are excessive is not persuasive because "[c]ourts in this district have concluded that tasks such as filing documents on ECF, revising and preparing documents referred to in time records as 'filings,' email exchanges between attorneys, and organizing certain files in anticipation of preparing a motion are not clerical tasks." *Am. Civil Liberties Union Immigrants' Right Projects v. U.S. Immigr. & Customs Enf't*, 2018 WL 488997, at *5 (N.D. Cal. Jan. 19, 2018) (citing *Elder v. Nat'l Conference of Bar Examiners*, 2011 WL 4079623, at *4 (N.D. Cal. Sept. 12, 2011)).  Because the "routine litigation tasks" attacked by the Government are not clerical, USRTK's incurring attorney rates for such tasks are reasonable.

Furthermore, the Government fails to articulate why the amount of timed billed for court-mandated conferences is excessive.  Without any specific fault on USRTK's part, the Initial Case Management Conference in this case was delayed repeatedly, which necessitated additional time having to be spent on preparing and reviewing CMC statements.  *See* Dkts. 28, 32, 35.  The Court finds that the time entries criticized by the Government are neither excessive nor redundant.  Accordingly, the Court finds that USRTK's billings for court-mandated conferences are reasonable.

United States District Court
Northern District of California

20

### 3. Strategy and Analysis

Next, the Government argues that USRTK spent an "inordinate amount of time . . . on case strategizing—a result of overstaffing on this simple FOIA matter by alleged highly experienced FOIA litigation attorneys." [Dkt. 64 at 20]. The Government alleges that USRTK "billed 26.4 hours . . . [on] strategy and analysis" and that "8.4 of these hours were spent conferring between high-billing attorneys (see . . . entries for 10/23/23, 10/31/23, 12/19/23, 1/2/24, 1/17/24, 1/23/24, 1/31/24, 2/7/24, 2/13/24, 3/12/24, 4/9/24, 4/15/24, 4/23/24, 5/8/24, 5/14/24, 9/24/24)." *Id*. The Government argues that "[t]he amount [USRTK] has billed in this matter toward strategy is over six times the amount . . . found reasonable in *USRTK v. DOD*." *Id*.

While the Government describes these time entries as devoted to "strategy" and "analysis," a more detailed review indicates that the time entries in dispute relate to time spent on reviewing the produced documents, exchanging emails, and conferring between attorneys. *See* Dkt. 59-1. In a FOIA case, these are not merely superfluous "strategy" time entries but appear to be more directly related to the core types of work done on such a case. The Government does not explain sufficiently why these billings themselves are excessive. The Government's strawman approach is not persuasive because the Government's argument amounts to merely labeling these time entries as "strategy and analysis" and then comparing the total amount here with time spent on "strategy and analysis" in a different case with different counsel and defendants. The Court finds that these criticized time entries could reasonably have been billed to a private client and are thus not excessive.

Further, the time spent conferring between USRTK's attorneys is reasonable. While "[t]he Ninth Circuit has approved reducing fees for unnecessary internal communications," *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 5371404, at *10 (N.D. Cal. Sept. 8, 2020) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007)), "[i]ntra-office communications are not always duplicative." *Ehrhardt v. EPublishing, Inc.*, 2022 WL 22912938, at *6 (N.D. Cal. May 9, 2022). Indeed, when "time entries include the discussion topic or include an attorney giving direction to a paralegal, the hours spent on intra-office communications are reasonable." *Id*. (citing *MacDonald v. Ford Motor Co.*, 2016 WL 3055643, at

*4 (N.D. Cal. May 31, 2016)). Here, the time entries at issue are detailed by including the actual topic of discussion between USRTK's attorneys. *See, e.g.* Dkt. 59-1 at 10/23/23 ("Confer with RD regarding strategy"), 1/2/24 ("Confer with RSD about strategy for FOIA responses"), 3/12/24 ("Confer with RSD regarding Agency production of *Vaughn* index, strategy for follow-up with agency"), 5/14/24 ("Confer with RSD regarding strategy for case management statement, outstanding FOIA documentation and fee analysis"). That is, while the time entries refer to communications regarding "strategy", there is further detail that demonstrates that the time was spent actually discussing core issues in the case, such as the *Vaughn* index, the FOIA responses, and the CMC statement. Accordingly, the number of hours billed by USRTK for "strategy and analysis" and communications between attorneys are reasonable.

