BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**DECLARATION OF LAURA LEIGH IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, LAURA LEIGH, declare that if called as a witness in this action I would competently testify of my own personal knowledge, as follows:

1.    I make this declaration in support of WHE's Motion for Attorneys' Fees and Costs.

2.      I am the Founder and President of Plaintiff Wild Horse Education. Wild Horse Education (WHE), which was founded in 2011, is a national non-profit corporation of more than 150,000 members formed for the purpose of educating the public about the plight of wild horses and burros on public land, and in the government warehousing system for these animals including sale and final disposition; working to end the inhumane treatment of these heritage animals; encouraging the creation of a sane, scientifically-based management strategy for these animals in the wild (through management plans); promoting public adoptions and support for those who adopt; assisting the public to advocate for the welfare of wild horses and burros.

3.      WHE is founded on the premise that "an educated advocacy is the best defense our wild horses and burros can have" and among other requests, WHE seeks data-based management of wild horses.

4.      WHE relies on FOIA requests to secure documents from government agencies, including the Bureau of Land Management (BLM). Many of the documents that inform WHE's work have been obtained through public records requests. A substantial volume of those records are now publicly available on WHE's website and shared via outreach methods including by creating publications that include FOIA-produced content. As stated on WHE's website, "WHE continually documents the management practices of government agencies charged with overseeing wild horses and burros and the issues surrounding public land management for the various jurisdictions that manage the herds that are on public land. We do this to help facilitate public awareness and participation in these issues and in the public decision-making process."[1]

5.      WHE assists the public to advocate for the welfare of wild horses and burros, including by providing the public information needed on government actions taking place on the range and within wild herd holding facilities. Information gleaned from FOIA documents can provide essential insight into the dynamics of the government, including the BLM.

6.      WHE immediately reviews produced materials, and as it has done in the past,

---

[1] https://wildhorseeducation.org/donate/mission-statement/ (last visited July 24, 2026).

communicates analysis to BLM, including whether additional training is required, for example. *See* Dkt. 36-2, p. 213 (email I sent to BLM officials after evaluating implementation of CAWP standards).

7.    In drafting the September 28, 2019, FOIA request on behalf of WHE, I sought to understand and assess how the BLM's process of managing wild horses and their environment has been effectuated and whether it complies with the Wild and Free-Roaming Horses and Burros Act (Act). 16 U.S.C § 1333(b)(2)(B) & (C). I am familiar with the Act and the requirement that excess horses be "humanely captured and removed." *Id.* The question.

8.    At the heart of WHE's FOIA request is a need to understand the effectiveness of BLM's Comprehensive Animal Welfare Program (CAWP) which developed standards to humanely handle horses and burros.

9.    Beginning in October 2015, in response to my requests, BLM repeatedly informed WHE that they would conduct annual reviews and publish these for public review. I continued to ask for these records over many years. BLM stated they would self-assess the efficacy of CAWP standards, and accordingly, WHE sought records supporting these assessments. WHE sought information and documents related to the BLM's review and implementation of the 2015 Instruction Manual related to the new CAWP. Specifically, WHE sought to understand the process for formalizing, and finalizing CAWP.

10.    WHE sought these documents that evaluate BLM's CAWP standards because, among other reasons, WHE documented, on multiple occasions, that BLM requires retraining in provisions and important aspects of CAWP. The FOIA- requested documents assist WHE in updating and compiling reports, and support efforts to hold the government accountable. WHE, and the public, are entitled to know whether BLM complies with standards set forth in the Wild Horse and Burros Act as well as CAWP.

11.    In reviewing BLM's April 9, 2025, production, I had hoped for and anticipated further information related to a status review or assessment of CAWP standards or CAWP self-assessment tools. The production lacked documents relevant to CAWP finalization documents that I expected to receive. I communicated these concerns to Ms. Blome. Additionally, since

BLM produced 307 pages in total, with 103 withheld in part or fully redacted under FOIA Exemption 5, I consulted Ms. Blome regarding next steps.

12.    Based on Ms. Blome's advocacy and request to BLM to clarify details concerning production, BLM supplemented production and confirmed that this in fact reflected all documents responsive to the September 2019 request.

13.    If necessary, WHE litigates on behalf of wild horses, burros, and natural resources to ensure protection under the law. The records sought by WHE in the September 2019 FOIA request are essential to understanding BLM's legal compliance as outlined in the Wild and Free-Roaming Horses and Burros Act, and according to BLM's own management policies, among other regulations. Disclosure of the records is critical to WHE's ability to understand BLM's compliance with the law and agency decision-making protocols.

14.    I anticipate and expect to be filing a new FOIA request seeking documents related to BLM's adherence to law, as well as internal policies in the near future. Generally, access to all relevant FOIA-requested documents provides WHE the opportunity to fully evaluate compliance with the law. WHE's activities are impacted by BLM's delay and violations of FOIA in providing relevant, responsive records.

15.    As stated in my request for a fee waiver associated with this FOIA request, WHE has no commercial interest in the records responsive to its FOIA request at issue in this litigation. Instead, WHE seeks to educate and advocate on behalf of wild horses and burros, and share the information received through FOIA requests with WHE members and the public.

16.    After waiting more than four years for BLM to produce documents to no avail, I sought a skilled local attorney to represent me in this matter. I am familiar with the work of Greenfire Law, P.C., and particularly, Jessica L. Blome. Ms. Blome represents WHE in other litigation matters.

17.    Since there are few local public interest lawyers capable and willing to litigate FOIA requests and experienced in successfully securing documents, I engaged Ms. Blome and Greenfire Law to represent WHE in this matter. In addition, Greenfire Law, and specifically Ms. Blome and Ms. Lovko, represent me in multiple cases involving the Wild Free-Roaming Horses

and Burros Act. They have unique expertise in BLM's regulation and administration of the Act, which informs whether BLM's document production is complete and whether it is worthwhile or important to challenge claimed FOIA exemptions.

18.     As is customary in my experience with Greenfire Law, PC, I believe Greenfire Law achieved excellent results. I did not want to sue BLM under FOIA for these records, as evidenced by the fact that I waited 4 years before I asked Greenfire Law, PC to sue. Ms. Blome and Ms. Lovko secured BLM's response efficiently and effectively, and I have been able to use the records in my advocacy.

19.     I am disappointed that BLM could not make a settlement offer that fairly compensated my attorneys in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 31st day of July 2026,

_____
LAURA LEIGH