BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

JESSICA L. BLOME
(Cal. Bar No. 314898, admitted pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, admitted pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>Defendant. | CASE NO. 3:25-CV-00152-MMD-CSD<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ........................................................................................ 1

A. Plaintiff is eligible for fees as its lawsuit caused BLM to produce records........... 1

1. Plaintiff's lawsuit substantially caused BLM's release of records. ............ 2

2. Plaintiff was entitled to the records years earlier. ..................................... 3

3. BLM shows only delay, not diligence in reducing FOIA backlog. ............ 3

B. Entitlement to fees is effectively conceded. ......................................................... 6

C. The requested fees are reasonable. ........................................................................ 6

1. BLM's objections are categorical, a disfavored approach. ......................... 6

2. Plaintiff's success was complete, not limited. ........................................... 7

3. The litigation did not end in August 2025, and the later time is compensable, including Plaintiff's response to BLM's Motion to Dismiss. ........................................................................................ 8

4. BLM's 65% cut to fee-related time is arbitrary. ....................................... 9

5. Plaintiff exercises further billing judgment and addresses discrepancies. ......................................................................................... 11

III. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.,*
289 F.3d 589 (9th Cir. 2002) .................... 3

*Bernardi v. Yeutter,*
951 F.2d 971 (9th Cir. 1991) .................... 9

*Bloomgarden v. United States DOJ,*
253 F. Supp. 36 (D.D.C. 2017) .................... 7

*Church of Scientology v. Harris,*
653 F.2d 584 (D.C. Cir. 1981) .................... 4

*Church of Scientology v. U.S. Postal Serv.,*
700 F.2d 486 (9th Cir. 1983) .................... 2, 3

*Clark v. City of Los Angeles*,
803 F.2d 987 (9th Cir. 1986) .................... 9

*Conserv. Force v. Jewell,*
160 F. Supp. 3d 194 (D.D.C. 2016) .................... 2

*Cox v. U.S. Dep't of Justice,*
601, F.2d 257 (D.C. Cir. 1993) .................... 4

*Cuneo v. Rumsfeld*,
553 F.2d 1360 (D.C. Cir. 1977) .................... 4

*Davy v. CIA*,
550 F.3d 1155 (D.C. Cir. 2008) .................... 6

*Electronic Frontier Found. v. Dept' of Homeland Sec,*
No. C 12-5580 (PJH), 2014 U.S. Dist. LEXIS 161670 at *17 (N.D. Cal. Nov. 18, 2014) .................... 7

*Env't Def. Fund v. EPA,*
No. 17-cv-02220 (APM), 2022 U.S. Dist. LEXIS 7327, at *9-13 (D.D.C. Jan. 13, 2022) .................... 4

*Fiduccia v. U.S. Dep't of Justice,*
185 F.3d 1035 (9th Cir. 1999) .................... 4

*First Am. Coal. v. U.S. Dep't of Justice,*
878 F.3d 1119 (9th Cir. 2017) .................... 2

*Grand Canyon Trust v. Bernhardt,*
947 F.3d 94 (D.C. Cir. 2020) .................... 2

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ... 7

*Hum. Rights. Def. Ctr. v. Cnty. of Napa*,
No. 20-cv-10296(JCS), 2021 U.S. Dist. LEXIS 59778, at *14 (N.D. Cal. Mar. 28, 2021) ... 10

*Judicial Watch, Inc. v. DOJ*,
878 F. Supp. 2d 225 (D.D.C. 2012) ... 7

*Lohman v. Duryea Borough*,
574 F.3d 163 (3d Cir. 2009) ... 8

*Long v. IRS*,
932 F.2d 1309 (9th Cir. 1991) ... 6

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ... 6

*Open America v. Watergate Special Prosecution Force*,
547 F.2d 605 (D.C. Cir. 1976) ... 4

*Prison Legal News v. Schwarzenegger*,
561 F. Supp. 2d 1095 (N.D. Cal. 2008) ... 10

*U.S. Right to Know v. U.S. Dept. of Health and Human Services, et al.*,
No. 23-cv-04120(PHK) (N.D. Cal. Oct. 9, 2025) ... 6