### 4. Settlement and Non-Binding ADR

The Government further argues that USRTK claiming "52.804 hours . . . of work for 'settlement/non-binding ADR'" is excessive. [Dkt. 64 at 21 (citing Dkt. 59-1)]. The Government specifically argues that "[USRTK] billed over 50 hours to exchange a handful of settlement demands with [the Government] and prepare for and attend one half day settlement conference." *Id*. More specifically, the Government criticizes entries for "time spent [by USRTK] in preparation for the settlement conference," including "entries for compilation and analysis of billing records (entries on 5/16/24, 5/17/24, 7/1/24, 2/5/25), review of declarations (entries on 1/27/25, 1/28/25), and in one entry "review of motion for fees" (entry on 1/27/25)." *Id*. (citing Dkt. 59-1). The Government argues that these entries are duplicative of billing "entries on 3/4/25, 3/6/25, 3/7/25, 3/11/25, 3/12/25," which were incurred in preparation of USRTK's fees motion. *Id*.

In reply, USRTK argues first that not all 50 hours were spent on exchanging settlement demands and the settlement conference, and points out that the Government does not specify which time entries among those 50 hours are unreasonable. [Dkt. 65 at 16 n.2]. Further, USRTK argues that it "repeatedly tried to resolve the case without delay and the incurrence of associated billable hours," but that "[the Government's] delay and settlement posture made this impossible." *Id*. at 16–17. Noting that the Government complains that 54% of the fees requested are based on work on settlement and the instant motion, USRTK argues that the amount of fees incurred would have been

United States District Court
Northern District of California

lower "but for" the Government's approach to settlement and the fees issue. *Id.* at 17.

First, after a careful review of USRTK's "Settlement/Non-Binding ADR" billing entries, the Court finds some entries to be repetitive and thus duplicative. A court may reduce the lodestar figure if the number of hours claimed is duplicative. *Stonebrae, L.P. v. Toll Bros.*, 2011 WL 1334444, at *12 (N.D. Cal. Apr. 7, 2011) (citing *Chalmers*, 796 F.2d at 1210). According to USRTK's billing spreadsheet, USRTK seeks a total of one hour of fees for the following entries: 5/16/24 (.1 hours: "Discuss fees chart with co-counsel"); 12/30/24 (.1 hours: "Review settlement correspondence with Agency"); 12/30/24 (.2 hours: "Discuss settlement efforts w/ co-counsel"); 12/30/24 (.2 hours: "Confer with RSD regarding strategy, settlement and contacting the court regarding same"); 1/22/25 (.2 hours: "Review and calendar instructions from Clerk"); 1/22/25 (.2 hours: "Exchange email with RB, RSD regarding settlement conference statement, attendance"). *See* Dkt. 59-1 at 9, 13–14. Because these appear to be duplicative of other time entries, the Court reduces USRTK's billings for "Settlement/Non-Binding ADR" by one hour to 51.804 hours. [Dkt. 58 at 17].

Additionally, the Court, in its discretion, finds that USRTK spent an excessive amount of time on settlement and non-binding ADR. The Court acknowledges that parties are encouraged to engage in settlement discussions for FOIA fees. *USRTK v. DOD*, 2025 WL 860503, at *16 (citing *Coffey v. Bureau of Land Mgmt.,* 316 F. Supp. 3d 168, 172 (D.D.C. 2018) (awarding fees for 11.9 hours of time spent in FOIA fees settlement discussions). Settlement preparation and discussion took place over a long period of time in this case, with the first mention of settlement in USRTK's billing records being on May 15, 2024, and entries related to settlement continuing until February 10, 2025. *See* Dkt. 59-1 at 9, 15. During this nine month period, USRTK spent a significant amount of time compiling billing records, reviewing declarations, conferring about settlement, and drafting settlement offers. *See id*. at 9–15. Additionally, USRTK's attorneys spent approximately 15 hours drafting, updating, reviewing, and finalizing their settlement conference statement. *See id*. at 1/24/25, 1/27/25, 1/28/25, 1/30/25, and 1/31/25.

Because USRTK engaged in settlement discussions with the Government, those discussions necessarily required USRTK's counsel to spend time preparing for and conferring about settlement.