Yonemoto v. Dep't of Veterans Affairs,
549 Fed. Appx. 627 (9th Cir. 2013) ... 10

**Statutes**

5 U.S.C. § 552 ... 4

5 U.S.C. § 552(a)(4)(E) ... 1, 5

5 U.S.C. § 552(a)(4)(E)(i) ... 8, 9

5 U.S.C. § 552(a)(4)(E)(ii) ... 4

5 U.S.C. § 552(a)(4)(E)(ii)(II) ... 5, 7

5 U.S.C. § 552(a)(6)(C)(i) ... 4

5 U.S.C. § 552(a)(6)(C)(ii) ... 3, 4

OPEN Government Act of 2007, Pub. L. No. 110–175, 1221 Stat. 2524 ... 4

## I. INTRODUCTION

Plaintiff Wild Horse Education (WHE or Plaintiff) respectfully submits the following Reply in support of Plaintiff's Motion for Attorneys' Fees and Costs. Dkt. 50. Defendant Bureau of Land Management's (BLM) Opposition to Plaintiff's Motion for Attorneys' Fees and Costs asks the Court to believe that a FOIA request left *five and a half years* without a determination, an interim release, or a production date was in fact moving steadily toward release, and that full production twenty-two days after suit was coincidence. Dkt. 55. BLM offers no sworn statement to that effect, and its own produced emails state the opposite. Dkt. 55-1, Exhs. 2, 3, 5, 15, 16. Nothing in the record identifies a single step BLM took to release records before Plaintiff sued.

Regarding amount, BLM does not contest Plaintiff's counsel's hourly rate nor the first three entitlement factors. It challenges eight billing entries that total $535. Plaintiff withdraws those and related entries for a total of $1,050 and separately corrects a $525 arithmetic error in local counsel's fees. *See* C.10. BLM's opposition otherwise requests categorical cuts to Plaintiff's requested fees and costs based upon its arbitrary and legally unsupported contentions that (a) Plaintiff is not entitled to compensation outside a six-month window arbitrarily selected by BLM, (b) Plaintiff is not entitled to $16,955 spent in answering BLM's second motion to dismiss, and (c) all fees-related time entries should be cut by 65% across-the-board. The time that BLM asks the Court to strike is time BLM's own choices made necessary. BLM could have resolved the only remaining issue, fees, at any point after August 2025. Instead, it required Plaintiff, and the Court, to work through a motion to dismiss and a cross-motion over a case BLM's own production already mooted. FOIA's fee provision supports requesters whose suit forces compliance and they should not be forced to choose between walking away from their fees and litigating for them. BLM's choices do not support a reason to now cut those fees.

## II. ARGUMENT

### A. Plaintiff is eligible for fees as its lawsuit caused BLM to produce records.

In determining eligibility based on the second prong of 5 U.S.C. § 552(a)(4)(E), whether the agency has had a "voluntary or unilateral change in position," the Court looks to when the records were released, what actually triggered the release, and whether the requester was entitled

to them earlier. *First Am. Coal. v. U.S. Dep't of Justice,* 878 F.3d 1119, 1128–29 (9th Cir. 2017) (*citing Church of Scientology v. U.S. Postal Serv.,* 700 F.2d 486, 491 (9th Cir. 1983)). The D.C. Circuit frames the same inquiry as whether it is more probable than not that the agency would not have produced absent suit. *Grand Canyon Trust v. Bernhardt,* 947 F.3d 94, 97 (D.C. Cir. 2020).

Plaintiff meets either formulation of the test, including the three factors guiding assessment and the "more likely than not" D.C. Circuit standard. *First Am. Coal.,* 878 F.3d at 1128–29; *Grand Canyon Trust,* 947 F.3d at 97. BLM does not argue that WHE's claim was insubstantial, but questions causation. Dkt. 55 at 9–10.[1] Plaintiff does not rely on timing alone to support eligibility, and BLM's exhibits supply what BLM calls the missing "hard evidence." Dkt. 50 at 10, *citing Conserv. Force v. Jewell,* 160 F. Supp. 3d 194, 206 (D.D.C. 2016).

**1. Plaintiff's lawsuit substantially caused BLM's release of records.**

Plaintiff submitted its request on September 28, 2019. Dkt. 50 at 9. BLM produced nothing for five years and five months, then produced 307 pages on April 9, 2025, twenty-two days after Plaintiff filed the complaint, and 21 more pages on July 22, 2025. *Id.* at 10; Dkt. 55 at 3:18–23, 4:10–12. The sequence reflected in BLM's own exhibits, Dkt. 55-1, shows that BLM never invoked an extension under § 552(a)(6)(B). BLM's communications include a promise for "interim releases," an internal directive to search for and submit responsive records by March 30, 2020, assignment of a new tracking number, and multiple threats to close the request. BLM failed to state an estimated completion date, or indicate that responsive records had been located or reviewed. *Id.* at Exhs. 2–5,16. Plaintiff filed this action on March 18, 2025. Dkt. 1. Only 22 days later, on April 9, 2025, BLM issued a 307-page "final response" and forwarded it that same morning to the Solicitor's Office with the notation, "For your record." Dkt. 55-1, Exh. 7.