United States District Court
Northern District of California

23

However, USRTK spent 15 hours, or almost two full business days, drafting a settlement conference statement. The Court finds that a private client would not pay for that much time spent drafting a settlement conference statement, particularly when viewed in the context of the substantial amount of time USRTK spent compiling, analyzing, and reviewing billing records and declarations (which presumably preceded the drafting of the statement and should have been the kind of preparation work which would be expected to reduce the time drafting the statement). *See Gonzalez*, 729 F.3d at 1202. For similar reasons, USRTK's incurring over 50 hours of work towards settlement preparation and negotiation in this case is excessive when viewed in the context of the other work performed to collect the documents and information in the months prior to the actual negotiations. For these reasons, the Court finds that a private client would not have paid for the total amount of time USRTK spent on settlement and non-binding ADR.

The Court recognizes that USRTK voluntarily reduced the hours billed towards settlement and non-binding ADR from 56 hours to 52.804 hours in the exercise of sound billing judgment. [Dkt. 58 at 17]. As previously noted, the Court reduced USRTK's billings for settlement and non-binding ADR by one hour to 51.804 hours. Accordingly, the Court applies a final 20% reduction to the 51.804 hours spent by USRTK.

### 5. Administrative Work

The Government next argues that "[USRTK] has billed 1.6 hours . . . for noncompensable administrative work, such as downloading documents (entry on 2/5/25), calendaring (entries on 4/22/24, 1/22/25, 3/5/25), and docketing (entries on 11/3/23, 2/11/25, 2/28/25)." [Dkt. 64 at 20 (citing Dkt. 59-1)]. The Government argues that these entries should be rejected. *Id*. USRTK does not explicitly respond to the Government's contentions regarding this administrative work. *See* Dkt. 65 at 15–16.

Attorney fees should not be awarded for purely clerical tasks, even at paralegal rates, because such work should be subsumed in a law firm's overhead. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Clerical work such as calendaring, scheduling, and docketing is not compensable as attorney fees. *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1105 (N.D. Cal. Feb. 18, 2010) (citing *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992)

United States District Court
Northern District of California

*vacated in part on other grounds at* 984 F.2d 345 (9th Cir. 1993)).  In light of the lack of specific rebuttal by USRTK and the legal standards discussed, the Court finds the following entries constitute non-compensable administrative work: 4/22/24 ("Review order from court regarding new deadlines, calendar accordingly"); 1/22/25 ("Review and calendar instructions from clerk"); 2/5/25 ("Check Judge Beeler's department website, add Zoom information to calendar; review and download standing order; email to team"); 2/11/25 ("Update docket and file; update tasks and calendaring"); 2/28/25 ("Docket all deadlines for fee briefing per stipulation to be filed").  [Dkt. 59-1 at 8, 14–15].  Thus, the total reduction for these time entries is 1.3 hours.

However, the Court finds that the billing entry on 3/5/25 does not constitute "calendaring" administrative work, as the Government alleges.  *Id.* at 15.  Rather, the only entry dated March 5, 2025 which refers to calendaring reads in full "Review stipulation and calendared dates for fee motion", by attorney Rivo for 0.2 hours.  *Id.*  This is facially not time spent on an administrative task for calendaring, but rather is work performed by an attorney directly related to the fee motion. The time spent is reasonable.  *Id.*  Further, the Court declines to deduct hours relating to the criticized billing entry on 11/3/23, because USRTK has already fully reduced those hours in the exercise of sound billing judgment.  *Id*. at 5.  at 15. ("Review stipulation and calendared dates for fee motion").

### 6. Fees-on-Fees Request

While the Government does "not contend that hours spent on a fees motion are noncompensable (assuming the Court finds that [USRTK] is entitled to fees in the first place)," the Government argues that USRTK's fees motion is duplicative and that the billings for the instant motion are thus excessive.  [Dkt. 64 at 17, 21].  The Government argues that "[a] review of the fees motions [here and in *USRTK v. DOD*] reveals that entire portions and pages of the instant motion are identical to those filed in the first USRTK case, including the standard of review, entitlement, and reasonableness of fees sections."  *Id*. at 17.  Further, the Government argues that "[i]n effect, [USRTK] and its counsel are double billing for substantially identical fees motion practice in two cases."  *Id*. at 18.  In reply, USRTK argues that "the fee motions in the two cases are not identical as they involve completely different background facts and a different defendant, necessarily making the argument section different."  [Dkt. 65 at 15].  USRTK argues that "[t]he fact that a handful of

25

paragraphs addressing foundational law in FOIA cases are the same does not render Plaintiff's billing in this case excessive." *Id*.