These exhibits do not show an agency actively responding to a FOIA request. BLM did

[1] This Court need not decide whether the Ninth Circuit requires causation at all. *See* Dkt. 55 at 9, fn. 5 (BLM cites *Cohodes v., United States DOJ,* No. 20-cv-04015-LB, 2025 U.S. Dist. LEXIS 40006, at *14-15 (N.D. Cal. Jan. 24, 2025) for the proposition that causation may be required). In this district, Courts apply the causation standard without resolving whether it governs every case. *See Cohodes,* No. 20-cv-04015-LB, 2025 U.S. Dist. LEXIS 40006, at *14-15 (N.D. Cal. Jan. 24, 2025).

nothing more than issue form letters, and on two occasions, these letters were phrased to close out Ms. Leigh's request unless *she* took further action to keep the claim active. Nor did it realistically take thirteen months to conduct a 3.5 hour search to production that is then complete within twenty-two days, upon the filing of a lawsuit. Dkt. 55-1, Exh. 15. BLM states that the interval reflected a pending withholding review and a lack of a resources. Dkt. 55 at 3:6-10, 12:20-22. No declaration supports this statement and no individual states that the review began on a certain date or who performed the review. Statements within a brief are not evidence. *See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.,* 289 F.3d 589, 593 n. 4 (9th Cir. 2002).[2]

BLM's queue explanation and any allegation of due diligence also fail. In March 2020, BLM communicated to Plaintiff that almost 700 requests were ahead of WHE's request. Dkt. 55-1, Exh. 2. By February 2025, the Support Team was reviewing open requests "filed on or before September 28, 2019." *Id.* at Exh. 16. So, Plaintiff's request, dated September 28, 2019, sat at the far end of the oldest tranche and remained unproduced. If the queue only moved from 700 requests ahead of Plaintiff to Plaintiff's request within five years, that directly rebuts BLM's "reasonable progress in reducing its backlog" required by FOIA. 5 U.S.C. § 552(a)(6)(C)(ii). Nor does this indicate that Plaintiffs' request demonstrates an agency diligently processing, in order. Instead, it shows an agency's order moving so slowly it is indistinguishable from no order at all.

**2. Plaintiff was entitled to the records years earlier.**

BLM identifies no obstacle to release in 2019, 2020, or 2021. *See Church of Scientology v. U.S. Postal Serv.,* 700 F.2d 486, 491 (9th Cir. 1983) (citing entitlement as a third factor to be considered for eligibility). Instead, the agency released 204 of 307 pages in full and withheld the rest only under Exemption 5. Dkt. 55-1, Exh. 6. The third factor substantiates Plaintiff's eligibility, without qualification. *Church of Scientology,* 700 F.2d at 591.

**3. BLM shows only delay, not diligence in reducing FOIA backlog.**

Exceptional circumstances do not include a delay from a predictable agency workload of requests, unless the agency demonstrates reasonable progress in reducing the backlog of pending

[2] BLM filed Exhibits 1-16 without an authenticating declaration, and the cited Witt declaration addresses the alleged adequacy of the search, not any pre-lawsuit review schedule. Dkt. 55 at 3:23-26 (citing Dkt. 34-1, ¶ 6).

requests. 5 U.S.C. § 552(a)(6)(C)(ii). The Ninth Circuit has refused to excuse long delay because of resource constraints. *Fiduccia v. U.S. Dep't of Justice,* 185 F.3d 1035, 1041 (9th Cir. 1999). Length of delay does not defeat eligibility on its own, as even long, unexplained delays have been found to support a causal link once suit forced compliance. *See Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C. Cir. 1977) (causative effect found where, after eight years of litigation, the agency produced the requested information).