Under Ninth Circuit precedent (and as essentially admitted by the Government), plaintiffs may recover attorneys' fees for time reasonably expended on a motion for attorney fees and costs. *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990). An inflated request for a "fees-on-fees" award may be reduced to an amount deemed reasonable by the awarding court. *Rosenfeld*, 903 F. Supp. 2d at 878. A reduction in hours is appropriate if a court reasonably concludes that preparation of a fees motion "demanded little of counsel's time." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 950 (9th Cir. 2007).

While the two fee motions prepared for this case and for *USRTK v. DOD* involve completely different backgrounds and defendants, the Government is correct that large portions of the fee motion here are duplicative of the fee motion in *USRTK v. DOD*. Outside of the background section and small portions of the argument section, there is a substantial degree of overlap between the two fee motions. *Compare* [Dkt. 58] *with* Pl.'s Mot. Att'y Fees, *USRTK v. DOD*, ECF No. 33. Contrary to USRTK's characterization, more than "a handful of paragraphs" are the same in the two motions. *Id*. Even though the fee motion in *USRTK v. DOD* was written by different counsel, with USRTK's current counsel having "assist[ed] with edits and factual content [on that motion]," a review demonstrates that the two motions are considerably similar. [Dkt. 65 at 15].

Because preparation and drafting of the fee motion here benefited from the work performed to prepare the fee motion in *USRTK v. DOD*, the Court finds that the requested fee award relating to the instant motion is excessive and warrants reduction. *See Rosenfeld*, 903 F. Supp. 2d at 879 (finding that two fee motions contained a substantial degree of overlap, reducing the "grossly inflated" fees on fees award by 30%). Because of the facially apparent overlap between the motions, preparation of the instant fee motion should have required much less time than the 24.5 hours USRTK seeks. [Dkt. 58 at 17]. This is especially true given that the Government did not contest eligibility, saving USRTK time arguing that issue. [Dkt. 64 at 17]. Furthermore, fee motions are not particularly complicated, and USRTK's attorneys are experienced in FOIA litigation. *See Rosenfeld*, 903 F. Supp. 2d at 879 ("The [fee] motion is not particularly complicated, and counsel

26

are experienced in this field."). Further, as noted above, USRTK spent billable time collecting the documents and information necessary for the instant fees motion earlier in the case. While USRTK exercised sound billing judgment by voluntarily reducing the hours billed for preparing this fee motion from 26.1 hours to 24.5 hours, that reduction is less than 10% of the requested amount. [Dkt. 58 at 17]. Accordingly, the Court applies a 20% reduction to the 24.5 hours USRTK seeks.

In addition to time spent preparing the fee motion, USRTK billed 16.3 hours for time spent responding to the Government's Opposition. *See* Dkt. 66-1. USRTK submitted a record of billing entries in support of its requested billings. *Id.* Attorney fees may be awarded for the entire course of litigation, including time spent defending a motion for attorney fees. *Brown*, 916 F.2d at 497. "If new evidence has been submitted in [a] reply, the opposing party may file an Objection to Reply Evidence stating its objections to the new evidence within seven days after the reply was filed." *Am. Small Bus. League*, 2024 WL 3678001, at *13. Here, the Government had the opportunity to object to USRTK's billing entries related to its reply on the instant motion but did not do so.

Nevertheless, the Court finds that USRTK spent an excessive amount of time drafting the reply brief. While working on the reply, USRTK's attorneys spent a significant amount of time conferring, strategizing, researching case law, and reviewing the Government's opposition. *See* Dkt. 66-1. Additionally, Attorney Rivo spent 6.5 hours outlining and updating arguments and drafting a summary document to refute the Government's opposition. *See, e.g., id.* at 3/31/25 ("Outline arguments for reply brief, review correspondence to refute arguments"), 3/31/25 ("Update arguments on exemptions (b)(4) and (b)(5); draft reply section on entitlement"), 3/31/25 ("Update summary of agency response to requests for entitlement section"), 4/1/25 ("Update reply brief to address arguments regarding fees-on-fees and billing practices"), 4/1/25 ("Update entitlement section, request one in reply brief"), 4/1/25 ("Update argument on third party reliance and discretion as justification for reasonableness ISO reply brief"), 4/2/25 ("Draft summary doc for co counsel with correspondence and overview of fees argument to refute opposition"). Despite the extensive amount of time spent in preparation for drafting the reply brief (including drafting by Attorney Rivo of documents which summarized arguments as discussed above), Attorney Lovko billed approximately 9 hours to actually draft USRTK's fee motion reply brief, which is excessive given