BLM relies on *Cox v. U.S. Dep't of Justice,* 601, F.2d 257 (D.C. Cir. 1993), *Open America v. Watergate Special Prosecution Force,* 547 F.2d 605, 612 (D.C. Cir. 1976), and *Church of Scientology v. Harris,* 653 F.2d 584, 588 (D.C. Cir. 1981) for the proposition that "unavoidable delay accompanied by due diligence" defeats causation. Dkt. 55 at 10–11. Those cases stand for the requirement that an agency show *both* delay and due diligence. *See Open America,* 547 F.2d at 616. BLM has shown only the first. And, those decisions also predate the 2017 FOIA amendments. *See* OPEN Government Act of 2007, Pub. L. No. 110–175, 1221 Stat. 2524. This Act wrote the *Open America v. Watergate Special Prosecution Force* stay standard into 5 U.S.C. § 552 and defined its limits: "exceptional circumstances" do not include delay from a predictable agency workload unless the agency demonstrates reasonable progress in reducing its backlog. *See* 5 U.S.C. § 552(a)(6)(C)(i)–(ii). BLM's own emails describe the same backlog in 2020, 2023, and 2025. That is the opposite of reasonable progress.

The circumstances surrounding BLM's disclosure of requested records support Plaintiff's fee eligibility for three reasons. First, BLM's assertion that it "continued to monitor Plaintiff's interest" relies on BLM's form letters inquiring about interest and threatening to close the request, which are the kind of sporadic, non-substantive communications that support causation rather than defeat it. Dkt. 55 at 13; *see Env't Def. Fund v. EPA,* No. 17-cv-02220 (APM), 2022 U.S. Dist. LEXIS 7327, at *9-13 (D.D.C. Jan. 13, 2022) (Plaintiff entitled to fees under 5 U.S.C. § 552(a)(4)(E)(ii), the catalyst theory, and Court notes agency's "nonsubstantive" "sporadic" communications that were cut off before Plaintiff filed suit). An agency "cannot simply cite administrative burdens and thereby automatically avoid paying fees." *Id.* at * 11. Additionally, BLM's point that it "never suggested that it did not intend to comply" proves nothing. Dkt. 55 at

10–11. If that sufficed, no requester who sued over delay could ever be eligible for fee recovery in accordance with 5 U.S.C. § 552(a)(4)(E).

Second, the record includes an unmet internal deadline, an unfulfilled promise of interim releases, and two threatened closures. *See* Part A.1, *supra*. Plaintiff's five-and-a-half-year wait, met with two threats to close the request rather than a single interim release, is not indicative of an agency merely working through a queue in due course. BLM offers only the assertion of delay itself, which is exactly what *Church of Scientology* says does not suffice to defeat eligibility any more than it suffices to establish it. 653 F.2d at 588; *see also Grand Canyon Tr.*, 311 F. Supp. 3d at 389 ("When disclosure is triggered by events unrelated to the pending lawsuit, the causal nexus is missing…").

BLM cites *Grand Canyon Trust*, and the facts of that case are distinguishable. Dkt. 55 at 11. There, the D.C. Circuit held that the particular agency conduct did not support a finding of causation for fees, nor did it support the plaintiff's allegation that the lawsuit "accelerated" production, because "the agencies produced all of the requested documents roughly within the schedules that they had estimated before the litigation began," a record showing "at most a modest acceleration from those earlier predictions." *Grand Canyon Trust,* 947 F.3d at 98. There, both agencies, including BLM, had begun processing before suit, made partial releases before the complaint, and provided the requester predicted completion dates. *Id.* at 97–98. The agency was already doing the work and simply finished a little sooner once sued. It is not demonstrative of the facts of this case where BLM made no partial release, gave no completion date, made no substantive pre-suit communication, and, took no processing step between March 2020 and February 2024.

Finally, the July 2025 production independently confirms causation. BLM's own account is that "upon review of Plaintiff's June 18, 2025, inquiries," it "located an additional 21 pages" and produced them on July 22. Dkt. 55 at 4:10-12. That is a post-suit release, prompted by Plaintiff's counsel, of records that BLM's April production and the Witt declaration had represented to be complete. Dkt. 55 at 3:23-26. Even if the Court had doubt about the April production, this release alone satisfies 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**B. Entitlement to fees is effectively conceded.**

BLM "generally does not contest entitlement under factors one through three" and does not contest that Plaintiff is entitled to fees if eligible. Dkt. 55 at 14:17-19. Its only entitlement-stage objection is to the reasonableness of the amount, which is not an entitlement factor and is addressed below. *Id.* at 14:20-22. To the extent BLM means to argue under the fourth factor that it had a reasonable basis for not disclosing until suit, BLM carries this burden and it must show a colorable basis for the delay. *Davy v. CIA*, 550 F.3d 1155, 1162-63 (D.C. Cir. 2008); Dkt. 50 at 4, 10. Backlog and an unsworn account of good intentions do not carry that burden for a delay of five and a half years. *See* Part A.4, *supra*. And because Plaintiff is a nonprofit seeking records to inform the public, the Ninth Circuit's rule is that fees should generally be awarded. *Long v. IRS*, 932 F.2d 1309, 1316 (9th Cir. 1991) (per curiam).