27

the amount of strategizing and preparatory work (and particularly because this was a reply brief, not an opening brief). *See id.* at 4. The Court recognizes that counsel for USRTK exercised sound billing judgment by reducing their billed hours for time spent on the reply by approximately 10 hours. *See id.* at 1–4 (reducing the hours billed from 26.5 hours to 16.3 hours). However, given the substantial amount of time spent preparing and strategizing for the reply brief (and the drafting by Attorney Rivo of documents summarizing arguments), the Court finds that a private client would not reasonably pay for 9 hours of work for the actual drafting of the reply brief. Accordingly, the Court applies a one-third (approximately 33%) reduction of the 9 hours spent by Attorney Lovko drafting the reply brief, to bring that number down to 6 hours.

### C. Lodestar Figure

In determining the fees to be awarded, the Court must determine the lodestar figure by multiplying USRTK's reasonable hourly rates by the number of hours reasonably expended by USRTK. *See Hiken*, 836 F.3d at 1044. As previously discussed, the Court found hourly rates of $878 for each of Attorneys Doughty and Lovko and $777 for each of Attorneys Rivo and Blome to be reasonable. Additionally, the Court reasonably reduced the hours billed by USRTK's attorneys for the drafting of the complaint, time spent on settlement and non-binding ADR, administrative work, the fee motion, and USRTK's reply brief on the instant motion. The Court now calculates the reasonable number of hours expended by USRTK in light of these reductions.

USRTK seeks fees for a total of 160.3 hours of work in this case, including time spent on the reply briefing to respond to the Government's opposition to USRTK's fees motion. *See* Dkts. 58 at 16, 66-1 at 1–4. Of the 160.3 hours sought, Attorney Doughty billed 19.21 hours, Attorney Rivo billed 109.148 hours, Attorney Blome billed 2.75 hours, Attorney Lovko billed 24.9 hours, and administrative staff and paralegals billed 4.3 hours. *See id.*

For the 13.1 total hours spent drafting USRTK's complaint, 12.1 hours were billed by Attorney Rivo and 1 hour was billed by Attorney Blome. *See* Dkt. 59-1 at 2. Having found reasonable a 20% reduction to these billings, the Court reduces the hours billed to Attorney Rivo by 2.42 hours (for a new total of 9.68 hours) and the hours billed to Attorney Blome by 0.2 hours (for a new total of 0.8 hours).

28

United States District Court
Northern District of California

Next, USRTK's billings for "Settlement/Non-Binding ADR" total 51.8 hours,[1] as the Court previously deducted one hour from USRTK's billings due to repetitive and duplicative entries. *See id.* at 9–15. Of these 51.8 total hours, 9.1 hours were billed by Attorney Doughty, 41.8 hours were billed by Attorney Rivo, 0.1 hours were billed by Attorney Blome, and 0.8 hours were billed by administrative staff and paralegals. *See id.* The Court previously applied a 20% reduction to these billings, and thus reduces the following hours billed by USRTK's attorneys: 1.82 hours for Attorney Doughty (for a new total of 7.28 hours); 8.36 hours for Attorney Rivo (for a new total of 33.44 hours); 0.02 hours for Attorney Blome (for a new total of 0.08 hours); and 0.16 hours for administrative staff and paralegals (for a new total of 0.64 hours). *See id.* at 9–15.

Regarding the 1.3 non-compensable hours related to administrative billings, the Court deducts 0.5 hours from Attorney Rivo's time billed and 0.8 hours from billings by administrative staff and paralegals. *See id.* at 8, 14–15.