**C. The requested fees are reasonable.**

**1. BLM's objections are categorical, a disfavored approach.**

On hours, the Ninth Circuit directs courts to defer to the winning lawyer's judgment about the time required, to limit unexplained reductions to a ten percent "haircut," and to require a specific explanation for anything larger, with the burden of specificity resting mainly on the losing party. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112, 1116 (9th Cir. 2008). Where the opponent cannot supply specific reasons, the court should normally award the fee in full or with "no more than a haircut." *Id.* at 1116. Here, BLM does not challenge Plaintiff's hourly rate: $550 for Ms. Blome and Ms. Lovko, $350 for Ms. Rivo and local counsel, $200 for paralegals, $100 for administrative staff.[3] BLM identified specific problems with entries it valued at $535, and Plaintiff withdraws them. *See* Part C.5, *infra*. Everything else BLM asks for is a percentage

[3] Plaintiff provided detailed hourly rates in supporting of the fee motion, Dkt. 50-1, Blome Decl. ¶¶ 30- 33. Plaintiff inadvertently misstated the court's awarded hourly rate in *U.S. Right to Know v. U.S. Dept. of Health and Human Services, et al.,* No. 23-cv-04120(PHK) (N.D. Cal. Oct. 9, 2025). The court found hourly rates of $878 for senior counsel and $777 for counsel with Ms. Rivo's and Ms. Blome's experience to be reasonable for FOIA litigation in a Northern California market with rates comparable to, or higher than, this district. Dkt. 50-1, Blome Decl., ¶ 32 & Ex. B. The $550 and $350 rates requested here are conservative by comparison and are established.

or a date range.[4]

**2. Plaintiff's success was complete, not limited.**

BLM's central reduction argument is that Plaintiff's success "ended" with the July 2025 production, so everything after should be disallowed because the Court granted BLM's motion to dismiss. Dkt. 55 at 16-18. That confuses the relief Plaintiff sought with the vehicle the Court used to moot the case. Plaintiff brought this lawsuit based on BLM's violation of FOIA, failure to determine and produce records, and sought production. Dkt. 17. BLM produced records. The Court dismissed the claim as moot because the records had been produced. Dkt. 46 at 4. This is exactly the circumstance the catalyst provision addresses. 5 U.S.C. § 552(a)(4)(E)(ii)(II). If a mootness dismissal following the agency's post-suit compliance counted as "limited success," no plaintiff could recover fees under the catalyst theory.

Yet, BLM contends that Plaintiff's recovery should be limited based on Plaintiff's alleged "limited success" and "extremely limited relief obtained by Plaintiff." Dkt. 55 at 15–16, *citing Hensley v. Eckerhart,* 461 U.S. 424, 435, 440 (1983). The limited-recovery principle set forth in *Hensley* centers on claims on which a plaintiff lost. *See id.* It does not apply to a single claim that was fully satisfied and it does not provide for reducing a fee because the court did not adopt every argument in support of a successful claim. *Id.*

The cases BLM cites in support of this assertion involved plaintiffs that won some relief and lost discrete issues or motions, often related to the agency's asserted exemptions. Dkt. 55 at 17-18.[5] None of these cases involved a requester who obtained everything it requested. For instance, in *Bloomgarden,* the Court found a reduction in Plaintiff's fee award appropriate where "Plaintiff also spent time raising unproductive and unnecessary issues" including requiring the Court to issue a Memorandum Opinion and moving for a new *Vaughn* index. 253 F. Supp. at 178. There, the government prevailed on a cross-motion for summary judgment where the court

---

[4] BLM challenges an 0.3 hr entry for researching appellate rules ($60) and 0.2 hr calendaring the notice-of-appeal deadline ($40). BLM argues no appeal was filed; such calendaring is ordinary diligence.