The number of hours billed by each of USRTK's attorneys on its fee motion, which totals 24.5 hours, is as follows: 2.7 hours billed by Attorney Doughty; 8 hours billed by Attorney Rivo; 13.1 hours billed by Attorney Lovko; and 0.7 hours billed by administrative staff and paralegals. *See id.* at 12–13, 15–16. Based on the Court's finding that a 20% reduction of time billed for the fees motion is appropriate, the Court reduces the following hours billed by USRTK's attorneys: 0.54 hours for Attorney Doughty (for a new total of 2.16 hours); 1.6 hours for Attorney Rivo (for a new total of 6.4 hours); 2.62 hours for Attorney Lovko (for a new total of 10.48 hours); and 0.14 hours for administrative staff and paralegals (for a new total of 0.56 hours). *See id.*

Finally, based on the Court's finding to reduce the 9 hours billed by Attorney Lovko on drafting the reply brief to the Government's opposition to the instant fees motion by one-third, the Court reduces the hours billed to Attorney Lovko by 3 hours (for a new total of 6 hours). *See* Dkt. 66-1 at 4.

Following these reductions, the Court finds the following number of hours, totaling 132.128

---

[1] After carefully reviewing USRTK's billing entries, the Court is unable to locate an entry equaling 0.004 hours spent on "Settlement/Non-Binding ADR." *See* Dkt. 59-1. Accordingly, the Court uses 51.8 hours instead of 51.804 hours for time spent on settlement and non-binding ADR.

hours, to be reasonably expended by USRTK's attorneys: 16.85 hours for Attorney Doughty; 96.268 hours for Attorney Rivo; 2.53 hours for Attorney Blome; 19.28 hours for Attorney Lovko; and 3.2 hours for administrative staff and paralegals. Having determined the reasonable hourly rate and the reasonable number of hours expended, the Court can properly calculate the Lodestar figure.

The following table summarizes the Court's Lodestar figure calculation:

|  | Reasonable Hourly Rate | Number of Hours Reasonably Expended | Total Reasonable Fee |
|---|---|---|---|
| Attorney Doughty | $878 per hour | 16.85 hours | $14,794.30 |
| Attorney Rivo | $777 per hour | 96.268 hours | $74,800.24 |
| Attorney Blome | $777 per hour | 2.53 hours | $1,965.81 |
| Attorney Lovko | $878 per hour | 19.28 hours | $16,927.84 |
| Administrative Staff and Paralegals | $258 per hour | 3.2 hours | $825.60 |
| **Total** |  | 138.128 hours | $109,313.79 |

Accordingly, the Court awards $109,313.79 in attorneys' fees.

### D.    Costs

USRTK additionally seeks a total of $1,337.60 in costs, consisting of $47.16 for service of process (8/23/2023), $402.00 for filing the pleadings (8/23/2023), $32.46 for "FedEx charges for overnight delivery to court" (1/31/2025), $56.00 for parking fees for attending a hearing (2/14/2025), and $800.00 in expert fees for Mr. Drury's declaration. [Dkt. 58 at 16, 19]. The Government does not explicitly contest USRTK's requested cost entries. *See* Dkt. 64.

Generally, costs are awarded to the prevailing party in civil actions. Fed. R. Civ. R. 54(d)(1). However, courts may only award "costs against the United States, its officers, and its agencies . . . to the extent allowed by law." Fed. R. Civ. R. 54(d)(1). In FOIA cases, courts may "assess against the United States . . . litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Accordingly, the Court must assess whether USRTK's requested costs were reasonably incurred.

United States District Court
Northern District of California

30

Based on precedent awarding such costs, the Court finds USRTK's request for costs reasonable as to service of process and the filing of pleadings. *See Hum. Rights. Def. Ctr. v. Cnty. of Napa*, 2021 WL 1176640, at \*14 (N.D. Cal. Mar. 28, 2021) (awarding costs for filing fees and service of process fees); *Cruz v. Starbucks Corp.*, 2013 WL 2447862, at \*10 (N.D. Cal. June 5, 2013) (awarding filing fees and service of process fees). Additionally, the Court finds USRTK's request for "FedEx charges for overnight delivery to court" and parking fees are reasonable.

Regarding USRTK's request for costs for Mr. Drury's expert declaration, FOIA does not explicitly allow for the recovery of costs associated with expert witnesses and consultants. *See USRTK v. DOD*, 2025 WL 860503, at \*19. "[C]ourts have held that th[e] language in FOIA does not constitute the explicit authorization needed to allow recovery of expert witness expenses beyond the per diem expert witness fee authorized by 18 U.S.C. § 1821." *Id.* (quoting *Myers v. Aitkin Cnty.*, 2016 WL 11186989, at \*21 (D. Minn. Nov. 30, 2016), *report and recommendation adopted in relevant part, rejected in part*, 2017 WL 1134575 (D. Minn. Mar. 27, 2017)). The Court thus declines to award USRTK's request for $800 related to Mr. Drury's expert declaration.