[5] BLM cites *Bloomgarden v. United States DOJ,* 253 F. Supp. 36 166, 178 (D.D.C. 2017); *Judicial Watch, Inc. v. DOJ,* 878 F. Supp. 2d 225, 239 (D.D.C. 2012)*; Electronic Frontier Found. v. Dept' of Homeland Sec,* No. C 12-5580(PJH), 2014 U.S. Dist. LEXIS 161670 at *17 (N.D. Cal. Nov. 18, 2014).

held proper withholding of remaining documents. *Id.* Here, the Court held that the case was moot after Plaintiff successfully recovered all requested documents and did not address Plaintiff's argument that the delay in production entitled Plaintiff to declaratory relief. Dkt. 46. at 4-5.

In *Judicial Watch* the court reduced plaintiff's fees for litigating the case because plaintiff's motion for summary judgment unsuccessfully challenged defendant's asserted exemptions, and the court determined that defendant had not properly segregated certain documents. 878 F. Supp. 2d at 231, 239. Here, Plaintiff did not challenge exemptions nor any segregation of documents. Plaintiff was satisfied with BLM's production. And in *Electronic Frontier Found,* plaintiff's limited success stemmed from rejected summary judgment arguments concerning defendant's valid withholdings. *See* No. C 12-5580(PJH), 2014 U.S. Dist. LEXIS 161670 at *17 (N.D. Cal. Nov. 18, 2014); Dkt. 55 at 18:11-18. There is simply no limited success in this case, where BLM produced all requested records.

**3. The litigation did not end in August 2025, and the later time is compensable, including Plaintiff's response to BLM's Motion to Dismiss.**

BLM would cut off compensable time on August 12, 2025, the day Plaintiff told BLM it was satisfied. Dkt. 55. It cites no authority for a date-certain cutoff. FOIA authorizes fees "reasonably incurred in any case" in which the plaintiff substantially prevailed, 5 U.S.C. § 552(a)(4)(E)(i), and the question is whether the hours were reasonable, not when the last record changed hands.

Plaintiff was prepared to end the case in August 2025. *See* Dkt. 55-1, Exh. 10. On August 12th, counsel for Plaintiff told BLM its client was satisfied the litigation could conclude and asked whether BLM would negotiate fees or wanted a motion. *Id*; Dkt. 55 at 5:3-13. All subsequent activity was based on BLM's conduct.[6] BLM asked for billing detail on August 13,

[6] Plaintiff cites BLM's own exhibits on the settlement history only to show the procedural course and to answer BLM's own delay argument below, not to prove the value of the claim. That use is proper under Rule 408(b), which does not bar settlement-related evidence offered to negate a contention of undue delay, and courts have applied it specifically to a court's assessment of a reasonable fee award. Fed. R. Evid. 408(b); *Lohman v. Duryea Borough,* 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award.").

2025, and on August 18, Plaintiff sent a summary of each timekeeper's rate and hours. Dkt. 55-1, Exhs. 10, 11. BLM answered on October 14 with a $4,000 counteroffer and said it would need itemized billing to go higher. *Id.* at Exh. 12. Plaintiff sent itemized entries nine days later, and Plaintiff provided another, lower request than their original. *Id.* at Exh. 13; Dkt. 50-1, ¶ 14. BLM then changed counsel, stipulated to further extensions of its answer date while negotiations continued, and on January 12, 2026 moved to dismiss the First Amended Complaint. Dkt. 50-1, ¶¶ 15-16. Plaintiff asked two days later whether BLM would agree that the Court could retain jurisdiction over fees, and BLM did not agree until its April 2026 reply, nearly three months later. Dkt. 50-1, ¶¶ 16-18. BLM raised its specific objections to entries in this opposition. *See id.*

Plaintiff's answer to BLM's motion was reasonable and necessary, because a prevailing FOIA requester is not required to abandon part of a meritorious fee claim or accept an unreasonably low offer to spare the agency the cost of a fee motion it could have avoided. *See* 5 U.S.C. § 552(a)(4)(E)(i). Plaintiff's opposition and cross-motion defended its ability to seek fees and sought a declaration of BLM's violation. *See* Dkt. 36. Simply because the Court declined declaratory relief does not make the time unreasonable. *Hensley*, 461 U.S. at 435.