Accordingly, the Court awards USRTK $537.62 in recoverable costs as authorized under § 552(a)(4)(E)(i).

## CONCLUSION

For all the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES IN PART** Plaintiff's motion for an award of attorneys' fees and costs. As discussed herein, the Court awards to Plaintiff the amount of $109,313.79 in attorneys' fees and $537.62 in costs, totaling $109,851.41.

This **RESOLVES** Dkt. 58.

**IT IS SO ORDERED.**

Dated: October 9, 2025

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

31

EXHIBIT C

# Wild Horse Education $v.$ Department of Interior (3:25-cv-00152)

## District Court, D. Nevada

🚩 Add Note | 🏷 Tags ▾ | 🔔 Get Alerts | ▾ | ⧉ View on PACER | ▾

**Last Updated:** March 19, 2025, 9:33 a.m.
**Citation:** Wild Horse Education v. Department of Interior, 3:25-cv-00152, (D. Nev.)
**Date Filed:** March 18, 2025
**Date of Last Known Filing:** March 18, 2025
**Cause:** 05:552 Freedom of Information Act
**Nature of Suit:** 895 Freedom of Information Act
**Jury Demand:** None
**Jurisdiction Type:** U.S. Government Defendant



| Document Number | Date Filed | Description | |
|---|---|---|---|
| 1 | Mar 18, 2025 | AMENDED COMPLAINT against All Defendants by Wild Horse Education. No changes to parties. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons US Attorney General, # 3 Summons Bureau of Land Management, # 4 Summons US Attorney's Office-Nevada, # 5 Summons US Department of Interior) (Resh, Brent) Modified event to reflect Complaint on 3/18/2025. Paid (405.00) receipt #ANVDC-7989329. (LE). (Entered: 03/18/2025) | ◂ |
| | | Main Document — Complaint Amended — Download PDF ▾ | |
| | | Attachment 1 — Civil Cover Sheet Civil Cover Sheet — Buy on PACER ($0.20) — 0 🙏 | |
| | | Attachment 2 — Summons US Attorney General — Buy on PACER ($0.20) — 0 🙏 | |
| | | Attachment 3 — Summons Bureau of Land Management — Buy on PACER ($0.20) — 0 🙏 | |
| | | Attachment 4 — Summons US Attorney's Office-Nevada — Buy on PACER ($0.20) — 0 🙏 | |

🔽 Export CSV

# PAYN'S STATIONERY
1791 SOLANO AVE
BERKELEY, CA 94707
(510) 526-3056

03/18/2025                    8:19

## Sale

## Trans #: 1  Batch #: 838

VISA     CHIP Contactless
************4192     **/**

Tax Reported:              $0.01
AMOUNT:                   $10.00

Resp:                    APPROVAL
Code:                      011996
Ref #:
     305077588398492TZFK

App Name:       CAPITAL ONE
                            VISA
AID:         A0000000031010
TVR:            0000000000


THANK YOU!

**CUSTOMER COPY**



**GREENFIRE LAW, PC**

Jessica San Luis <jsanluis@greenfirelaw.com>

## Fwd: Pay.gov Payment Confirmation: NEVADA DISTRICT COURT

**Donna Wallace** <dwallace@greenfirelaw.com>                    Tue, Mar 25, 2025 at 10:50 AM
To: Jessica San Luis <jsanluis@greenfirelaw.com>

Hi Jessica,

FYI - I charged $250 for Rae's PHV Petition in 2025-00804-Wild Horse Education/CAWP FOIA case. I also charged 0.60 in Pacer fees to download the endorsed document - screenshot below. Let me know if you have any questions or need any further info.



Thanks,
Donna


**Donna Wallace, Senior Paralegal**
**Greenfire Law, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
T: 510.900.9502 x 701
dwallace@greenfirelaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.


Begin forwarded message:

**From:** do_not_reply@psc.uscourts.gov
**Subject: Pay.gov Payment Confirmation: NEVADA DISTRICT COURT**
**Date:** March 25, 2025 at 10:42:39 AM PDT
**To:** dwallace@greenfirelaw.com
**Reply-To:** helpdesk_vegas@nvd.uscourts.gov

Your payment has been successfully processed and the details are below. If you have any questions or you wish to cancel this payment, please contact: District of Nevada HelpDesk at 702-464-5555.