**4. BLM's 65% cut to fee-related time is arbitrary.**

Time spent establishing the right to fees and the amount of fees is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). BLM does not argue otherwise. It asks for a 65% cut of $20,890 in fee-related and settlement entries, a figure it says reflects "a generous estimate" of how much Plaintiff prevailed. Dkt. 55 at 24. As detailed in Part C.2, Plaintiff prevailed completely, and a cut far above a ten percent haircut must be explained by reference to particular work. *Moreno*, 534 F.3d at 1112. BLM points to no unnecessary task within those 57 hours.[7]

Courts regularly award fees for work on fee motions that are large in comparison to the fees awarded on the merits. *See, e.g., Bernardi v. Yeutter,* 951 F.2d 971, 977 (9th Cir. 1991) (awarding $65,641.50 for fees work, 58.2% the size of the merits lodestar); *Hum. Rights. Def.*

[7] BLM's table of that time also does not match its text, which describes about 45.7 plus 7.8 hours (53.5) while the table sums to 57.4. *See* Dkt. 55 at 22:27-28, 23:21-28.

*Ctr. v. Cnty. of Napa,* No. 20-cv-10296(JCS), 2021 U.S. Dist. LEXIS 59778, at *14 (N.D. Cal. Mar. 28, 2021) ("The Court also does not agree that the fees for fees request is unreasonable because it amounts to over half of the merits fee request."); *Prison Legal News v. Schwarzenegger,* 561 F. Supp. 2d 1095, 1101–05, 1107 (N.D. Cal. 2008) (granting request for fees with $42,098.38 for fees work, 44.7% the size of the merits lodestar). Here, BLM stresses that fee-related time is a large share of the total. It is, and BLM's own categories demonstrate why. Of Greenfire's 125 hours, about 31 ($12,565) went to the merits of the case. Plaintiff dedicated roughly 36 hours answering BLM's motion to dismiss, and 57 went to fee-related work. Dkt. 55 at 17, 23, 25 n.10. The share of fee-related time is high because BLM's conduct made both the fee motion and this reply motion necessary.

A party that rejects an early, modest demand, counters at a fraction of the claimed lodestar, and identifies no specific objection to any entry until its opposition brief cannot fairly complain that fee litigation grew. BLM cites *Am. Small Bus. League v. SBA*, for proposed reduction of plaintiff's fees based on unreasonable time spent on fee litigation. 2023 U.S. Dist. LEXIS 246831 at *23, *35 (N.D. Cal. Jan. 18, 2023); Dkt. 55 at 22. BLM makes no such showing here. The 46 hours of Ms. Rivo's time, at $350 rather than $550, produced a motion supported by three declarations, market-rate evidence, and an entry-by-entry billing-judgment review of Greenfire's time, as Local Rule 54-14 requires. *See* Dkts. 50, 50-1, 2, 3, 4.[8]

BLM's final argument in support of a 65% cut is that Plaintiff was "neglect[ful]" in not sending itemized entries when negotiations began. Dkt. 55 at 23:9-20. BLM cites no authority requiring a claimant to prepare a detailed fee sheet before any motion is on file. Plaintiff's August 18, 2025, summary provided each timekeeper's rate, hours, position and year of graduation, which is necessary to evaluate a claim of fewer than thirty hours. Dkt. 55-1, Exh. 11. Plaintiff then sent itemized entries on October 23, 2025, and BLM rested on them for eleven months before filing its opposition. Any alleged harm is confined to the roughly ten weeks

[8] BLM cites *Yonemoto v. Dep't of Veterans Affairs,* in support of reducing Plaintiff's fee award, but there, the Court reduced recovery based on the Veterans Affairs' production of documents in response to a discovery request during EEOC proceedings. 549 Fed. Appx. 627, 620 (9th Cir. 2013).

before October 23, 2025. A 65% cut of $20,890 bears no relationship to entries of about $990.

**5. Plaintiff exercises further billing judgment and addresses discrepancies.**

Plaintiff has reviewed the entries BLM challenges and applies further billing judgment. It withdraws costs set forth in the supplemental declaration of Jessica Blome and detailed below, most of which BLM identified and some of which it did not:

*Table 1,* Plaintiff withdraws $1,050 in entries.