Account Number: 7398407
Court: NEVADA DISTRICT COURT
Amount: $250.00
Tracking Id: ANVDC-7996813
Approval Code: 07161G

Card Number: ************0346
Date/Time: 03/25/2025 01:42:38 ET


NOTE: This is an automated message. Please do not reply



**image.tiff**
278K

Greenfire Law, PC
Mail

Nuria de la Fuente <ndelafuente@greenfirelaw.com>

## USPS eReceipt
2 messages

**DoNotReply@ereceipt.usps.gov** <DoNotReply@ereceipt.usps.gov>
To: NDELAFUENTE@greenfirelaw.com

USPSlogo

```
            ELMWOOD
          2705 WEBSTER ST
        BERKELEY, CA 94705-9991
           (800)275-8777
04/22/2025                  02:07 PM
-----------------------------------------------
Product            Qty   Unit    Price
                         Price
-----------------------------------------------
First-Class Mail®    1           $2.59
Large Envelope
  Washington, DC 20240
  Weight: 0 lb 4.30 oz
  Estimated Delivery Date
    Mon 04/28/2025
  Certified Mail®              $4.85
    Tracking #:
    9589 0710 5270 0569 0678 31
  Return Receipt               $4.10
    Tracking #:
    9590 9402 8940 4064 8818 75
Total                        $11.54

First-Class Mail®    1           $2.59
Large Envelope
  Washington, DC 20530
  Weight: 0 lb 4.30 oz
  Estimated Delivery Date
    Mon 04/28/2025
  Certified Mail®              $4.85
    Tracking #:
    9589 0710 5270 0968 2839 24
  Return Receipt               $4.10
    Tracking #:
    9590 9402 8940 4064 8818 13
Total                        $11.54

First-Class Mail®    1           $2.59
Large Envelope
  Ely, NV 89301
  Weight: 0 lb 4.20 oz
  Estimated Delivery Date
    Fri 04/25/2025
  Certified Mail®              $4.85
    Tracking #:
    9589 0710 5270 0968 2838 87
  Return Receipt               $4.10
    Tracking #:
    9590 9402 8940 4064 8818 51
Total                        $11.54

First-Class Mail®    1           $2.59
Large Envelope
  Las Vegas, NV 89101
  Weight: 0 lb 4.20 oz
  Estimated Delivery Date
    Fri 04/25/2025
  Certified Mail®              $4.85
    Tracking #:
    9589 0710 5270 0968 2839 17
  Return Receipt               $4.10
    Tracking #:
    9590 9402 8940 4064 8818 37
Total                        $11.54

-----------------------------------------------
Grand Total:                 $46.16
-----------------------------------------------
Credit Card Remit            $46.16
  Card Name: VISA
  Account #: XXXXXXXXXXXX0436
  Approval #: 01018G
  Transaction #: 050
  AID: A0000000031010   Contactless
  AL: VISA CREDIT
  CAPITAL ONE VISA
-----------------------------------------------

    Text your tracking number to 28777 (2USPS)
      to get the latest status. Standard Message
       and Data rates may apply. You may also
      visit www.usps.com USPS Tracking or call
               1-800-222-1811.

            Preview your Mail
```

Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.

    Tell us about your experience.
       Go to: https://postalexperience.com/pos?mt=9
       or call 1-800-410-7420.

---------------------------------------------------------------------------

UFN: 050644-0055
Receipt #: 840-59450117-2-7851746-2
Clerk: 39

**Privacy Act Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.

---

**Nuria de la Fuente** <ndelafuente@greenfirelaw.com>                                Tue, Apr 22, 2025 at 2:12 PM
To: Donna Wallace <dwallace@greenfirelaw.com>

Hi Donna,

I will scan and save the certified mail receipts to the service folder on Thursday

Nuria de la Fuente, *Office Manager*
**Greenfire Law, PC**
2748 Adeline Street, Suite A
Berkeley, CA 94703
T: 510.900.9502 x 700
F: 510.900.9502
ndelafuente@greenfirelaw.com
[Quoted text hidden]

**PXL_20250422_210752064.jpg**
5312K