| Entry | Amount | Basis |
|---|---|---|
| 3/18/25, San Luis, 1.0 hr, "NV ECF filing fees" | $200 | A cost recorded in hours column; the filing fee is claimed as cost |
| 4/24/25, de la Fuente, 1.0 hr, "USPS Cost of Service" | $100 | Same |
| 5/2/25, Lovko, second 0.1 hr Zoom entry | $55 | Duplicate |
| 2/25/25, Blome, 0.1 hr, "various matters" | $55 | Not limited to this case |
| 2/26/25, Blome, 0.7 hr, "various cases" | $385 | Same (BLM lists this entry as 2/25 and 0.1 hr; Plaintiff withdraws it at its actual value) |
| 2/24/25, Blome, 0.2 hr, "Prepare new matter" | $110 | Intake; consistent with the exclusion of representation-agreement time (Dkt. 50-1 (Blome Decl.) ¶ 34) |
| 8/29/25, Blome, 0.1 hr, accidental filing | $55 | BLM's objection accepted |
| 3/20/25 Wallace, 4/24/25 de la Fuente, 7/25/25 Wallace (0.2, 0.3, 0.1 hr) | $90 | Clerical entries BLM identifies (its table totals $70, its text says $90) |
| **Total** | **$1,050** | |

BLM's other examples of allegedly objectionable entries, the pro hac vice and representation-agreement entries were already excluded by Plaintiff's 100% billing-judgment reductions in Exhibit A, Dkt. 50-1. Dkt. 55 at 6:9-13. BLM's general assertion that other entries are "duplicative, vague, excessive" or block-billed identifies nothing further to reduce, and *Moreno* requires specifics. 534 F.3d at 1112; Dkt. 55 at 6:6-9.

BLM states three experienced attorneys were unnecessary. Dkt. 55 at 24. Ninth Circuit

forbids courts from setting a fee by speculating about how other firms would have staffed a case. *Moreno*, 534 F.3d at 1114-15. The timesheets demonstrate a lean team in a small firm in which Ms. Lovko drafted; Ms. Blome supervised (16.8 hours); the principal paralegal's time totals 12.2 hours; Ms. Rivo's time focused on the fee motion at the lowest attorney rate; and local counsel's time is minimal.[9] Dkt. 50-1, Exh. A. BLM identifies no duplicated task other than the one entry Plaintiff withdraws. It states unnecessary intra-office conferences may be cut but names no conference, and conference entries in Exhibit A are typically 0.1 hour. Dkt. 55 at 24.

*Table 2,* Summary of the parties' positions.

| Category | Amount | BLM's position | Plaintiff's response |
|---|---|---|---|
| Entries BLM specifically challenges | $535 (BLM's figure) | Deduct | Withdraw $1,050 in total |
| Time outside Feb. 15-Aug. 12, 2025 | $39,310 of Greenfire's $50,410 | Exclude the rest | No authority; BLM's conduct extended the case |
| Motion to dismiss and cross-motion | $16,955 | Exclude entirely | Reasonable and necessary; at most a modest reduction |
| Fee-related and settlement time | $20,890 | Cut 65% ($13,578.50) | Compensable; any "neglect" theory reaches approximately $990 |
| Resulting award | $57,585 in fees ($50,585 corrected lodestar + $7,000 reply) and $711.16 in costs requested | About $11,000 to $17,900 in fees | $57,585 in fees and $711.16 costs |

## III. CONCLUSION

Plaintiff respectfully requests that the Court award $57,585 in attorneys' fees, consisting of a corrected lodestar of $50,585 through the filing of the motion plus $7,000 for time reasonably spent on this reply, with billing judgment reduction, as documented in the supporting Blome declaration, and $711.16 in costs for a total of $58,296.16. Blome Decl., Exh. A, ¶¶ 3, 4.

[9] Table 1, Dkt. 55, p. 21, lists local counsel Brent Resh at $350 an hour for 3.5 hours, totaling $1,750. That is an arithmetic error: 3.5 × $350 is $1,225. Mr. Resh's own invoice, filed as Exhibit 1 to his declaration, Dkt. 50-2, confirms 3.5 hours at $350/hour, for $1,225. Plaintiff corrects this figure and reduces the fee request by $525.

DATED: September 29, 2026,

Respectfully Submitted,

*/s/ Brent M. Resh*
BRENT M. RESH
(Nevada Bar No. 14940)
BRENT RESH LAW, PLLC
2401 La Solana Way
Las Vegas, NV 89102
(702) 781-6903
brent@brentreshlaw.com

*/s/ Jessica L. Blome*
JESSICA L. BLOME
(Cal. Bar No. 314898, pro hac vice)
J. RAE LOVKO
(Cal. Bar No. 208855, pro hac vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiff Wild Horse Education*